FILED

FEB 1 0 2009

RICHARD W. WIEKING

**ECFHELPDESK/CAND/09/U SCOURTS**

02/05/2009 08:54 AM

To   CAND IntakeSF/CAND/09/USCOURTS@USCOURTS, DISTRICT COURT
Rufino Santos/CAND/09/USCOURTS@USCOURTS, The OF CALIFORNIA
Borromeo/CAND/09/USCOURTS@USCOURTS

cc

bcc

Subject   Fw: Case ready for transfer

CV 09    0602

MEJ

Begin File Transmission (Court: Alabama Northern; Case: 5:08-cv-01813) ...
Data transfer status message is: OK.

File Transmission Complete ...
Begin File Preparation ...
File Preparation Complete ...
**Transferred data ready for case opening.**

Thank you,

~The ECF Help Desk for the Northern District of California
http://ecf.cand.uscourts.gov

ECF TIP:
You should only scan documents which exist only in paper. All others should be converted to PDF directly from your computer.
For more info, please see our FAQ sections.

----- Forwarded by ECFHELPDESK/CAND/09/USCOURTS on 02/05/2009 08:45 AM -----



**cmecf_ALND@alnd.uscourts. gov**

02/04/2009 01:53 PM

To   InterdistrictTransfer_CAND@cand.uscourts.gov

cc

Subject   Case ready for transfer

```
CASE: 5:08-cv-01813
      Title  : NorthPeak Wireless, LLC v. 3Com Corporation et al
      NOS    : 830 (Patent)
      Cause  : 35:0145 (35:145 Patent Infringement)
REASON: Case is ready for transfer from Northern District of Alabama.

DETAILS: Copy and paste this URL into the Prepare Transferred Case program.

//ecf.alnd.circll.dcn/cgi-bin/TransferDataFile.pl?file=./cand/alnd_508cv01813_
tar.gz&checkSum=59997&fileSize=49176053
```

FILED

2009 Jan-21  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

NORTHPEAK WIRELESS, LLC,

    Plaintiff,

vs.

CASE NO. CV-08-J-1813-NE

3COM CORPORATION, ACER
AMERICA CORPORATION, et al.,

    Defendants.

## ORDER

Pending before the court are defendant Zonet USA Corp's motion to dismiss

for lack of personal jurisdiction and improper venue (doc. 122) and supplemental

submission in support of its motion (doc. 142), defendant Trendnet Systems, Inc.'s

motion to dismiss for lack of personal jurisdiction and improper venue (doc. 123) and

supplemental submission in support of its motion (doc. 143), defendant Trendware

International, Inc.'s motion to dismiss for lack of personal jurisdiction and improper

venue (doc. 124) and supplemental submission in support of its motion (doc. 145),

defendant Zyxel Communications, Inc.'s motion to dismiss for lack of personal

jurisdiction and improper venue (doc. 149), defendants' joint motion to transfer venue

pursuant to 28 U.S.C. § 1404(a) (doc. 169), memorandum in support of said motion

(doc. 170), and declarations in support of said motion (doc. 171), and defendant

Viewsonic's declaration in support of defendants' joint motion to transfer venue (doc.
178). Defendants Zyxel Corporation, Inc., and the joint defendants have filed replies
to the plaintiffs' opposition (doc. 216 and 217).     In response to the foregoing
motions, the plaintiffs filed an opposition and declaration in opposition to defendant
Zonet USA Corporation's motion to dismiss (docs. 185 and 186), an opposition and
declaration in opposition to defendant Trendnet System, Inc.'s motion to dismiss
(docs. 187 and 188), an opposition and declaration in opposition to defendant
Trendware International, Inc.'s motion to dismiss (docs. 189 and 190), an opposition
and declaration in opposition to defendant Zyxel Communication, Inc.'s motion to
dismiss (docs. 191 and 192), and an opposition to defendants' joint motion to transfer
venue (doc. 212).

Having considered the foregoing and all pleadings filed to date, the court finds
as follows:

Plaintiff, a Georgia Limited Liability Company, brought this actions against 31
defendants, two of whom have since been dismissed.[1] None of the remaining 29
defendants are either Alabama corporations or have their principal places of business

[1]Defendant Sony Corporation of America was dismissed from this action on November 5,
2008 (doc. 60). Defendant Toshiba America, Inc., was dismissed on November 12, 2008 (doc.
89).

