JOHN C. HERMAN
RYAN K. WALSH *(Pro Hac Vice)*
JOSEPH BENZ III
JASON S. JACKSON *(Pro Hac Vice)*
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
3424 Peachtree Road, N.E.
Monarch Centre, Suite 1650
Atlanta, Georgia 30326
Telephone:  404-504-6500
Facsimile:  404-504-6501
jherman@csgrr.com
rwalsh@csgrr.com
jbenz@csgrr.com
jjackson@csgrr.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORTHPEAK WIRELESS, LLC, | Case No. 3:09-cv-00602-CRB |
| Plaintiff, | |
| vs. | |
| 3COM CORPORATION, et al., | **PLAINTIFF NORTHPEAK WIRELESS, LLC'S NOTICE OF SERVICE OF AMENDED SUBPOENAS** |
| Defendants. | |

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

2  Plaintiff NorthPeak Wireless, LLP will serve the attached amended subpoenas on Broadcom

3  Corporation; Texas Instruments, Inc.; Flash Electronics, Inc.; Marvell Semiconductor Inc.; Intersil

4  Corporation; Ralink Technology Corporation; and Atheros Communications, Inc.

6  Dated:      April 24, 2009             COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP

8

9  _____
                                          /s/
                                          RYAN K. WALSH

10                                        JOHN C. HERMAN
                                          RYAN K. WALSH *(Pro Hac Vice)*
11                                        E. JOSEPH BENZ III
                                          JASON S. JACKSON *(Pro Hac Vice)*
12                                        Monarch Centre, Suite 1650
                                          3424 Peachtree Road, N.E.
13                                        Atlanta, GA  30326
                                          Telephone: 404/504-6500
14                                        404/504-6501 (fax)
                                          jherman@csgrr.com
15                                        rwalsh@csgrr.com
                                          jbenz@csgrr.com
16                                        jjackson@csgrr.com

17

18                                        Attorneys for Plaintiff
19                                        NORTHPEAK WIRELESS, LLC

20

21

22

23

24

25

26

27

28
PLAINTIFF'S NOTICE OF                     2
SERVICE OF AMENDED
SUBPOENAS

1

2

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel who have entered an appearance in this action.

3

4

5

6

7

8

9

10

11

12

13

                 /s/
             Ryan K. Walsh *(Pro Hac Vice)*
             COUGHLIN STOIA GELLER
               RUDMAN & ROBBINS LLP
             3424 Peachtree Street, N.E.
             Suite 1650
             Atlanta, GA 30326
             (404) 504-6500 (Telephone)
             (404) 504-6501 (Facsimile)
             rwalsh@csgrr.com

             Attorney for Plaintiff
             NORTHPEAK WIRELESS, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF
SERVICE OF AMENDED
SUBPOENAS

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| NorthPeak Wireless, LLC | ) | |
| *Plaintiff* | ) | Civil Action No.  3:09-cv-00602 |
| v. | ) | |
| 3Com Corporation, et al., | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California |

### AMENDED  SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:  Broadcom Corporation, c/o National Registered Agents, Inc., Registered Agent
2875 Michelle Drive, Suite 100, Irvine, CA 92606

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See attached Exhibit A.

| Place:  Coughlin Stoia Geller Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 | Date and Time:<br><br>05/18/2009 9:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___04/23/2009___

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Plaintiff____
____NorthPeak Wireless, LLC____ , who issues or requests this subpoena, are:

Ryan K. Walsh, Coughlin Stoia Geller Rudman & Robbins LLP, 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326; (404) 504-6500; rwalsh@csgrr.com

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   3:09-cv-00602

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

     ❒ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

     ❒ I left the subpoena at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

     ❒ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

     ❒ I returned the subpoena unexecuted because _____ ; or

     ❒ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                               *Server's signature*


                                         _____
                                           *Printed name and title*


                                           _____
                                           *Server's address*


Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*

   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*

   (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;

    (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii). the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv) subjects a person to undue burden.

   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information;

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

    (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*

   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms defined below shall have the following meaning:

1.      The term "document" shall have the broadest possible meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any "electronically stored information." "Documents" and "electronically stored information" specifically includes without limitation all drafts or non-final versions, alterations, modifications, and amendments.

2.      The terms "you," "your," and "Broadcom," shall mean Broadcom Corporation, its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives.

3.      The term "NorthPeak" and "Plaintiff" shall mean plaintiff NorthPeak Wireless, LLC, and its present and former officers, directors, agents, employees, and representatives.

4.      The term "'577 Patent" shall mean U.S. Patent No. 4,977,577, entitled "Wireless Alarm System."

5.      The term "'058 Patent" shall mean U.S. Patent No. 5,987,058, entitled "Wireless Alarm System."

6.      The term "Patents-in-Suit" shall mean the '577 Patent and the '058 Patent.

7.      The term "Axonn" shall mean Axonn Corporation, prior owner of the '577 Patent and '058 Patent, and its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, and representatives.

8.      The terms "business entity" or "entity" shall mean firms, corporations, partnerships, joint ventures, unincorporated associations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.    The term "date" shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you.

10.    The phrase "refer, reflect or relate to," with respect to any given subject, shall mean constituting, containing, embodying, evidencing, reflecting, identifying, stating, dealing with, or in any way pertinent to that subject, including without limitation documents concerning the preparation of other documents.

11.    The term "any" shall be deemed to include and encompass the words "each" and "all." The use of the word "or" shall mean "and" as well as "or."

12.    The term "NorthPeak Litigation" shall mean the above-captioned lawsuit, NorthPeak Wireless, LLC. v. 3Com Corporation, et al., Civil Action No. No. 3:09-cv-00602.

13.    The term "facts" shall mean all facts, details or information of any type acquired by Broadcom, by any means.

14.    The term "communications" shall mean any and all written communications between two or more persons contained in any documents, as that term is defined herein, or oral communications including, but not limited to, telephone communications, personal conferences or meetings between two or more persons.

15.    The term "Product" shall mean any device or component of a device, such as baseband, physical layer, machine layer, media access control, quadrature modulating, intermediate frequency, radio frequency, transmitter, receiver, and/or transceiver devices, that embodies, incorporates, utilizes, and/or is used with or for direct sequence spread spectrum wireless communications, including without limitation wireless networking devices compliant and/or compatible with the IEEE 802.11b standard (such as 802.11b, g and n chips or chipsets) or components thereof .