2

in Alabama. Rather, accepting the allegations of the complaint as true, all but six of the defendants having their principal places of business in California.[2]

The plaintiff is the assignee of two patents. Complaint, ¶¶ 36 and 37. The plaintiff alleges that each of the defendants makes, uses, sells, offers to sell and/or imports products that incorporate the technology which is the subject matter of one or both of the patents in question.

Because the defendants' joint motion to transfer venue pursuant to § 1404(a) is potentially dispositive of the other pending motions, the court considers the joint motion (doc. 169) first. That motion asserts that this action should be transferred to the Northern District of California because no party to this action is based in Alabama, the majority of witnesses and evidence are located in the Northern District of California and no such witnesses or evidence are located in the Northern District of Alabama. Defendants' joint motion (doc. 169) at 1-2. In response, the plaintiff asserts that it, all of its documents, and "critical third-party witnesses" are in locations

---

[2]Defendant 3Com Corporation is an Delaware corporation with its principal place of business in Massachusetts. Complaint, ¶ 2. Defendants Buffalo Technology (USA), Inc., and Dell, Inc., are both Delaware corporations with their principal place of business in Texas. Complaint, ¶¶ 6 and 7. Defendant SEH Technology, Inc., is a Pennsylvania corporation with its principal place of business in Pennsylvania. Complaint, ¶ 18. Defendant U.S. Robotics Corporation is a Delaware corporation with its principal place of business in Illinois. Complaint, ¶ 27. Defendant Watchguard Technologies, Inc., is a Delaware corporation with its principal place of business in Washington. Complaint, ¶ 29.

"convenient" to Alabama.[3]  Plaintiff's response, at 2.  The plaintiff further asserts

that it is headquartered in Atlanta, Georgia, and has witnesses and documents in

Atlanta, Georgia, and Covington, Louisiana.  Plaintiff's response, at 4-6.  The

plaintiff also asserts that "both the Plaintiff and the Defendants have invested time

and effort in this forum preparing to litigate this case."[4]  Plaintiff's response, at 3.

Defendants argue that based on forum non conveniens, codified at 28 U.S.C.

§ 1404(a), this case should be transferred to the Northern District of California.  The

defendants who joined in the joint motion to transfer do not contest that this court has

jurisdiction pursuant to 28 U.S.C. § 1338.  Rather, pursuant to 28 U.S.C. § 1404(a),

this court may, for the "convenience of the parties and witnesses, in the interest of

justice" transfer any civil action "to any other district or division where it might have

been brought."  In their joint motion, the twenty-six defendants who joined all allege

that their witnesses and evidence are located in California.

---

[3]The plaintiff offers no explanation regarding why this case was filed in the Northeastern Division of the Northern District of Alabama.  The court can ascertain no greater connection with the Northeastern Division than any of the other divisions which comprise the Northern District of Alabama, except that plaintiff's counsel are located in the Northeastern Division of the Northern District of Alabama.

[4]In this regard, the plaintiff argues that the parties have agreed to follow Judge Smith's Local Patent Rules...and exchanged draft proposed orders based on Judge Smith's Rules and the Local Rules of the Court."  Plaintiff's response, at 3.  The undersigned is also assigned to the Northeastern Division of the Northern District of Alabama, but until this pleading was unaware that the court had yet another set of local rules, namely, "Local Rules according to Judge Smith."  The court assumes the plaintiff is referring to the Hon. Lynwood C. Smith, and although the undersigned has the utmost respect and admiration for Judge Smith, she is nevertheless not bound to follow the alleged "Local Rules according to Judge Smith."

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. *See Mason v. Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1359 (S.D.Fla.2001)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). The question of whether to transfer venue is a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. *Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F.Supp.2d 1186, 1188-1189 (S.D.Fla.2007).