16.    The term "IEEE" means the Institute for Electrical and Electronics Engineers.

## REQUESTS

1.     Documents sufficient to identify all Products that were sold or in any way provided by Broadcom to each of the entities listed below from January 1, 2001 through November 15, 2008:

      a.     3Com Corporation

      b.     Acer America Corporation

      c.     Asus Computer International Corporation

      d.     Belkin International, Inc.

      e.     Buffalo Technology (USA), Inc.

      f.     Dell, Inc.

      g.     D-Link Systems, Inc.

      h.     Epson America, Inc.

      i.     Fujitsu Computer Systems, Corporation

      j.     Gateway, Inc.

      k.     Hewlett-Packard Company

      l.     IOGEAR, Inc.

      m.     MSI Computer Corporation

      n.     Netgear, Inc.

      o.     Rosewill, Inc.

      p.     SanDisk Corporation

      q.     SMC Networks, Inc.

      r.     SonicWALL, Inc.

      s.     Sony Electronics, Inc.

      t.     Sony Computer Entertainment America, Inc.

u.    Toshiba America Information Systems, Inc.

v.    Trendnet Systems, Inc.

w.    Trendware International, Inc.

x.    U.S. Robotics Corporation

y.    ViewSonic Corporation

z.    WatchGuard Technologies, Inc.

aa.   Zonet USA Corporation

bb.   Zyxel Communications, Inc.

2.    Documents sufficient to identify with specificity the manufacturer and/or commercial source for each of the Products responsive to Request No. 1.

3.    All documents and things, including without limitation technical drawings, sketches, schematic diagrams, or photographs, that refer, reflect, relate to, or evidence the design, development, features, and construction of each Product responsive to Request No. 1.

4.    Representative sample(s) of all advertisements, brochures, correspondence, and/or other documents that have been used by, or on behalf of, Broadcom to promote or market each of the Products responsive to Request No. 1.

5.    For each separate entity listed in Request No. 1, documents sufficient to determine by month, the number of units provided by Broadcom for each particular Product responsive to Request No. 1, and the cost per unit for each product.

6.    All documents that refer, reflect, or relate to either the '577 Patent or the '058 Patent.

7.    All documents that refer, reflect, or relate to Axonn, NorthPeak, or the NorthPeak Litigation.

8.     All documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless any of the entities listed in Request No. 1 for claims related to any Products responsive to that request.

9.     All documents that refer, reflect, or relate to any licenses that cover any Product responsive to Request No. 1.

10.     Source code for any and all Products responsive to Request No. 1.

11.     All documents and things that refer or relate to each and every application or registration filed with the United States Patent and Trademark Office or any state agency, whether valid or not, whether expired or not, whether abandoned or not, filed or acquired by Broadcom with respect to any Product responsive to Request No. 1.

12.     All documents relating to or comprising licenses and prospective licenses negotiated – even if not yet consummated – and licenses considered relating to any Product responsive to Request No. 1.

13.     All documents or things regarding Broadcom's first offer for sale and first sale in the United States of product(s) that incorporate or utilize direct sequence spread spectrum wireless communications technology, including without limitation documents sufficient to determine (1) the date and location of Broadcom's first offer for sale in the United States of these product(s); (2) the date and location of Broadcom's first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

14.     All documents or things regarding Broadcom's first offer for sale and first sale in the United States of product(s) that comply with IEEE standard 802.11b, including without limitation documents sufficient to determine (1) the date and location of Broadcom's first offer

for sale in the United States of these product(s); (2) the date and location of Broadcom's first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

15.     Any and all documents related to market studies regarding any Product responsive to Request No. 1 and/or any product(s) believed by Broadcom to be competitive therewith.

16.     All documents and things regarding Broadcom's participation in or with any IEEE group, such as working and/or standard-setting groups, including but not limited to any IEEE 802.11 group.

17.     All documents and things regarding any information provided to any group responsive to Request No. 16.

18.     All documents and things regarding any patent notices provided to any group responsive to Request No. 16.

19.     All documents and things regarding any information received from any group responsive to Request No. 16.

20.     All documents and things regarding any patent notices received from or as a result of participation in any group responsive to Request No. 16.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Texas

| | |
|---|---|
| NorthPeak Wireless, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| 3Com Corporation, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  3:09-cv-00602

(If the action is pending in another district, state where:

Northern District of California

AMENDED **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES**

To:  Texas Instruments Incorporated, c/o Joseph Hubach, Registered Agent
7839 Churchill Way, Dallas, Texas 75251

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:  See attached Exhibit A.

| Place:  Coughlin Stoia Geller Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 | Date and Time:<br><br>05/18/2009 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  __04/23/2009__

          *CLERK OF COURT*

OR _____

_____      _____
    *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ Plaintiff _____

_____ NorthPeak Wireless, LLC _____ , who issues or requests this subpoena, are:

Ryan K. Walsh, Coughlin Stoia Geller Rudman & Robbins LLP, 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326; (404) 504-6500; rwalsh@csgrr.com

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   3:09-cv-00602

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                          *Server's signature*

                                             _____
                                                          *Printed name and title*


                                             _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms defined below shall have the following meaning:

1.      The term "document" shall have the broadest possible meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any "electronically stored information." "Documents" and "electronically stored information" specifically includes without limitation all drafts or non-final versions, alterations, modifications, and amendments.

2.      The terms "you," "your," and "Texas Instruments," shall mean Texas Instruments Incorporated, its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives.

3.      The term "NorthPeak" and "Plaintiff" shall mean plaintiff NorthPeak Wireless, LLC, and its present and former officers, directors, agents, employees, and representatives.

4.      The term "'577 Patent" shall mean U.S. Patent No. 4,977,577, entitled "Wireless Alarm System."

5.      The term "'058 Patent" shall mean U.S. Patent No. 5,987,058, entitled "Wireless Alarm System."

6.      The term "Patents-in-Suit" shall mean the '577 Patent and the '058 Patent.

7.      The term "Axonn" shall mean Axonn Corporation, prior owner of the '577 Patent and '058 Patent, and its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, and representatives.

8.      The terms "business entity" or "entity" shall mean firms, corporations, partnerships, joint ventures, unincorporated associations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.      The term "date" shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you.

10.      The phrase "refer, reflect or relate to," with respect to any given subject, shall mean constituting, containing, embodying, evidencing, reflecting, identifying, stating, dealing with, or in any way pertinent to that subject, including without limitation documents concerning the preparation of other documents.

11.      The term "any" shall be deemed to include and encompass the words "each" and "all."  The use of the word "or" shall mean "and" as well as "or."

12.      The term "NorthPeak Litigation" shall mean the above-captioned lawsuit, NorthPeak Wireless, LLC. v. 3Com Corporation, et al., Civil Action No. No. 3:09-cv-00602.

13.      The term "facts" shall mean all facts, details or information of any type acquired by Texas Instruments, by any means.

14.      The term "communications" shall mean any and all written communications between two or more persons contained in any documents, as that term is defined herein, or oral communications including, but not limited to, telephone communications, personal conferences or meetings between two or more persons.

15.      The term "Product" shall mean any device or component of a device, such as baseband, physical layer, machine layer, media access control, quadrature modulating, intermediate frequency, radio frequency, transmitter, receiver, and/or transceiver devices, that embodies, incorporates, utilizes, and/or is used with or for direct sequence spread spectrum wireless communications, including without limitation wireless networking devices compliant and/or compatible with the IEEE 802.11b standard (such as 802.11b, g and n chips or chipsets) or components thereof .