Under 28 U.S.C. § 1400(b), venue in a patent action lies (1) in the judicial district where the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business. The court finds that the plaintiff certainly could have brought this action in California, despite its protestations otherwise.[5]

---

[5]In fact, defendant Zyxel Communications, Inc.'s pending motion seeks to dismiss this action against it based on the assertion that the Northern District of Alabama lacks personal jurisdiction over defendant Zyxel, and that it has never made any direct sales of any of the relevant products in Alabama. Zyxel's motion to dismiss (doc. 149) at 5. In their motions to dismiss, defendants Trendware International, Inc., a California corporation with its principal place of business in California, and Trendnet Systems, Inc., also California corporation with its principal place of business in California, assert that this court lacks personal jurisdiction over them. *See* docs. 123 and 124. Similarly, defendant Zonet USA Corp., a California corporation with its principal place of business in California, also alleges that this court lacks personal jurisdiction over it, and this action should be dismissed or transferred to the Central District of California. Defendant Zonet USA Corp.'s motion to dismiss (doc. 122).

5

The second prong in examining whether to transfer venue involves an element-by-element analysis, requiring the court to balance private and public factors to determine if transfer is justified. *Mason*, 146 F.Supp.2d at 1359. When determining whether the balance of justice and convenience favors transfer, courts "generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency." *Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F.Supp.2d 1293, 1301 (S.D.Ala.2003) (citation omitted); *see also C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F.Supp.2d 1283, 1286-87 (M.D.Ala.2005) (same). "The decision of whether a case should be transferred under § 1404(a) is an individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc., v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The defendants have the burden of proving the particular inconveniences caused by plaintiff's choice of forum. *Mason*, 146 F.Supp.2d at 1359.

## A. The Plaintiff's Initial Choice of Forum:

Generally, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74

6

F.3d 253, 260 (11ᵗʰ Cir.1996). However, when a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1375-76 (S.D.Fla. 2003). *See also Insuracorp, Inc. v. American Fidelity Assur. Co.*, 914 F.Supp. 504, 505 (M.D.Ala.1996) ("Under normal circumstances, federal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides").

In this case, the plaintiff has not filed this action in its home forum. This factor weighs in favor of transfer.

**B. Convenience of the parties:**

The plaintiff alleges that it is registered to do business in Alabama and "has office space in Birmingham, Alabama."[6] Plaintiff's opposition, at 4. The plaintiff fails to mention any reason the Northern District of Alabama is convenient for it or its witnesses other than its fortuitous placement in the Southeastern United States.[7]

---

[6]The plaintiff fails to explain why it filed the case in the Northeastern Division as opposed to the Southern Division, where the plaintiff has "office space."

[7]The court notes "the Southeastern United States" includes a large geographical region, at least eight states and many more times that number judicial districts.

7

In fact, the plaintiff states only "Northern Alabama is a very convenient forum for Northpeak to litigate this case. In contrast, litigating this case in distant Northern California would be an extreme burden on Northpeak." Plaintiff's opposition, at 6. Plaintiff's counsel are located in the Northeastern Division of the Northern District of Alabama, but convenience to counsel is not an appropriate consideration in a motion to transfer pursuant to § 1404(a). *Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F.Supp.2d 1186, 1190 (S.D.Fla.2007). *See also In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir.2004) ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a).").

In contrast, all but six of the twenty-nine defendants sued are headquartered in California. The plaintiff asserts that "several" of the defendants are registered to do business in Alabama. Plaintiff's opposition, at 7. Plaintiff does provide evidence that eight of the twenty-nine defendants are registered to do business in Alabama. Exhibits G-N to declaration of Ryan Walsh (doc. 213). However, seven of those eight defendants have their principal places of business in California.

Because the vast number of parties to this action are already located in California, this is not a case where a transfer merely shifts the inconvenience from

8

one party to another.  Rather, a transfer would shift the inconvenience from at least twenty-eight parties to no more than two.[8]    The court is of the opinion that the convenience of the parties factor weighs heavily in transferring this case to California.

### C. Convenience of the witnesses:

The plaintiff has failed to state any reason Alabama is any more convenient to witnesses in Louisiana than California.  The court notes airplanes travel both east and west from Louisiana.  The defendants assert that five of the six major technology suppliers which provide defendants with wireless chipsets for the accused products, are locating in Northern California, with the sixth located in California as well. Defendants' joint memorandum in support of their motion, at 3.  The plaintiff responds that there is no explanation as to why this information is relevant. Plaintiff's opposition, at 20.  However, the defendants assert that the technical documentation for the wireless chipsets, within the possession of the chipset suppliers, who are located in California, is highly relevant to the plaintiff's claims. See doc. 171, exhibit C, ¶ 4; exhibit H, ¶ 8; exhibit I, ¶ 7; exhibit J, ¶ 7; exhibit L, ¶

---

[8]The court reached this conclusion by noting that the defendants whose principal places of business are in Massachusetts, Texas (two defendants), Illinois, and Washington, have each joined in the defendants' joint motion to transfer.  The only non-California based defendant who has not joined with the defendants in their motion to transfer is SEH Technology, Inc., a Pennsylvania Corporation.  The court counted defendant SEH and the plaintiff as the two parties not objecting to litigating this matter in Alabama.