16.      The term "IEEE" means the Institute for Electrical and Electronics Engineers.

## REQUESTS

1.    Documents sufficient to identify all Products that were sold or in any way provided by Texas Instruments to each of the entities listed below from January 1, 2001 through November 15, 2008:

    a.    3Com Corporation

    b.    Acer America Corporation

    c.    Asus Computer International Corporation

    d.    Belkin International, Inc.

    e.    Buffalo Technology (USA), Inc.

    f.    Dell, Inc.

    g.    D-Link Systems, Inc.

    h.    Epson America, Inc.

    i.    Fujitsu Computer Systems, Corporation

    j.    Gateway, Inc.

    k.    Hewlett-Packard Company

    l.    IOGEAR, Inc.

    m.    MSI Computer Corporation

    n.    Netgear, Inc.

    o.    Rosewill, Inc.

    p.    SanDisk Corporation

    q.    SMC Networks, Inc.

    r.    SonicWALL, Inc.

    s.    Sony Electronics, Inc.

    t.    Sony Computer Entertainment America, Inc.

     u.       Toshiba America Information Systems, Inc.

     v.       Trendnet Systems, Inc.

     w.      Trendware International, Inc.

     x.       U.S. Robotics Corporation

     y.       ViewSonic Corporation

     z.       WatchGuard Technologies, Inc.

     aa.     Zonet USA Corporation

     bb.     Zyxel Communications, Inc.

2.     Documents sufficient to identify with specificity the manufacturer and/or commercial source for each of the Products responsive to Request No. 1.

3.     All documents and things, including without limitation technical drawings, sketches, schematic diagrams, or photographs, that refer, reflect, relate to, or evidence the design, development, features, and construction of each Product responsive to Request No. 1.

4.     Representative sample(s) of all advertisements, brochures, correspondence, and/or other documents that have been used by, or on behalf of, Texas Instruments to promote or market each of the Products responsive to Request No. 1.

5.     For each separate entity listed in Request No. 1, documents sufficient to determine by month, the number of units provided by Texas Instruments for each particular Product responsive to Request No. 1, and the cost per unit for each product.

6.     All documents that refer, reflect, or relate to either the '577 Patent or the '058 Patent.

7.     All documents that refer, reflect, or relate to Axonn, NorthPeak, or the NorthPeak Litigation.

8.      All documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless any of the entities listed in Request No. 1 for claims related to any Products responsive to that request.

9.      All documents that refer, reflect, or relate to any licenses that cover any Product responsive to Request No. 1.

10.      Source code for any and all Products responsive to Request No. 1.

11.      All documents and things that refer or relate to each and every application or registration filed with the United States Patent and Trademark Office or any state agency, whether valid or not, whether expired or not, whether abandoned or not, filed or acquired by Texas Instruments with respect to any Product responsive to Request No. 1.

12.      All documents relating to or comprising licenses and prospective licenses negotiated – even if not yet consummated – and licenses considered relating to any Product responsive to Request No. 1.

13.      All documents or things regarding Texas Instruments' first offer for sale and first sale in the United States of product(s) that incorporate or utilize direct sequence spread spectrum wireless communications technology, including without limitation documents sufficient to determine (1) the date and location of Texas Instruments' first offer for sale in the United States of these product(s); (2) the date and location of Texas Instruments' first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

14.      All documents or things regarding Texas Instruments' first offer for sale and first sale in the United States of product(s) that comply with IEEE standard 802.11b, including without limitation documents sufficient to determine (1) the date and location of Texas

Instruments' first offer for sale in the United States of these product(s); (2) the date and location

of Texas Instruments' first sale in the United States of these product(s); (3) the identity of these

product(s); and (4) the identity of the entity that first purchased these products.

15.     Any and all documents related to market studies regarding any Product responsive

to Request No. 1 and/or any product(s) believed by Texas Instruments to be competitive

therewith.

16.     All documents and things regarding Texas Instruments' participation in or with

any IEEE group, such as working and/or standard-setting groups, including but not limited to any

IEEE 802.11 group.

17.     All documents and things regarding any information provided to any group

responsive to Request No. 16.

18.     All documents and things regarding any patent notices provided to any group

responsive to Request No. 16.

19.     All documents and things regarding any information received from any group

responsive to Request No. 16.

20.     All documents and things regarding any patent notices received from or as a result

of participation in any group responsive to Request No. 16.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
## for the
Northern District of California

| | |
|---|---|
| NorthPeak Wireless, LLC | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   3:09-cv-00602 |
| 3Com Corporation, et al., | ) |
| | )   (If the action is pending in another district, state where: |
| _Defendant_ | ) |

AMENDED   **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES**

To:  Flash Electronics, Inc., c/o Asteelflash California, Inc., Georges Garic, Registered Agent
     4050 Starboard Drive, Fremont CA 94538

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See attached Exhibit A.

| Place: Coughlin Stoia Geller Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 | Date and Time:<br><br>05/18/2009 09:00 |
|---|---|

❐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:    04/23/2009

|   _CLERK OF COURT_ | OR | |
|---|---|---|
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_         Plaintiff
               NorthPeak Wireless, LLC                    , who issues or requests this subpoena, are:

Ryan K. Walsh, Coughlin Stoia Geller Rudman & Robbins LLP, 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326; (404) 504-6500; rwalsh@csgrr.com

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 3:09-cv-00602

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

❑ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms defined below shall have the following meaning:

1.     The term "document" shall have the broadest possible meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any "electronically stored information." "Documents" and "electronically stored information" specifically includes without limitation all drafts or non-final versions, alterations, modifications, and amendments.

2.     The terms "you," "your," and "Flash Electronics," shall mean Flash Electronics, Inc., its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives.

3.     The term "NorthPeak" and "Plaintiff" shall mean plaintiff NorthPeak Wireless, LLC, and its present and former officers, directors, agents, employees, and representatives.

4.     The term "'577 Patent" shall mean U.S. Patent No. 4,977,577, entitled "Wireless Alarm System."

5.     The term "'058 Patent" shall mean U.S. Patent No. 5,987,058, entitled "Wireless Alarm System."

6.     The term "Patents-in-Suit" shall mean the '577 Patent and the '058 Patent.

7.     The term "Axonn" shall mean Axonn Corporation, prior owner of the '577 Patent and '058 Patent, and its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, and representatives.

8.     The terms "business entity" or "entity" shall mean firms, corporations, partnerships, joint ventures, unincorporated associations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.      The term "date" shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you.

10.     The phrase "refer, reflect or relate to," with respect to any given subject, shall mean constituting, containing, embodying, evidencing, reflecting, identifying, stating, dealing with, or in any way pertinent to that subject, including without limitation documents concerning the preparation of other documents.

11.     The term "any" shall be deemed to include and encompass the words "each" and "all." The use of the word "or" shall mean "and" as well as "or."

12.     The term "NorthPeak Litigation" shall mean the above-captioned lawsuit, NorthPeak Wireless, LLC. v. 3Com Corporation, et al., Civil Action No. No. 3:09-cv-00602.

13.     The term "facts" shall mean all facts, details or information of any type acquired by Flash Electronics, by any means.