8; exhibit M, ¶ 7; exhibit N, ¶ 7; exhibit P, ¶ 7; exhibit Q, ¶ 7; exhibit R, ¶ 7; exhibit T, ¶ 6; exhibit U, ¶ 7; exhibit V, ¶ 7. Assuming such testimony is needed, this court could not compel such third parties' attendance from California.

## D. The Interest of Justice

Section 1404(a) directs the court to consider the "interest of justice." 28 U.S.C. § 1404(a). Although the court may exercise much discretion in this area, the Supreme Court has outlined several criteria to consider. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), superceded by statute on other grounds as recognized in *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F.Supp. 317, 320-21 (S.D.Miss.1989). These criteria include access to evidence, availability of witnesses, the interest of the courts in resolving disputes involving their residents, "and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp.*, 330 U.S. at 508-09; *see also Moore v. McKibbon Bros., Inc.*, 41 F.Supp.2d 1350, 1357 (N.D.Ga.1998). Accordingly, the purpose of the transfer provision "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).

The plaintiff states that "the very acts of patent infringement alleged in the Complaint have occurred in Northern Alabama." Plaintiff's opposition, at 17. In

10

contrast to this statement, the complaint actually alleges that each of the defendants "makes, uses, sells, offers to sell, and/or imports products that incorporate and/or utilize direct sequence spread spectrum wireless technology." Complaint, ¶¶ 40-66. The plaintiff does not allege that any of the products in question are made, sold, offered for sale or imported in the Northern District of Alabama. Rather, the complaint alleges that the defendants are infringing on one or both of the patents in question by "making, using, offering to sell, and/or selling within the United States...." the invention in question; "importing into the United States" the invention in question; "contributing to the infringement of one or more claims... by others in the United States...." and/or "inducing others to infringe" one of the patents in question. Complaint, ¶¶ 68, 72.

The locus of operative facts is a relevant consideration in the determination of what would be in the "interest of justice." For patent infringement actions, the center of the accused activity is the locus of operative facts: "The trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *AMP Incorporated v. Burndy of Midwest, Inc.*, 340 F.Supp. 21, 24-25 (N.D.Ill.1971). By the plaintiff's own allegations, the accused activity occurs throughout the United States. However, considering the majority of

11

the defendants' center of operations, the overwhelming center of the activity in question is California.

Plaintiff's documents, as noted above, are allegedly located in Atlanta and Louisiana. Defendants' documents are concentrated in California, although the court would assume Massachusettes, Texas, Pennsylvania, Illinois, and Washington all have some representation. The court knows of no reason that documents located as listed above would have any easier time finding their way to Alabama than California.

The public interest weighs in favor of transfer. The Supreme Court has noted that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); quoted in *Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir.2003). There is also an interest in "having localized controversies decided at home." *Gulf Oil Corp.*, 330 U.S. at 509, 67 S.Ct. 839; quoted in *Ford*, 319 F.3d at 1307. Plaintiff does not appear to have any special connection to Alabama other than the presence of its attorneys, despite its assertions of convenience. Alabama is geographically closer to Georgia than to California, but so are many other states. Plaintiff's proximity to Alabama does not make this litigation into a "localized controversy." Defendants are mainly Delaware or California entities with their principal places of business in California. Citizens in the Northern District

12

of Alabama have little interest in disputes between foreign businesses and normally should not be burdened by the litigation.