14.     The term "communications" shall mean any and all written communications between two or more persons contained in any documents, as that term is defined herein, or oral communications including, but not limited to, telephone communications, personal conferences or meetings between two or more persons.

15.     The term "Product" shall mean any device or component of a device, such as baseband, physical layer, machine layer, media access control, quadrature modulating, intermediate frequency, radio frequency, transmitter, receiver, and/or transceiver devices, that embodies, incorporates, utilizes, and/or is used with or for direct sequence spread spectrum wireless communications, including without limitation wireless networking devices compliant and/or compatible with the IEEE 802.11b standard (such as 802.11b, g and n chips or chipsets) or components thereof .

16.     The term "IEEE" means the Institute for Electrical and Electronics Engineers.

## REQUESTS

1.     Documents sufficient to identify all Products that were sold or in any way provided by Flash Electronics to each of the entities listed below from January 1, 2001 through November 15, 2008:

        a.     3Com Corporation

        b.     Acer America Corporation

        c.     Asus Computer International Corporation

        d.     Belkin International, Inc.

        e.     Buffalo Technology (USA), Inc.

        f.     Dell, Inc.

        g.     D-Link Systems, Inc.

        h.     Epson America, Inc.

        i.     Fujitsu Computer Systems, Corporation

        j.     Gateway, Inc.

        k.     Hewlett-Packard Company

        l.     IOGEAR, Inc.

        m.     MSI Computer Corporation

        n.     Netgear, Inc.

        o.     Rosewill, Inc.

        p.     SanDisk Corporation

        q.     SMC Networks, Inc.

        r.     SonicWALL, Inc.

        s.     Sony Electronics, Inc.

        t.     Sony Computer Entertainment America, Inc.

u.      Toshiba America Information Systems, Inc.

v.      Trendnet Systems, Inc.

w.      Trendware International, Inc.

x.      U.S. Robotics Corporation

y.      ViewSonic Corporation

z.      WatchGuard Technologies, Inc.

aa.     Zonet USA Corporation

bb.     Zyxel Communications, Inc.

2.      Documents sufficient to identify with specificity the manufacturer and/or commercial source for each of the Products responsive to Request No. 1.

3.      All documents and things, including without limitation technical drawings, sketches, schematic diagrams, or photographs, that refer, reflect, relate to, or evidence the design, development, features, and construction of each Product responsive to Request No. 1.

4.      Representative sample(s) of all advertisements, brochures, correspondence, and/or other documents that have been used by, or on behalf of, Flash Electronics to promote or market each of the Products responsive to Request No. 1.

5.      For each separate entity listed in Request No. 1, documents sufficient to determine by month, the number of units provided by Flash Electronics for each particular Product responsive to Request No. 1, and the cost per unit for each product.

6.      All documents that refer, reflect, or relate to either the '577 Patent or the '058 Patent.

7.      All documents that refer, reflect, or relate to Axonn, NorthPeak, or the NorthPeak Litigation.

8.      All documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless any of the entities listed in Request No. 1 for claims related to any Products responsive to that request.

9.      All documents that refer, reflect, or relate to any licenses that cover any Product responsive to Request No. 1.

10.     Source code for any and all Products responsive to Request No. 1.

11.     All documents and things that refer or relate to each and every application or registration filed with the United States Patent and Trademark Office or any state agency, whether valid or not, whether expired or not, whether abandoned or not, filed or acquired by Flash Electronics with respect to any Product responsive to Request No. 1.

12.     All documents relating to or comprising licenses and prospective licenses negotiated – even if not yet consummated -- and licenses considered relating to any Product responsive to Request No. 1.

13.     All documents or things regarding Flash Electronics' first offer for sale and first sale in the United States of product(s) that incorporate or utilize direct sequence spread spectrum wireless communications technology, including without limitation documents sufficient to determine (1) the date and location of Flash Electronics' first offer for sale in the United States of these product(s); (2) the date and location of Flash Electronics' first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

14.     All documents or things regarding Flash Electronics' first offer for sale and first sale in the United States of product(s) that comply with IEEE standard 802.11b, including without limitation documents sufficient to determine (1) the date and location of Flash

Electronics' first offer for sale in the United States of these product(s); (2) the date and location of Flash Electronics' first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

15.    Any and all documents related to market studies regarding any Product responsive to Request No. 1 and/or any product(s) believed by Flash Electronics to be competitive therewith.

16.    All documents and things regarding Flash Electronics' participation in or with any IEEE group, such as working and/or standard-setting groups, including but not limited to any IEEE 802.11 group.

17.    All documents and things regarding any information provided to any group responsive to Request No. 16.

18.    All documents and things regarding any patent notices provided to any group responsive to Request No. 16.

19.    All documents and things regarding any information received from any group responsive to Request No. 16.

20.    All documents and things regarding any patent notices received from or as a result of participation in any group responsive to Request No. 16.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| NorthPeak Wireless, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:09-cv-00602 |
| 3Com Corporation, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

AMENDED **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES**

To: Marvell Semiconductor Inc., c/o CT Corporation System, Registered Agent
818 West Seventh Street, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Coughlin Stoia Geller Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 | Date and Time:<br><br>05/18/2009 09:00 |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/23/2009

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Plaintiff____
____NorthPeak Wireless, LLC____, who issues or requests this subpoena, are:

Ryan K. Walsh, Coughlin Stoia Geller Rudman & Robbins LLP, 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326; (404) 504-6500; rwalsh@csgrr.com

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   3:09-cv-00602

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the subpoena at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because _____ ; or

❒ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms defined below shall have the following meaning:

1.      The term "document" shall have the broadest possible meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any "electronically stored information." "Documents" and "electronically stored information" specifically includes without limitation all drafts or non-final versions, alterations, modifications, and amendments.

2.      The terms "you," "your," and "Marvell," shall mean Marvell Semiconductor Inc., its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives.

3.      The term "NorthPeak" and "Plaintiff" shall mean plaintiff NorthPeak Wireless, LLC, and its present and former officers, directors, agents, employees, and representatives.

4.      The term "'577 Patent" shall mean U.S. Patent No. 4,977,577, entitled "Wireless Alarm System."

5.      The term "'058 Patent" shall mean U.S. Patent No. 5,987,058, entitled "Wireless Alarm System."

6.      The term "Patents-in-Suit" shall mean the '577 Patent and the '058 Patent.

7.      The term "Axonn" shall mean Axonn Corporation, prior owner of the '577 Patent and '058 Patent, and its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, and representatives.

8.      The terms "business entity" or "entity" shall mean firms, corporations, partnerships, joint ventures, unincorporated associations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.      The term "date" shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you.

10.     The phrase "refer, reflect or relate to," with respect to any given subject, shall mean constituting, containing, embodying, evidencing, reflecting, identifying, stating, dealing with, or in any way pertinent to that subject, including without limitation documents concerning the preparation of other documents.

11.     The term "any" shall be deemed to include and encompass the words "each" and "all." The use of the word "or" shall mean "and" as well as "or."