Plaintiff has demonstrated that a minimal number of the defendants are registered to do business in Alabama. However, the plaintiff alleges that defendants have committed acts of infringement not just in the Northern District of Alabama, but "within the United States." No defendants are headquartered in Alabama, none of the defendants' officers reside in Alabama, and certainly none of the defendants have any loci of decision making activities in Alabama. *See* doc. 171, exhibit B, ¶¶ 4-9; exhibit C, ¶¶ 2-3; exhibit D, ¶¶ 3-4; exhibit F, ¶¶ 3-4; exhibit G, ¶¶ 3-5, 9; exhibit H, ¶¶ 2-7; exhibit K, ¶¶ 3-5; exhibit L, ¶¶ 3-7; exhibit M, ¶¶ 3-6; exhibit N, ¶¶ 4-6; exhibit P, ¶¶ 4-6; exhibit R, ¶¶ 3-6; exhibit S, ¶¶ 3-6; exhibit T ¶¶ 3-5; exhibit U, ¶¶ 3-6; exhibit V, ¶¶ 4-6; exhibit Y ¶¶ 5-6. Even though some of the defendants' alleged infringement has occurred in Alabama, these activities are directed from various other states. Overall, this litigation has a stronger connection to California than Alabama. Certainly, the citizens of California have a greater interest in this dispute than the citizens of Alabama.

Another "factor to be considered as to public interest is the administrative difficulties relating to court congestion." *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1378 (S.D.Fla.2003) (citing *Del Monte Fresh Produce Co. v.*

*Dole Food Co.*, 136 F.Supp.2d 1271, 1280 (S.D.Fla.2001)). Plaintiff does allege, repeatedly, that the Northern District of California has one of the busiest patent dockets in the country.[9] Plaintiff's opposition, at 8. However, the same evidence it relies on for this information demonstrates that the Eastern District of Virginia has the shortest median time-to-trial.[10] *See* plaintiff's exhibit C to doc. 213, at 12. In contrast, defendants have provided evidence that the Northern District of California actually has substantially fewer cases per judge and disposed of cases faster than this district. *See* Second Declaration of Avin P. Sharma (doc. 218), exhibits A & B.

Courts have held that in patent infringement cases, when the Plaintiff has not brought suit in its home jurisdiction, the defendant's home jurisdiction in which the majority of development, testing, research, production, and decisions regarding marketing and sales took place is the most convenient venue under § 1404(a). *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F.Supp. 1185 (N.D.Ill.1983) (case transferred to defendant's home jurisdiction, in part because, "all development, testing, research, and production of the subject product ... [and] virtually all marketing and sales

---

[9]In support of this allegation, the plaintiff cites a website for which the court has no assurance as to its accuracy, but the exhibit was interesting reading. Doc. 213, exhibit A.

[10]Interestingly, the same document finds a correlation between damage awards in patent actions and the time to trial, namely that the longer a case takes to come to trial, the higher the damages award. Doc. 213, exhibit C, at 13. Weighing a variety of factors, the same report concluded that the Northern District of California was the twelfth most favorable venue for patent holders to litigate. *Id.*, at 14. The Northern District of Alabama failed to make the top twenty list at all.

decisions were made [in the defendant's home jurisdiction.]"); *Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.*, 6 F.Supp.2d 349, 357-58 (D.N.J.1998) (case transferred to jurisdiction where defendant had its principal place of business, in part because venue "'ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production ... [and] appropriate considerations include the location of the product's development, testing, research and production ... [and] where marketing and sales decisions are made, rather than where limited sales activity has occurred.") (internal citations omitted); *see also Aeroquip Corp. v. Deutsch Co.*, 887 F.Supp. 293, 296 (S.D.Ga.1995)).

The various "interest of justice factors" favor transfer.

Having considered all of the foregoing, and finding that the balancing process weighs considerably in favor of transfer of this case pursuant to 28 U.S.C. § 1404(a);

It is therefore **ORDERED** by the court that defendants' joint motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED,** and this case is **TRANSFERRED** to the United States District Court for the Northern District of California. The court finds defendants Zonet USA Corp.'s motion to dismiss (doc. 122), defendant Trendnet Systems, Inc.'s motion to dismiss (doc. 123), defendant Trendware International, Inc.'s motion to dismiss (doc. 124), and defendant Zyxel

15

Communications, Inc.'s motion to dismiss (doc. 149) to be **MOOT**. The court further finds the plaintiff's motion to file a sur reply (doc. 219) is **MOOT**.

It is further **ORDERED** by the court that the motion to intervene filed by Intel Corporation on January 20, 2009 (doc. 215), remains pending for resolution by the Northern District of California.

**DONE** and **ORDERED** this the 21st day of January, 2009.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

16