12.     The term "NorthPeak Litigation" shall mean the above-captioned lawsuit, NorthPeak Wireless, LLC. v. 3Com Corporation, et al., Civil Action No. No. 3:09-cv-00602.

13.     The term "facts" shall mean all facts, details or information of any type acquired by Marvell, by any means.

14.     The term "communications" shall mean any and all written communications between two or more persons contained in any documents, as that term is defined herein, or oral communications including, but not limited to, telephone communications, personal conferences or meetings between two or more persons.

15.     The term "Product" shall mean any device or component of a device, such as baseband, physical layer, machine layer, media access control, quadrature modulating, intermediate frequency, radio frequency, transmitter, receiver, and/or transceiver devices, that embodies, incorporates, utilizes, and/or is used with or for direct sequence spread spectrum wireless communications, including without limitation wireless networking devices compliant and/or compatible with the IEEE 802.11b standard (such as 802.11b, g and n chips or chipsets) or components thereof .

16.     The term "IEEE" means the Institute for Electrical and Electronics Engineers.

## REQUESTS

1.      Documents sufficient to identify all Products that were sold or in any way provided by Marvell to each of the entities listed below from January 1, 2001 through November 15, 2008:

      a.      3Com Corporation

      b.      Acer America Corporation

      c.      Asus Computer International Corporation

      d.      Belkin International, Inc.

      e.      Buffalo Technology (USA), Inc.

      f.      Dell, Inc.

      g.      D-Link Systems, Inc.

      h.      Epson America, Inc.

      i.      Fujitsu Computer Systems, Corporation

      j.      Gateway, Inc.

      k.      Hewlett-Packard Company

      l.      IOGEAR, Inc.

      m.      MSI Computer Corporation

      n.      Netgear, Inc.

      o.      Rosewill, Inc.

      p.      SanDisk Corporation

      q.      SMC Networks, Inc.

      r.      SonicWALL, Inc.

      s.      Sony Electronics, Inc.

      t.      Sony Computer Entertainment America, Inc.

    u.       Toshiba America Information Systems, Inc.

    v.       Trendnet Systems, Inc.

    w.      Trendware International, Inc.

    x.       U.S. Robotics Corporation

    y.       ViewSonic Corporation

    z.       WatchGuard Technologies, Inc.

    aa.     Zonet USA Corporation

    bb.     Zyxel Communications, Inc.

2.     Documents sufficient to identify with specificity the manufacturer and/or commercial source for each of the Products responsive to Request No. 1.

3.     All documents and things, including without limitation technical drawings, sketches, schematic diagrams, or photographs, that refer, reflect, relate to, or evidence the design, development, features, and construction of each Product responsive to Request No. 1.

4.     Representative sample(s) of all advertisements, brochures, correspondence, and/or other documents that have been used by, or on behalf of, Marvell to promote or market each of the Products responsive to Request No. 1.

5.     For each separate entity listed in Request No. 1, documents sufficient to determine by month, the number of units provided by Marvell for each particular Product responsive to Request No. 1, and the cost per unit for each product.

6.     All documents that refer, reflect, or relate to either the '577 Patent or the '058 Patent.

7.     All documents that refer, reflect, or relate to Axonn, NorthPeak, or the NorthPeak Litigation.

8.      All documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless any of the entities listed in Request No. 1 for claims related to any Products responsive to that request.

9.      All documents that refer, reflect, or relate to any licenses that cover any Product responsive to Request No. 1.

10.     Source code for any and all Products responsive to Request No. 1.

11.     All documents and things that refer or relate to each and every application or registration filed with the United States Patent and Trademark Office or any state agency, whether valid or not, whether expired or not, whether abandoned or not, filed or acquired by Marvell with respect to any Product responsive to Request No. 1.

12.     All documents relating to or comprising licenses and prospective licenses negotiated – even if not yet consummated – and licenses considered relating to any Product responsive to Request No. 1.

13.     All documents or things regarding Marvell's first offer for sale and first sale in the United States of product(s) that incorporate or utilize direct sequence spread spectrum wireless communications technology, including without limitation documents sufficient to determine (1) the date and location of Marvell's first offer for sale in the United States of these product(s); (2) the date and location of Marvell's first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

14.     All documents or things regarding Marvell's first offer for sale and first sale in the United States of product(s) that comply with IEEE standard 802.11b, including without limitation documents sufficient to determine (1) the date and location of Marvell's first offer for sale in the United States of these product(s); (2) the date and location of Marvell's first sale in

the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

15.     Any and all documents related to market studies regarding any Product responsive to Request No. 1 and/or any product(s) believed by Marvell to be competitive therewith.

16.     All documents and things regarding Marvell's participation in or with any IEEE group, such as working and/or standard-setting groups, including but not limited to any IEEE 802.11 group.

17.     All documents and things regarding any information provided to any group responsive to Request No. 16.

18.     All documents and things regarding any patent notices provided to any group responsive to Request No. 16.

19.     All documents and things regarding any information received from any group responsive to Request No. 16.

20.     All documents and things regarding any patent notices received from or as a result of participation in any group responsive to Request No. 16.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

### for the

Northern District of California

| | |
|---|---|
| NorthPeak Wireless, LLC<br>*Plaintiff*<br>v.<br>3Com Corporation, et al.,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  3:09-cv-00602

(If the action is pending in another district, state where:

## AMENDED  SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To:  Intersil Corporation, c/o CT Corporation System, Registered Agent
818 West Seventh Street, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Coughlin Stoia Geller Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 | Date and Time:<br><br>05/18/2009 09:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  04/23/2009

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Plaintiff
        NorthPeak Wireless, LLC        , who issues or requests this subpoena, are:

Ryan K. Walsh, Coughlin Stoia Geller Rudman & Robbins LLP, 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326; (404) 504-6500; rwalsh@csgrr.com

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   3:09-cv-00602

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                        *Server's signature*

                                           _____
                                                        *Printed name and title*


                                           _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;

      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      **(iv)** subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      **(i)** expressly make the claim; and

      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms defined below shall have the following meaning:

1.      The term "document" shall have the broadest possible meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any "electronically stored information." "Documents" and "electronically stored information" specifically includes without limitation all drafts or non-final versions, alterations, modifications, and amendments.

2.      The terms "you," "your," and "Intersil," shall mean Intersil Corporation, its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives.

3.      The term "NorthPeak" and "Plaintiff" shall mean plaintiff NorthPeak Wireless, LLC, and its present and former officers, directors, agents, employees, and representatives.

4.      The term "'577 Patent" shall mean U.S. Patent No. 4,977,577, entitled "Wireless Alarm System."

5.      The term "'058 Patent" shall mean U.S. Patent No. 5,987,058, entitled "Wireless Alarm System."

6.      The term "Patents-in-Suit" shall mean the '577 Patent and the '058 Patent.

7.      The term "Axonn" shall mean Axonn Corporation, prior owner of the '577 Patent and '058 Patent, and its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, and representatives.

8.      The terms "business entity" or "entity" shall mean firms, corporations, partnerships, joint ventures, unincorporated associations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.      The term "date" shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you.

10.     The phrase "refer, reflect or relate to," with respect to any given subject, shall mean constituting, containing, embodying, evidencing, reflecting, identifying, stating, dealing with, or in any way pertinent to that subject, including without limitation documents concerning the preparation of other documents.

11.     The term "any" shall be deemed to include and encompass the words "each" and "all." The use of the word "or" shall mean "and" as well as "or."

12.     The term "NorthPeak Litigation" shall mean the above-captioned lawsuit, NorthPeak Wireless, LLC. v. 3Com Corporation, et al., Civil Action No. No. 3:09-cv-00602.

13.     The term "facts" shall mean all facts, details or information of any type acquired by Intersil, by any means.

14.     The term "communications" shall mean any and all written communications between two or more persons contained in any documents, as that term is defined herein, or oral communications including, but not limited to, telephone communications, personal conferences or meetings between two or more persons.

15.     The term "Product" shall mean any device or component of a device, such as baseband, physical layer, machine layer, media access control, quadrature modulating, intermediate frequency, radio frequency, transmitter, receiver, and/or transceiver devices, that embodies, incorporates, utilizes, and/or is used with or for direct sequence spread spectrum wireless communications, including without limitation wireless networking devices compliant and/or compatible with the IEEE 802.11b standard (such as 802.11b, g and n chips or chipsets) or components thereof .

16.     The term "IEEE" means the Institute for Electrical and Electronics Engineers.

## REQUESTS

1.      Documents sufficient to identify all Products that were sold or in any way provided by Intersil to each of the entities listed below from January 1, 2001 through November 15, 2008:

      a.      3Com Corporation

      b.      Acer America Corporation

      c.      Asus Computer International Corporation

      d.      Belkin International, Inc.

      e.      Buffalo Technology (USA), Inc.

      f.      Dell, Inc.

      g.      D-Link Systems, Inc.

      h.      Epson America, Inc.

      i.      Fujitsu Computer Systems, Corporation

      j.      Gateway, Inc.

      k.      Hewlett-Packard Company

      l.      IOGEAR, Inc.

      m.      MSI Computer Corporation

      n.      Netgear, Inc.

      o.      Rosewill, Inc.

      p.      SanDisk Corporation

      q.      SMC Networks, Inc.

      r.      SonicWALL, Inc.

      s.      Sony Electronics, Inc.

      t.      Sony Computer Entertainment America, Inc.

u.      Toshiba America Information Systems, Inc.

v.      Trendnet Systems, Inc.

w.      Trendware International, Inc.

x.      U.S. Robotics Corporation

y.      ViewSonic Corporation

z.      WatchGuard Technologies, Inc.

aa.     Zonet USA Corporation

bb.     Zyxel Communications, Inc.

2.      Documents sufficient to identify with specificity the manufacturer and/or commercial source for each of the Products responsive to Request No. 1.

3.      All documents and things, including without limitation technical drawings, sketches, schematic diagrams, or photographs, that refer, reflect, relate to, or evidence the design, development, features, and construction of each Product responsive to Request No. 1.

4.      Representative sample(s) of all advertisements, brochures, correspondence, and/or other documents that have been used by, or on behalf of, Intersil to promote or market each of the Products responsive to Request No. 1.

5.      For each separate entity listed in Request No. 1, documents sufficient to determine by month, the number of units provided by Intersil for each particular Product responsive to Request No. 1, and the cost per unit for each product.

6.      All documents that refer, reflect, or relate to either the '577 Patent or the '058 Patent.

7.      All documents that refer, reflect, or relate to Axonn, NorthPeak, or the NorthPeak Litigation.

8.      All documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless any of the entities listed in Request No. 1 for claims related to any Products responsive to that request.

9.      All documents that refer, reflect, or relate to any licenses that cover any Product responsive to Request No. 1.

10.      Source code for any and all Products responsive to Request No. 1.

11.      All documents and things that refer or relate to each and every application or registration filed with the United States Patent and Trademark Office or any state agency, whether valid or not, whether expired or not, whether abandoned or not, filed or acquired by Intersil with respect to any Product responsive to Request No. 1.

12.      All documents relating to or comprising licenses and prospective licenses negotiated – even if not yet consummated – and licenses considered relating to any Product responsive to Request No. 1.

13.      All documents or things regarding Intersil's first offer for sale and first sale in the United States of product(s) that incorporate or utilize direct sequence spread spectrum wireless communications technology, including without limitation documents sufficient to determine (1) the date and location of Intersil's first offer for sale in the United States of these product(s); (2) the date and location of Intersil's first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

14.      All documents or things regarding Intersil's first offer for sale and first sale in the United States of product(s) that comply with IEEE standard 802.11b, including without limitation documents sufficient to determine (1) the date and location of Intersil's first offer for sale in the United States of these product(s); (2) the date and location of Intersil's first sale in the

United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

15.     Any and all documents related to market studies regarding any Product responsive to Request No. 1 and/or any product(s) believed by Intersil to be competitive therewith.

16.     All documents and things regarding Intersil's participation in or with any IEEE group, such as working and/or standard-setting groups, including but not limited to any IEEE 802.11 group.

17.     All documents and things regarding any information provided to any group responsive to Request No. 16.

18.     All documents and things regarding any patent notices provided to any group responsive to Request No. 16.

19.     All documents and things regarding any information received from any group responsive to Request No. 16.

20.     All documents and things regarding any patent notices received from or as a result of participation in any group responsive to Request No. 16.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| NorthPeak Wireless, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| 3Com Corporation, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:09-cv-00602

(If the action is pending in another district, state where:

## AMENDED **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES**

To:  Ralink Technology Corporation, c/o Lo Chungwen Dennis, Registered Agent
     20833 Stevens Creek Blvd., Suite 200, Cupertino, CA 95014

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place:  Coughlin Stoia Geller Rudman & Robbins LLP<br>100 Pine Street, Suite 2600<br>San Francisco, CA 94111 | Date and Time:<br><br>05/18/2009 09:00 |
|---|---|

&#9723; *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___04/23/2009___

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  ___Plaintiff___
___NorthPeak Wireless, LLC___, who issues or requests this subpoena, are:

Ryan K. Walsh, Coughlin Stoia Geller Rudman & Robbins LLP, 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326; (404) 504-6500; rwalsh@csgrr.com

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   3:09-cv-00602

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because _____ ; or

❒ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                *Server's signature*

                               _____
                                                *Printed name and title*


                               _____
                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms defined below shall have the following meaning:

1.      The term "document" shall have the broadest possible meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any "electronically stored information." "Documents" and "electronically stored information" specifically includes without limitation all drafts or non-final versions, alterations, modifications, and amendments.

2.      The terms "you," "your," and "Ralink," shall mean Ralink Technology Corporation, its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives.

3.      The term "NorthPeak" and "Plaintiff" shall mean plaintiff NorthPeak Wireless, LLC, and its present and former officers, directors, agents, employees, and representatives.

4.      The term "'577 Patent" shall mean U.S. Patent No. 4,977,577, entitled "Wireless Alarm System."

5.      The term "'058 Patent" shall mean U.S. Patent No. 5,987,058, entitled "Wireless Alarm System."

6.      The term "Patents-in-Suit" shall mean the '577 Patent and the '058 Patent.

7.      The term "Axonn" shall mean Axonn Corporation, prior owner of the '577 Patent and '058 Patent, and its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, and representatives.

8.      The terms "business entity" or "entity" shall mean firms, corporations, partnerships, joint ventures, unincorporated associations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.      The term "date" shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you.

10.     The phrase "refer, reflect or relate to," with respect to any given subject, shall mean constituting, containing, embodying, evidencing, reflecting, identifying, stating, dealing with, or in any way pertinent to that subject, including without limitation documents concerning the preparation of other documents.

11.     The term "any" shall be deemed to include and encompass the words "each" and "all." The use of the word "or" shall mean "and" as well as "or."

12.     The term "NorthPeak Litigation" shall mean the above-captioned lawsuit, NorthPeak Wireless, LLC. v. 3Com Corporation, et al., Civil Action No. No. 3:09-cv-00602.

13.     The term "facts" shall mean all facts, details or information of any type acquired by Ralink, by any means.

14.     The term "communications" shall mean any and all written communications between two or more persons contained in any documents, as that term is defined herein, or oral communications including, but not limited to, telephone communications, personal conferences or meetings between two or more persons.

15.     The term "Product" shall mean any device or component of a device, such as baseband, physical layer, machine layer, media access control, quadrature modulating, intermediate frequency, radio frequency, transmitter, receiver, and/or transceiver devices, that embodies, incorporates, utilizes, and/or is used with or for direct sequence spread spectrum wireless communications, including without limitation wireless networking devices compliant and/or compatible with the IEEE 802.11b standard (such as 802.11b, g and n chips or chipsets) or components thereof .

16.     The term "IEEE" means the Institute for Electrical and Electronics Engineers.

## REQUESTS

1.    Documents sufficient to identify all Products that were sold or in any way provided by Ralink to each of the entities listed below from January 1, 2001 through November 15, 2008:

      a.      3Com Corporation

      b.      Acer America Corporation

      c.      Asus Computer International Corporation

      d.      Belkin International, Inc.

      e.      Buffalo Technology (USA), Inc.

      f.      Dell, Inc.

      g.      D-Link Systems, Inc.

      h.      Epson America, Inc.

      i.      Fujitsu Computer Systems, Corporation

      j.      Gateway, Inc.

      k.      Hewlett-Packard Company

      l.      IOGEAR, Inc.

      m.      MSI Computer Corporation

      n.      Netgear, Inc.

      o.      Rosewill, Inc.

      p.      SanDisk Corporation

      q.      SMC Networks, Inc.

      r.      SonicWALL, Inc.

      s.      Sony Electronics, Inc.

      t.      Sony Computer Entertainment America, Inc.

u.      Toshiba America Information Systems, Inc.

v.      Trendnet Systems, Inc.

w.      Trendware International, Inc.

x.      U.S. Robotics Corporation

y.      ViewSonic Corporation

z.      WatchGuard Technologies, Inc.

aa.     Zonet USA Corporation

bb.     Zyxel Communications, Inc.

2.      Documents sufficient to identify with specificity the manufacturer and/or commercial source for each of the Products responsive to Request No. 1.

3.      All documents and things, including without limitation technical drawings, sketches, schematic diagrams, or photographs, that refer, reflect, relate to, or evidence the design, development, features, and construction of each Product responsive to Request No. 1.

4.      Representative sample(s) of all advertisements, brochures, correspondence, and/or other documents that have been used by, or on behalf of, Ralink to promote or market each of the Products responsive to Request No. 1.

5.      For each separate entity listed in Request No. 1, documents sufficient to determine by month, the number of units provided by Ralink for each particular Product responsive to Request No. 1, and the cost per unit for each product.

6.      All documents that refer, reflect, or relate to either the '577 Patent or the '058 Patent.

7.      All documents that refer, reflect, or relate to Axonn, NorthPeak, or the NorthPeak Litigation.

8.      All documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless any of the entities listed in Request No. 1 for claims related to any Products responsive to that request.

9.      All documents that refer, reflect, or relate to any licenses that cover any Product responsive to Request No. 1.

10.     Source code for any and all Products responsive to Request No. 1.

11.     All documents and things that refer or relate to each and every application or registration filed with the United States Patent and Trademark Office or any state agency, whether valid or not, whether expired or not, whether abandoned or not, filed or acquired by Ralink with respect to any Product responsive to Request No. 1.

12.     All documents relating to or comprising licenses and prospective licenses negotiated – even if not yet consummated – and licenses considered relating to any Product responsive to Request No. 1.

13.     All documents or things regarding Ralink's first offer for sale and first sale in the United States of product(s) that incorporate or utilize direct sequence spread spectrum wireless communications technology, including without limitation documents sufficient to determine (1) the date and location of Ralink's first offer for sale in the United States of these product(s); (2) the date and location of Ralink's first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

14.     All documents or things regarding Ralink's first offer for sale and first sale in the United States of product(s) that comply with IEEE standard 802.11b, including without limitation documents sufficient to determine (1) the date and location of Ralink's first offer for sale in the United States of these product(s); (2) the date and location of Ralink's first sale in the

United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

15.     Any and all documents related to market studies regarding any Product responsive to Request No. 1 and/or any product(s) believed by Ralink to be competitive therewith.

16.     All documents and things regarding Ralink's participation in or with any IEEE group, such as working and/or standard-setting groups, including but not limited to any IEEE 802.11 group.

17.     All documents and things regarding any information provided to any group responsive to Request No. 16.

18.     All documents and things regarding any patent notices provided to any group responsive to Request No. 16.

19.     All documents and things regarding any information received from any group responsive to Request No. 16.

20.     All documents and things regarding any patent notices received from or as a result of participation in any group responsive to Request No. 16.

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| NorthPeak Wireless, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:09-cv-00602 |
| 3Com Corporation, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## AMENDED  SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Atheros Communications, Inc., c/o Adam Tachner, Registered Agent
    5480 Great America Parkway, Santa Clara, CA 95054

   ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place:  Coughlin Stoia Geller Rudman & Robbins LLP | Date and Time: |
|---|---|
|     100 Pine Street, Suite 2600 | |
|     San Francisco, CA 94111 |     05/18/2009 09:00 |

   ❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     04/23/2009

        *CLERK OF COURT*

                                  OR

        _____        _____
          *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Plaintiff
        NorthPeak Wireless, LLC          , who issues or requests this subpoena, are:
Ryan K. Walsh, Coughlin Stoia Geller Rudman & Robbins LLP, 3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326; (404) 504-6500; rwalsh@csgrr.com

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   3:09-cv-00602

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                    *Server's signature*

                               _____
                                    *Printed name and title*


                               _____
                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the terms defined below shall have the following meaning:

1.      The term "document" shall have the broadest possible meaning permitted by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any "electronically stored information." "Documents" and "electronically stored information" specifically includes without limitation all drafts or non-final versions, alterations, modifications, and amendments.

2.      The terms "you," "your," and "Atheros," shall mean Atheros Communications, Inc., its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, accountants, attorneys, investigators, consultants, and representatives.

3.      The term "NorthPeak" and "Plaintiff" shall mean plaintiff NorthPeak Wireless, LLC, and its present and former officers, directors, agents, employees, and representatives.

4.      The term "'577 Patent" shall mean U.S. Patent No. 4,977,577, entitled "Wireless Alarm System."

5.      The term "'058 Patent" shall mean U.S. Patent No. 5,987,058, entitled "Wireless Alarm System."

6.      The term "Patents-in-Suit" shall mean the '577 Patent and the '058 Patent.

7.      The term "Axonn" shall mean Axonn Corporation, prior owner of the '577 Patent and '058 Patent, and its predecessors, subsidiaries and related companies, and shall include its present and former officers, directors, agents, employees, and representatives.

8.      The terms "business entity" or "entity" shall mean firms, corporations, partnerships, joint ventures, unincorporated associations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

9.      The term "date" shall mean the precise month, day, and year, if known, or as precise a statement of the month, day, and year as is permitted by your knowledge and the documents and information available to you.

10.     The phrase "refer, reflect or relate to," with respect to any given subject, shall mean constituting, containing, embodying, evidencing, reflecting, identifying, stating, dealing with, or in any way pertinent to that subject, including without limitation documents concerning the preparation of other documents.

11.     The term "any" shall be deemed to include and encompass the words "each" and "all." The use of the word "or" shall mean "and" as well as "or."

12.     The term "NorthPeak Litigation" shall mean the above-captioned lawsuit, NorthPeak Wireless, LLC. v. 3Com Corporation, et al., Civil Action No. No. 3:09-cv-00602.

13.     The term "facts" shall mean all facts, details or information of any type acquired by Atheros, by any means.

14.     The term "communications" shall mean any and all written communications between two or more persons contained in any documents, as that term is defined herein, or oral communications including, but not limited to, telephone communications, personal conferences or meetings between two or more persons.

15.     The term "Product" shall mean any device or component of a device, such as baseband, physical layer, machine layer, media access control, quadrature modulating, intermediate frequency, radio frequency, transmitter, receiver, and/or transceiver devices, that embodies, incorporates, utilizes, and/or is used with or for direct sequence spread spectrum wireless communications, including without limitation wireless networking devices compliant and/or compatible with the IEEE 802.11b standard (such as 802.11b, g and n chips or chipsets) or components thereof .

16.     The term "IEEE" means the Institute for Electrical and Electronics Engineers.

## REQUESTS

1.      Documents sufficient to identify all Products that were sold or in any way

provided by Atheros to each of the entities listed below from January 1, 2001 through November

15, 2008:

        a.      3Com Corporation

        b.      Acer America Corporation

        c.      Asus Computer International Corporation

        d.      Belkin International, Inc.

        e.      Buffalo Technology (USA), Inc.

        f.      Dell, Inc.

        g.      D-Link Systems, Inc.

        h.      Epson America, Inc.

        i.      Fujitsu Computer Systems, Corporation

        j.      Gateway, Inc.

        k.      Hewlett-Packard Company

        l.      IOGEAR, Inc.

        m.      MSI Computer Corporation

        n.      Netgear, Inc.

        o.      Rosewill, Inc.

        p.      SanDisk Corporation

        q.      SMC Networks, Inc.

        r.      SonicWALL, Inc.

        s.      Sony Electronics, Inc.

        t.      Sony Computer Entertainment America, Inc.

  u.  Toshiba America Information Systems, Inc.

  v.  Trendnet Systems, Inc.

  w.  Trendware International, Inc.

  x.  U.S. Robotics Corporation

  y.  ViewSonic Corporation

  z.  WatchGuard Technologies, Inc.

  aa.  Zonet USA Corporation

  bb.  Zyxel Communications, Inc.

2.  Documents sufficient to identify with specificity the manufacturer and/or commercial source for each of the Products responsive to Request No. 1.

3.  All documents and things, including without limitation technical drawings, sketches, schematic diagrams, or photographs, that refer, reflect, relate to, or evidence the design, development, features, and construction of each Product responsive to Request No. 1.

4.  Representative sample(s) of all advertisements, brochures, correspondence, and/or other documents that have been used by, or on behalf of, Atheros to promote or market each of the Products responsive to Request No. 1.

5.  For each separate entity listed in Request No. 1, documents sufficient to determine by month, the number of units provided by Atheros for each particular Product responsive to Request No. 1, and the cost per unit for each product.

6.  All documents that refer, reflect, or relate to either the '577 Patent or the '058 Patent.

7.  All documents that refer, reflect, or relate to Axonn, NorthPeak, or the NorthPeak Litigation.

8.      All documents that refer, reflect, or relate to any agreement to indemnify, defend, or hold harmless any of the entities listed in Request No. 1 for claims related to any Products responsive to that request.

9.      All documents that refer, reflect, or relate to any licenses that cover any Product responsive to Request No. 1.

10.      Source code for any and all Products responsive to Request No. 1.

11.      All documents and things that refer or relate to each and every application or registration filed with the United States Patent and Trademark Office or any state agency, whether valid or not, whether expired or not, whether abandoned or not, filed or acquired by Atheros with respect to any Product responsive to Request No. 1.

12.      All documents relating to or comprising licenses and prospective licenses negotiated – even if not yet consummated – and licenses considered relating to any Product responsive to Request No. 1.

13.      All documents or things regarding Atheros' first offer for sale and first sale in the United States of product(s) that incorporate or utilize direct sequence spread spectrum wireless communications technology, including without limitation documents sufficient to determine (1) the date and location of Atheros' first offer for sale in the United States of these product(s); (2) the date and location of Atheros' first sale in the United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

14.      All documents or things regarding Atheros' first offer for sale and first sale in the United States of product(s) that comply with IEEE standard 802.11b, including without limitation documents sufficient to determine (1) the date and location of Atheros' first offer for sale in the United States of these product(s); (2) the date and location of Atheros' first sale in the

United States of these product(s); (3) the identity of these product(s); and (4) the identity of the entity that first purchased these products.

15.     Any and all documents related to market studies regarding any Product responsive to Request No. 1 and/or any product(s) believed by Atheros to be competitive therewith.

16.     All documents and things regarding Atheros' participation in or with any IEEE group, such as working and/or standard-setting groups, including but not limited to any IEEE 802.11 group.

17.     All documents and things regarding any information provided to any group responsive to Request No. 16.

18.     All documents and things regarding any patent notices provided to any group responsive to Request No. 16.

19.     All documents and things regarding any information received from any group responsive to Request No. 16.

20.     All documents and things regarding any patent notices received from or as a result of participation in any group responsive to Request No. 16.