John C. Herman
Ryan K. Walsh (*Pro Hac Vice*)
COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
3242 Peachtree Road, N.E.
Monarch Centre, Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@csgrr.com
rwalsh@csgrr.com

ATTORNEYS FOR PLAINTIFF NORTHPEAK
WIRELESS, LLC

Richard C. Vasquez /CA SB # 127228
Avin P. Sharma /CA SB# 233328
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd, Suite 300
Lafayette, CA 94549
Telephone:     (925) 627-4250
Facsimile:     (925) 403-0900
rvasquez@vbllaw.com
asharma@vbllaw.com

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS 3COM
CORPORATION, AND SMC NETWORKS,
INC.
(*Additional Counsel on Signature Page*)

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTHPEAK WIRELESS, LLC, | Case No:   3:09-cv-00602-CRB |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| 3COM CORPORATION, *et al*, | Judge:  The Honorable Charles R. Breyer |
| Defendants. | Courtroom  8, 19th Floor |
| | Hearing Date:  May 29, 2009 |
| | Time:          8:30 a.m. |

1   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rules and

2   Standing Order of the Northern District of California, Plaintiff NorthPeak Wireless, LLC

3   ("NorthPeak"), Defendants[1], and Intervenor Intel Corporation ("Intel") hereby jointly submit this

4   Joint Case Management Statement.  The parties met and conferred on April 24, 2009, pursuant to

5   Rule 26 of the Federal Rules of Civil Procedure and this Court's standing orders.

6   **I.   JURISDICTION AND SERVICE**

7   NorthPeak has sued Defendants for patent infringement pursuant to 35 U.S.C. § 101, *et*

8   *seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.   On

9   January 21, 2009, the U.S. District Court for the Northern District of Alabama granted

10  Defendants' motion to transfer venue to the Northern District of California.  Plaintiff NorthPeak

11  opposed the motion to transfer and contends that NorthPeak is not subject to jurisdiction in

12  California.

13  **II.   FACTS**

14  On October 1, 2008, NorthPeak sued Defendants in the Northern District of Alabama for

15  allegedly infringing US Patent No. 4,977,577 ("'577") and US Patent No. 5,987,058 ("'058").

16  Both the '577 and '058 patents are entitled "Wireless Alarm System." NorthPeak asserts that the

17  patents generally claim certain types of spread spectrum wireless transmitters and methods.

18  Defendants and Intel disagree with this assertion.  The '577 and '058 patents expired one month

19  later, on November 2, 2008.  Defendants allege that the patents are invalid and are unenforceable

20  under the doctrines of inequitable conduct and/or unclean hands as a result of the conduct of the

---

[1] "Defendants" refers to 3Com Corporation ("3Com"), ACER America Corporation ("Acer America"), ASUS Computer International ("ASUS"), Belkin International Inc. ("Belkin"), Buffalo Technology (USA), Inc. ("Buffalo"), Dell, Inc. ("Dell"), D-Link Systems, Inc. ("D-Link"), Epson America, Inc. ("Epson"), Fujitsu America, Inc. ("FAI"), Gateway, Inc. ("Gateway"), Hewlett-Packard Company ("HP"), IOGEAR, Inc. ("IOGEAR"), MSI Computer Corporation ("MSI"), NETGEAR, Inc. ("NETGEAR"), Rosewill Inc. ("Rosewill"), SanDisk Corporation ("SanDisk"), SMC Networks, Inc. ("SMC"), SonicWALL, Inc. ("SonicWALL"), Sony Electronics Inc. ("SEL"), Sony Computer Entertainment America Inc. ("SCEA"), Toshiba America Information Systems, Inc. ("TAIS"), Trendnet Systems, Inc. ("Trendnet"), Trendware International, Inc. ("Trendware"), U.S. Robotics Corporation ("U.S. Robotics"), ViewSonic Corporation ("ViewSonic"), WatchGuard Technologies, Inc. ("WatchGuard"), Zonet USA Corporation ("Zonet"), Zyxel Communications, Inc. ("Zyxel").

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

1    inventors and the prior assignee of the patents – Axonn Corporation.

2         Following notices of non-opposition from NorthPeak and various Defendants, Intel was

3    granted leave to intervene on March 27, 2009, and filed a complaint in intervention on April 1,

4    2009, seeking a declaratory judgment that the '577 and '058 patents are invalid and that they are

5    not infringed by its products.  On April 24, 2009, NorthPeak counterclaimed against Intel for

6    infringement of both patents.

7    **III.    LEGAL ISSUES**

8         1.   The construction of the claims of the '577 and '058 Patents.

9         2.   The alleged infringement of the '577 patent by Defendants and Intel.

10        3.   The alleged invalidity of the '577 patent.

11        4.   The alleged infringement of the '058 patent by Defendants and Intel.

12        5.   The alleged invalidity of the '058 patent.

13        6.   The defenses and counterclaims asserted by Defendants.

14        7.   The alleged unenforceability of the '577 and '058 patents.

15        8.   Plaintiff's claim for damages.

16   **IV.    MOTIONS**

17            **a.  Prior Motions**

18        On December 5, 2008, Zonet, Trendnet, and Trendware filed motions to dismiss for lack

19   of jurisdiction in the U.S. District Court for the Northern District of Alabama.  Also on that day,

20   Zyxel filed a motion to dismiss for lack of jurisdiction and improper venue pursuant to Fed. R.

21   Civ. P. Rule 12(b)(2) and (3).

22        On December 16, 2008, twenty-six of the defendants jointly filed a motion to transfer

23   venue from the Northern District of Alabama to the Northern District of California. On January

24   20, 2009, Intel filed a motion to intervene in the present action.

25        On January 21, 2009, the U.S. District Court for the Northern District of Alabama issued

26   an order that: (1) granted the defendants' motion to transfer venue; (2) held that Zonet, Trendnet,

27   Trendware, and Zyxel's motions to dismiss were moot; and (3) ordered that the pending motion

28   to intervene by Intel would be resolved in the Northern District of California.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

1    On March 6, 2009, Intel filed a new motion to intervene with this Court.  On March 27,

2    2009, after NorthPeak and various Defendants filed notices of non-opposition to Intel's motion

3    to intervene, this Court granted the motion.

4    On March 11, 2009, Defendants filed an Administrative Motion to relate the instant

5    action with *LifePoint v. Cargill* (Case No. C-93-20352-JW).  On March 13, 2009, the Honorable

6    James Ware denied the motion.

7                              **b.  Pending or Anticipated Motions**

8    No motions are pending.  The parties anticipate a motion to re-align intervenor Intel as a

9    Defendant in this case and claim construction briefing under the Patent Local Rules.

10   The parties anticipate that they may file motions seeking summary judgment on one or

11   more aspects of the claims, counterclaims and defenses asserted in this litigation.  For example,

12   Plaintiff expects to file a motion for summary judgment on infringement and possibly validity,

13   and Defendants anticipate filing a motion for summary judgment on one or more of their

14   defenses, such as laches and/or compliance with 35 U.S.C. § 287.  The parties also expect to file

15   pre-trial motions, such as motions in limine, and may file discovery motions if the need arises.

16   **V.    AMENDMENT OF PLEADINGS**

17   Currently, this action is in the early stages of discovery, and therefore the parties are

18   unable to determine the extent of any proposed amendments.  The parties propose that any

19   amendments to pleadings or parties take place by January 15, 2010.

20   **VI.   EVIDENCE PRESERVATION**

21   All parties have been advised by their counsel to preserve all relevant evidence, including

22   electronically stored evidence, if any.

23   **VII.  DISCLOSURES**

24   On January 20, 2009, NorthPeak and Defendants timely served their initial disclosures.

25   Pursuant to the Northern District of Alabama Civil Local Rules, the Initial Disclosures address

26   the following: (1) a list of parties believed to have discoverable non-privileged personal

27   knowledge concerning any significant factual legal issue raised in the pleadings; (2) that

28   documents used by the disclosing party to support its case would be available for review; (3)

                                                                                                   3

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

1  computation of damages; and (4) existence of insurance agreements under which insurer would

2  be liable to satisfy judgment.  Intel timely served its initial disclosures on May 8, 2009.

3  **VIII.    DISCOVERY**

4            **a.  Discovery To Date**

5            On January 9, 2009, NorthPeak served document requests and interrogatories on all

6  Defendants prior to the transfer of this case from the Northern District of Alabama to the

7  Northern District of California.  Following the transfer of this action and Intel's intervention in

8  the case, NorthPeak subsequently served document requests and interrogatories on Intel, and has

9  served several third-party subpoenas.

10           On March 20, 2009, Defendants served a set of common document requests and a set of

11  common interrogatories on NorthPeak.  Since that time, Defendants have served several third-

12  party subpoenas.  Fujitsu, Zonet, Trendware, SonicWALL, Intel and HP have served sets of

13  individual interrogatories.  Intel has also served document requests, and HP has served requests

14  for admissions.

15           **b.  Discovery Limitations**

16           The parties have agreed on the following discovery limitations:

17               **i.  Interrogatories**

18           The Plaintiff may serve up to twenty five (25) interrogatories total on each Defendant and

19  Intel.  The Defendants may serve fifteen (15) common interrogatories on the Plaintiff and an

20  additional ten (10) individual interrogatories may be served by each Defendant on the Plaintiff.

21  Plaintiff asks that the Court impose the same limitations on Intel, which intervened after the

22  original parties' agreement.  Intel believes it is entitled to serve twenty-five (25) interrogatories

23  on Plaintiff as provided in Fed. R. Civ. P. 33(a)(1).

24

25               **ii.  Request for Admissions**

26           Each party may serve up to fifty (50) requests for admissions on any other party, except

27  that any party may issue an unlimited number of Requests for Admissions seeking authentication

28  of documents.

                                                                                                4

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

### iii.   Depositions for Parties and Third-Parties

The Plaintiff shall be entitled to take four hundred fifty (450) hours of deposition testimony total of parties and third-parties, exclusive of designated expert witnesses (but no more than 28 hours of depositions as to each Defendant and to Intel).

The Defendants and Intel shall be entitled to take a total of three hundred fifty (350) hours of deposition testimony total of parties and third-parties, exclusive of designated expert witnesses.

Absent agreement, no deposition of a fact witness under Fed. R. Civ. P. 30(b)(1) shall exceed 7 hours, except that an individual inventor may be deposed for up to [Plaintiff proposes 10 hours] [Defendants and Intel propose 14 hours].

The parties agree that additional deposition time will be permitted for experts whose reports are directed to more than one defendant or who submit more than one report.  The parties shall meet and confer in good faith to agree on specific limitations on expert depositions upon service of the parties' respective expert reports.

### iv.   Discoverability of Certain Expert Materials

The parties agree that testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases, be subject to discovery in this case.

The parties further agree that discovery of materials provided to a testifying expert and the expert's communications in connection with his or her role as a testifying expert in this litigation shall be limited to subject matter that is relevant to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  Notwithstanding the foregoing, an expert who is also a fact witness may be subject to discovery concerning his or her relevant factual knowledge.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

1
     **v. Privilege Log**

2
   The parties agree to log privileged and/or work product documents and to produce

3
privilege logs no later than August 1, 2009.  The parties further agree that privileged and/or work

4
product documents created by any party after the filing of the Complaint do not need to be

5
logged.  Plaintiff proposes that privileged and/or work product documents that were created since

6
January 1, 2008 as part of the pre-filing investigation of this infringement case also do not need

7
to be logged.  Defendants and Intel oppose this proposal.

8
     **vi. Modification**

9
   The above limitations may be modified by agreement of the parties or further Order of

10
the Court.

11
**IX. CLASS ACTIONS.**

12
   This is not a class action.

13
**X. RELATED CASES.**

14
   On March 11, 2009, Defendants filed an Administrative Motion to relate the instant

15
action with *LifePoint v. Cargill* (Case No. C-93-20352-JW).  On March 13, 2009, the Honorable

16
James Ware denied the motion.  The parties are not aware of any other cases that might be

17
considered to be "related" to the present action.

18
**XI. RELIEF**

19
   NorthPeak seeks damages in an amount to be proven at trial for patent infringement,

20
interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable.

21
Defendants and Intel seek declarations of non-infringement and invalidity, as well as attorneys'

22
fees and costs.

23
**XII. SETTLEMENT AND ADR**

24
   As required by ADR L.R. 3-5, counsel for the parties have discussed the available ADR

25
options.  The parties are willing to participate in some form of mediation after Defendants and

26
Intel serve their joint invalidity contentions. The parties have agreed to discuss the format of the

27
mediation in good faith at that time in an effort to conduct the mediation in a manner that is as

28
efficient as possible.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

## XIII.   CONSENT TO MAGISTRATE FOR ALL PURPOSES

The parties are now in agreement and respectfully request that this case proceed before the Hon. Charles R. Breyer.

## XIV.   OTHER REFERENCES

The parties do not believe that this suit is suitable for reference to binding arbitration or a special master.

## XV.   NARROWING OF ISSUES

The parties expect that the patent claim construction decision of disputed claim terms (pursuant to the process set out in the Patent Local Civil Rules) may help to narrow the issues in dispute.

## XVI.   SCHEDULING ISSUES

The parties propose the following schedule that goes through the claim construction hearing, pursuant to Patent Local Rule 4-6.  The proposed schedule follows the deadlines set in the Patent Local Rules, except that the parties have agreed that the defendants and Intel shall have an additional thirty days to serve invalidity contentions and, in exchange, NorthPeak shall have one additional week to submit its claim construction reply brief (due to the Holidays) and the Defendants shall submit a joint set of invalidity contentions rather than individual contentions.  Given the number of parties in the case and that the claim construction ruling may substantially impact the posture of the case, the parties propose that, when the court issues its claim construction ruling, it set a further Case Management Conference to establish the remaining schedule for this case, up to and including trial.

| Event | Date |
|---|---|
| Case Management Conference | May 29, 2009 |
| Infringement Contentions (Patent L. R. 3-1) due | June 12, 2009 |
| Joint Invalidity Contentions (Patent L. R. 3-3 and agreement amongst parties) due | August 26, 2009 |

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

| | |
|---|---|
| Proposed Terms for Construction (Patent L. R. 4-1) due | September 9, 2009 |
| Preliminary Claim Constructions (Patent L. R. 4-2) due | September 30, 2009 |
| Joint Claim Construction and claim construction expert reports (Patent L. R. 4-3) due | October 26, 2009 |
| L/D for discovery relating to Claim Construction (Patent L. R. 4-4) | November 25, 2009 |
| Opening Claim Construction Brief (in compliance with Patent L. R. 4-5(a)) due | December 9, 2009 |
| Opposing Claim Construction Brief(s) (in compliance with Patent L.R. 4-5(b)) due | December 23, 2009 |
| Reply Claim Construction Brief(s) (in compliance with Patent L.R. 4-5(c)) due | January 12, 2010 |
| Claim Construction Hearing (in compliance with Patent L. R. 4-6) | On or after January 26, 2010 |

## XVII.  TRIAL

The parties request a jury trial and expect the trial to take approximately fifteen (15) to twenty (20) days.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Almost all parties have filed a Certification of Interested Entities or Persons.  A Certification of Interested Entities or Persons from Defendant IOGEAR, Inc. is forthcoming. Exhibit A restates the contents of those certifications.

## XIX.    REQUIREMENTS PER N.D. CAL PATENT LOCAL RULES

As required by the Patent Local Rules, the parties discussed each of the topics listed in Patent Local Rule 2-1 during their meet and confer.  In regards to scheduling and the claim construction hearing, the parties believe it is too early to propose a format for the hearing given

JOINT CASE MANAGEMENT STATEMENT
CASE NO: 3:09-CV-00602-CRB

1  the number of potential claims at issue.  The parties propose submitting a proposed format for

2  the hearing as part of the Joint Claim Construction and Prehearing Statement that they submit

3  pursuant to Patent Local Rule 4-3.

4       In regard to educating the court on the technology at issue, the parties propose a half-day

5  technology tutorial during the week of the Markman hearing.

6  **XX.    MISCELLANEOUS TOPICS**

7       **a.  Service of Discovery**

8       The parties agree to electronic e-mail service of all discovery requests and responses to

9  discovery requests pursuant to Fed. R. Civ. P. 5 and 6.

10

11  DATED:  May 22, 2009

12

13                            By: _____/s/_____

14                            John C. Herman
                          Ryan K. Walsh (*Pro Hac Vice*)

15                            COUGHLIN STOIA GELLER RUDMAN &
                          ROBBINS LLP

16                            3242 Peachtree Road, N.E.

17                            Monarch Centre, Suite 1650
                          Atlanta, GA 30326

18                            Telephone: (404) 504-6500
                          Facsimile: (404) 504-6501

19                            jherman@csgrr.com
                          rwalsh@csgrr.com

20

21                            ***Attorneys for Plaintiff NorthPeak Wireless, LLC***

22

23

24

25

26

27

28

9

1   DATED:  May 22, 2009

2

3                                         By:_____/s/_____

4

5                                         Richard C. Vasquez (CA SB 127228)
                                          Avin P. Sharma (CA SB 233328)
6                                         VASQUEZ BENISEK & LINDGREN LLP
                                          3685 Mt. Diablo Blvd., Suite 300
                                          Lafayette, CA 94549
7                                         Tel: (925)-627-4250
                                          Fax: (925)-403-0900
8

9                                         *Attorneys for Defendant 3Com Corporation, and*
                                          *SMC Networks, Inc.*
10   DATED:  May 22, 2009

11

12                                        By:_____/s/_____

13                                        Chad S. Campbell (#258723)
                                          Timothy J. Franks (#197645)
14                                        **PERKINS COIE BROWN & BAIN P.A.**
                                          2901 North Central Avenue, Suite 2000
15                                        Phoenix, Arizona  85012-2788

16

17                                        *Attorneys for Intel Corporation*

18   DATED:  May 22, 2009

19                                        By:_____/s/_____

20                                        Justin T. Beck (Cal. Bar No. 53138)
                                          Alfredo A. Bismonte (Cal. Bar No. 136154)
21                                        Jeremy M. Duggan (Cal. Bar No. 229854)
                                          Beck, Ross, Bismonte & Finley, LLP
22                                        50 West San Fernando Street, Suite 1300
                                          San Jose, CA 95113
23                                        Tel: (408) 938-7900
                                          Fax: (408) 938-0790
24

25                                        *Attorneys for ASUS Computer International*

26

27

28

                                                                                    10
**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

DATED:  May 22, 2009


By:_____/s/_____

David Enzminger
Ryan Yagura
Nicholas J. Whilt
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
Tel: (213) 430-6000
Fax: (213) 430-6407

Kristopher M. Dawes
O'Melveny & Myers LLP
610 Newport Center Drive
Newport Beach, California 92660-6429
Tel: (949) 760-9600
Fax: (949) 823-6994

*Attorneys for Belkin International, Inc. and SanDisk Corporation*

DATED:  May 22, 2009


By:_____/s/_____

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

Karl J. Kramer
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304

*Attorneys for SonicWALL, Inc.*

11

1    DATED:  May 22, 2009

2                                      By:                    /s/

3
                                       Karl J. Kramer
4                                      Christopher F. Jeu
                                       MORRISON & FOERSTER LLP
5                                      755 Page Mill Road
                                       Palo Alto, CA 94304
6
7                                      *Attorneys for Fujitsu America, Inc.*

8    DATED:  May 22, 2009

9                                      By:                    /s/

10
11                                     Richard de Bodo  (CA SBN 128199)
                                       Christopher P. Broderick  (CA SBN 180254)
12                                     Andrew V. Devkar  (CA SBN 228809)
                                       HOGAN & HARTSON LLP
13                                     1999 Avenue of the Stars, Suite 1400
                                       Los Angeles, CA 90067
14
15                                     *Attorneys for Epson America, Inc.*

16   DATED:  May 22, 2009

17                                     By:                    /s/

18
                                       David J. Levy
19                                     Rich Rambo
                                       C. Erik Hawes
20                                     I. Clay Roger
                                       Lindsey Cowart
21                                     MORGAN, LEWIS & BOCKIUS LLP
                                       1000 Louisiana St., Suite 4200
22                                     Houston, TX  77002
23
                                       *Attorneys for Defendants Hewlett-Packard*
24                                     *Company*

25

26

27

28
                                                                              12
     **JOINT CASE MANAGEMENT STATEMENT**
     **CASE NO: 3:09-CV-00602-CRB**

1    DATED:  May 22, 2009

2                                          By:                /s/
3
                                           John N. Zarian
4                                          Dana M. Herberholz
                                           ZARIAN MIDGLEY & JOHNSON PLLC
5                                          960 Broadway Ave., Suite 250
                                           Boise, Idaho 83706
6
7                                          **Attorneys for Rosewill, Inc. and ViewSonic
                                           Corporation**

8    DATED:  May 22, 2009

9                                          By:                /s/

10                                         Christine Yang
                                           Duncan Palmatier
11                                         LAW OFFICES OF S. J. CHRISTINE YANG
                                           17220 Newhope Street, Suite 101-102
12                                         Fountain Valley, CA 92708

13                                         **Attorneys for D-Link Systems, Inc. and Zyxel
                                           Communications, Inc.**
14
15   DATED:  May 22, 2009

16                                         By:                /s/

17                                         Bijal V. Vakil
18                                         WHITE & CASE LLP
                                           3000 El Camino Real
19                                         5 Palo Alto Square, 9th Floor
                                           Palo Alto, CA 94306
20                                         Tel.:650-213-0303
                                           Fax: 650-213-8158
21
22                                         Jack Quinton Lever
                                           Shamita D. Etienne - Cummings
23                                         WHITE & CASE LLP
                                           701 13th Street NW
24                                         Washington, DC 20005
                                           Tel.:205-626-3673
25                                         Fax: 202-639-9355

26                                         **Attorneys for MSI Computer Corporation**
27
28
                                                                                    13
     **JOINT CASE MANAGEMENT STATEMENT**
     **CASE NO: 3:09-CV-00602-CRB**

1  DATED:  May 22, 2009

2                                         By: _____/s/_____

3                                         Ming-Tao Yang (CA SB 221295)

4                                         FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER, LLP

5                                         3300 Hillview Avenue
                                          Palo Alto, CA  94304-1203

6

7                                         **Attorneys for IOGEAR, Inc.**

   DATED:  May 22, 2009

8
                                          By: _____/s/_____

9

10                                        James A. DiBoise
                                          Roger J. Chin

11                                        Jennifer Ochs
                                          Ryan R. Smith

12                                        Matthew A. Argenti
                                          WILSON SONSINI GOODRICH & ROSATI

13                                        One Market Street
                                          Spear Tower, Suite 3300

14                                        San Francisco, CA 94105

15
                                          **Attorneys for NETGEAR, Inc.**

16
   DATED:  May 22, 2009

17

18                                        By: _____/s/_____

19                                        William B. Dyer III
                                          Anita Bhushan

20                                        Roger Dale Taylor
                                          FINNEGAN, HENDERSON, FARABOW,

21                                        GARRETT & DUNNER, LLP
                                          303 Peachtree Street, NE, Suite 3500

22                                        Atlanta, GA 30308

23                                        **Attorneys for Sony Electronics Inc., and Sony**
                                          **Computer Entertainment America Inc.**

24

25

26

27

28

                                                                                        14

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

1  DATED:  May 22, 2009

2
                                              By:_____/s/_____
3                                             Kai Tseng
                                              Thomas H. Zellerbach
4                                             Michael C. Spillner
                                              Michael C. Ting
5                                             James H. Lin
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
6                                             1000 Marsh Road
                                              Menlo Park, California 94025
7                                             (650) 614-7400
                                              (650) 614-7401 (fax)
8

9                                             *Attorneys for Acer America Corp., Gateway, Inc.,
                                              and WatchGuard Technologies, Inc*.
10 DATED:  May 22, 2009

11
                                              By:_____/s/_____
12
                                              David H.S. Commins (SBN 124205)
13                                            Kit L. Knudsen (SBN 154714)
                                              COMMINS & KNUDSEN, P.C.
14                                            400 Montgomery Street, Suite 200
                                              San Francisco, CA 94104
15                                            Tel: (415) 391-6490
                                              Fax: (415) 391-6493
16

17                                            *Attorneys for Buffalo Technology (USA), Inc.*

18

19 DATED:  May 22, 2009

20
                                              By:_____/s/_____
21
                                              David S. Bloch
22                                            WINSTON & STRAWN LLP
                                              101 California Street
23                                            San Francisco, CA 94111-5894

24                                            *Attorneys for U.S. Robotics Corporation*

25

26

27

28
                                                                                          15
---
**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-CRB**

DATED:  May 22, 2009

By:_____/s/_____

John J. Feldhaus
Pavan Agarwal
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007

*Attorneys for Toshiba America Information Systems, Inc.*

16

1  DATED:  May 22, 2009

2                                              By:_____/s/_____

3                                              Sean P. DeBruine (SBN 168071)
4                                              ALSTON + BIRD LLP
                                               Two Palo Alto Square
5                                              3000 El Camino Real, Suite 400
                                               Palo Alto, California  94306
6                                              Telephone:     650-838-2000
                                               Facsimile:      650-838-2001
7                                              sean.debruine@alston.com

8
                                               Patrick J. Flinn (SBN 104423)
9                                              John D. Haynes (pro hac vice)
                                               Byron R. Holz (pro hac vice)
10                                             ALSTON + BIRD, LLP
                                               One Atlantic Center
11                                             1201 W Peachtree St
12                                             Atlanta, GA 30309
                                               Telephone :    (404) 881-7000
13                                             Fax :           (404) 881-7777
                                               patrick.flinn@alston.com
14                                             john.haynes@alston.com
15                                             byron.holz@alston.com

16                                             Stacey G. White (pro hac vice)
                                               ALSTON + BIRD, LLP
17                                             Chase Tower, Suite 3601
                                               2200 Ross Ave
18                                             Dallas, TX 75201
19                                             Telephone :    (214) 922-3400
                                               Fax :           (214) 922-3899
20                                             stacey.white@alston.com

21                                             *Attorneys for Dell, Inc.*

22

23

24

25

26

27

28

                                                                                    17

DATED:  May 22, 2009

By:_____/s/_____

Jen-Feng Lee
Kenneth K. Tanji
WORLDESQUIRE LAW FIRM LLP
80 South Lake Avenue, Suite 708
Pasadena, CA 91101
Phone: 626-795-5555
Fax: 626-795-5533

***Attorneys for Trendnet Systems, Inc., Trendware International, Inc., and Zonet USA Corporation***

18

**Exhibit A**

Pursuant to the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, below are the contents of the Certification of Interested Entities or Persons by each party that filed such Certification.

**Plaintiff NorthPeak Wireless, LLC**:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) may have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) may have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

> Monica R. Campuzano
> Marlene J. Colgan
> Elizabeth S. Corcoran
> Robert J. Davis
> Katherine J. Dixon
> David P. Dunbar
> Miriam G. Hill
> Gerard J. Hill
> Mohamad Motahari
> Marc L. Reed
> Robert E. Rouquette
> Stephen N. Fant
> Kevin M. Logan
> Dale E. Reiser
> Danny W. Spencer
> Insa C. Sutherland
> Ann L. Davis
> David Biggs
> Micah J. Wilson
> Walter J. Woodruff
> Ahmad H. Abdelmajid
> David P. Alley
> Michael R. Brown
> Raymond A. Conigliaro
> Margaret E. Guarisco
> Charles A. Hwang
> Bridgette L. Johnson
> Ramona G. McCain
> Joseph C. MacKenzie

Kevin S. Olree
Scott K. Quillin
Raymond J. Weindel
Jeffrey E. Clements
Tolton T. Connor, Jr.
Josephine K. Labruzzo
Vincent J. Impastato
Henry D. Carle
John H. Fox
Kraig W. Hallgarth
Donald Hyde
John R. Souvestre
Mark Krasselt
Martin C. Poppe
Michael L. Eckstein
Michael Magee
Terrence F. Hock
Oneil J. Williams, Jr.
Alex K. Wong
Steve Peterson
Kruno Huitzingh
Sanconix, Inc.
Jeno F. & Monica E. Kalozdi
Thomas B. Hoyt
HSB Engineering Finance Corp.
Industrial Technology Ventures, LP
Cordova Intellimedia Ventures, LP
Vencap Opportunities Fund
Koerner Capital, LLC
Neal M. Allen
Mark A. Cox
H. Britton Sanderford
Donald B. Sallee
Lydia Stark Trustee
John J. Driscoll
Renaldo Turnbull
Gary P. Arnold
Louisiana Economic Development Corp.
Odlan Holding, LLC
Robert Dupuis
Stonebridge Advisors, LLC

**Defendant 3Com Corporation**:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

associations of persons, firms, partnerships, corporations (including parent corporations) or other

2

1   entities (i) have a financial interest in the subject matter in controversy or in a party to the

2   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

3   substantially affected by the outcome of this proceeding:

4

5        Intel Corporation:   Defendant and Counterclaimant 3Com Corporation is aware that Intel

6        Corporation filed a motion to intervene in this action in part due to indemnification

7        agreements between Intel Corporation and other defendants in this action.

8

9   **<u>Defendant SMC Networks, Inc</u>**:

10        Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

11   associations of persons, firms, partnerships, corporations (including parent corporations) or other

12   entities (i) have a financial interest in the subject matter in controversy or in a party to the

13   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

14   substantially affected by the outcome of this proceeding:

15   - Global Business Investments Corporation: Defendant and Counterclaimant SMC

16        Networks, Inc.  ("SMC") is a wholly owned subsidiary of parent corporation Global

17        Business Investments Corporation.

18   - Intel Corporation:   SMC is aware that Intel Corporation filed a motion to intervene in

19        this action in part due to indemnification agreements between Intel Corporation and other

20        defendants in this action.

21

22   **<u>Defendant ASUS Computer International</u>**:

23        Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

24   associations of persons, firms, partnerships, corporations (including parent corporations) or other

25   entities (i) have a financial interest in the subject matter in controversy or in a party to the

26   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

27   substantially affected by the outcome of this proceeding:

28   - ASUSTek Computer Inc:  Defendant and Counterclaimant ASUS Computer International

1    ("ASUS") is wholly owned by ASUSTek Computer, Inc.

2    • Intel Corporation:   Intel Corporation has sought to intervene is this case, and pursuant to

3    an indemnification agreement, may be liable for all or part of any judgment against

4    ASUS and/or other certain defendants in this action who have indemnification

5    agreements with Intel Corporation.

6

7    **Defendant Epson America, Inc**:

8    Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

9    associations of persons, firms, partnerships, corporations (including parent corporations) or other

10   entities (i) have a financial interest in the subject matter in controversy or in a party to the

11   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

12   substantially affected by the outcome of this proceeding:

13   U.S. Epson, Inc.:  Defendant and counterclaimant Epson America, Inc. ("Epson") is

14   one hundred percent owned by U.S. Epson, Inc.

15   Seiko Epson Corporation:  U.S. Epson, Inc. is one hundred percent owned by Seiko

16   Epson Corporation, which is a publicly-held Japan corporation.

17   **Defendant Fujitsu America, Inc.**:

18   Pursuant to Federal Rule of Civil Procedure 7.1, Defendant and Counterclaimant Fujitsu

19   America, Inc. ("Fujitsu"), by its undersigned counsel, discloses that it is a wholly-owned

20   subsidiary of Fujitsu North America Holdings Inc., a Delaware corporation, which in turn is a

21   wholly-owned subsidiary of Fujitsu Limited.

22   Fujitsu further discloses that the following parent, subsidiary, or affiliate entities have

23   issued stock or debt securities:  Fujitsu Limited, a Japanese corporation, has issued shares and/or

24   debt securities.

25   Pursuant to Civil L.R. 3-16, Fujitsu certifies that the following listed persons,

26   associations of persons, firms, partnerships, corporations (including parent corporations) or other

27   entities (i) have a financial interest in the subject matter in controversy or in a party to the

28   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

4

1   substantially affected by the outcome of this proceeding:

2          Fujitsu North America Holdings, Inc.;

3          Fujitsu Limited;

4          Intel Corporation, which has intervened in this case and may be liable for all or part of

5   any judgment against Fujitsu, pursuant to an indemnification agreement; and

6          Atheros Communications, Inc., which may be liable for all or part of any judgment

7   against Fujitsu pursuant to an indemnification agreement.

8

9   **<u>Defendant SonicWALL, Inc.:</u>**

10          Pursuant to Civil L.R. 3-16, Defendant and Counterclaimant SonicWALL, Inc.

11  ("SonicWALL") certifies that the following listed persons, associations of persons, firms,

12  partnerships, corporations (including parent corporations) or other entities (i) have a financial

13  interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

14  financial interest in that subject matter or in a party that could be substantially affected by the

15  outcome of this proceeding:  BlackRock, Inc. (including subsidiaries BlackRock Advisors LLC,

16  BlackRock Advisors LLC, BlackRock Asset Management U.K. Limited, BlackRock Capital

17  Management, Inc., BlackRock Investment Management, LLC, BlackRock Japan Co. Ltd, State

18  Street Research & Management Co.).

19          Pursuant to Federal Rule of Civil Procedure 7.1, SonicWALL certifies that, based on

20  filings with the United States Securities and Exchange Commission, BlackRock, Inc. (on behalf

21  of its subsidiaries) has reported owning ten percent or more of SonicWALL's stock.

22

23  **<u>Defendant Trendnet Systems, Inc.</u>:**

24          Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed

25  persons, associations of persons, firms, partnerships, corporations (including parent corporations)

26  or other entities (i) have a financial interest in the subject matter in controversy or in a party to

27  the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could

28  be substantially affected by the outcome of this proceeding:

                                            5

1    *       Trendnet Systems, Inc.

2    *       Atheros Corporation: Trendnet is aware that Atheros supplied some of the chipset that

3    may contained accused instruments and thus is subject to some indemnification obligation.

4

5    **<u>Defendant Trendware International, Inc</u>**.

6            Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed

7    persons, associations of persons, firms, partnerships, corporations (including parent corporations)

8    or other entities (i) have a financial interest in the subject matter in controversy or in a party to

9    the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could

10   be substantially affected by the outcome of this proceeding:

11   *       Trendware International, Inc.

12   *       Atheros Corporation: Trendware is aware that Atheros supplied some of the chipset that

13   may contained accused instruments and thus is subject to some indemnification obligation.

14

15   **<u>Defendant Zonet USA, Corp.</u>**:

16           Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed

17   persons, associations of persons, firms, partnerships, corporations (including parent corporations)

18   or other entities (i) have a financial interest in the subject matter in controversy or in a party to

19   the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could

20   be substantially affected by the outcome of this proceeding:

21   *       Zonet USA Corp.

22   *       Atheros Corporation: Zonet is aware that Atheros supplied some of the chipset that may

23   contained accused instruments and thus is subject to some indemnification obligation.

24

25   **<u>Defendant SanDisk Corporation</u>**:

26           Pursuant to Federal Rule of Civil Procedure 7.1, Defendant and Counterclaimant SanDisk

27   Corporation. ("SanDisk"), by its undersigned counsel, discloses that it does not have a parent

28   corporation and no publicly held corporation owns ten percent or more of its stock.

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, association of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter in controversy or in a party that could be substantially affected by the outcome of the proceeding:

Intel Corporation:  Defendant and Counterclaimant SanDisk Corporation is aware that Intel Corporation filed a motion to intervene in this action in part due to indemnification agreements between Intel Corporation and other defendants in this action.

**Defendant Toshiba America Information Systems, Inc.**:

Pursuant to Fed. R. Civ. P. 7.1, Defendant and Counter-claimant Toshiba America Information Systems, Inc. discloses that it is a wholly owned subsidiary of Toshiba America, Inc., which the holding company for a group of technology companies that, among other things, manufacture and market a range of electronic devices.  Toshiba America, Inc. is a wholly owned subsidiary of Toshiba Corp.  Toshiba Corp. is a publicly held company duly incorporated under the Commercial Code of Japan.

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Toshiba America, Inc.

Toshiba Corp.

Intel Corporation:  Defendant and Counter-claimant Toshiba America Information Systems, Inc. is aware that Intel Corporation filed a motion to intervene in this action in part due to indemnification agreements between Intel Corporation and certain defendants in this action.

**<u>Defendant MSI Computer Corp.</u>**:

 Pursuant to Civil L.R. 3-16, Defendant and Counterclaimant MSI Computer Corp. ("MSI") certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Micro-Star International Co., Ltd.

 Pursuant to Federal Rule of Civil Procedure 7.1, MSI is wholly owned by Micro-Star International Co., Ltd.

**<u>Defendant Hewlett-Packard Company</u>**:

 Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned states that Hewlett-Packard Company does not have a parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

 Pursuant to Civil L.R. 3-16, the undersigned, counsel of record for Hewlett-Packard Company, hereby certifies that as of this date, other than the named parties, there is no such interest to report.

**<u>Defendant ZyXEL Communications, Inc.</u>**:

 Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

* ZyXEL Communications Corporation: Defendant ZyXEL Communications, Inc. ("ZyXEL") is a wholly owned subsidiary of parent corporation ZyXEL Communications Corporation, a public company in Taiwan.

* Intel Corporation: ZyXEL is aware that Intel Corporation filed a motion to intervene in this

1   action in part due to indemnification agreements between Intel Corporation and other defendants

2   in this action.

3

4   **Defendant D-Link Systems**:

5          Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

6   associations of persons, firms, partnerships, corporations (including parent corporations) or other

7   entities (i) have a financial interest in the subject matter in controversy or in a party to the

8   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

9   substantially affected by the outcome of this proceeding:

10

11  * D-Link Corporation: Defendant and Counterclaimant D-Link Systems, Inc.

12  is a subsidiary of parent corporation D-Link Corporation, a public company in Taiwan.

13

14  * Atheros Communications, Inc., which may be liable for all or part of any judgment against D-

15  Link Systems, Inc. pursuant to an indemnification agreement.

16

17  * Marvell Asia Pte, Ltd., which may be liable for all or part of any judgment against D-Link

18  Systems, Inc. pursuant to an indemnification agreement.

19

20  * Intel Corporation: D-Link Systems, Inc. is aware that Intel Corporation filed a motion to

21  intervene in this action in part due to indemnification agreements between Intel Corporation and

22  other defendants in this action.

23

24  **Defendant Dell, Inc.**:

25          Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

26  associations of persons, firms, partnerships, corporations (including parent corporations) or other

27  entities (i) have a financial interest in the subject matter in controversy or in a party to the

28  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

1  substantially affected by the outcome of this proceeding:

2

3        Intel Corporation – has sought to intervene in this case and may be liable for all or part of

4  any judgment against Dell, Inc. pursuant to an indemnification agreement;

5

6        Broadcom Corporation – may be liable for all or part of any judgment against Dell, Inc.

7  pursuant to an indemnification agreement.

8

9  **<u>Defendant WatchGuard Technologies, Inc.</u>:**

10        Pursuant to Civil Local Rule 3-16, Defendant and Counterclaimant WatchGuard

11  Technologies, Inc., through its counsel of record, certifies that as of this date, other than the

12  named parties, there is no such interest to report.

13

14

15

16  **<u>Defendant Gateway, Inc.</u>:**

17        Pursuant to Civil Local Rule 3-16, Defendant and Counterclaimant Gateway, Inc.,

18  through its counsel of record, certifies that other than the parties named in the action, the

19  following listed persons, associations of persons, firms, partnerships, corporations (including

20  parent corporations) or other entities (i) have a financial interest in the subject matter in

21  controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

22  matter or in a party that could be substantially affected by the outcome of this proceeding:

23        Acer Inc.

24

25  **<u>Defendant Acer America Corp.</u>:**

26        Pursuant to Civil Local Rule 3-16, Defendant and Counterclaimant Acer America

27  Corp., through its counsel of record, certifies that other than the parties named in the action, the

28  following listed persons, associations of persons, firms, partnerships, corporations (including

1  parent corporations) or other entities (i) have a financial interest in the subject matter in

2  controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

3  matter or in a party that could be substantially affected by the outcome of this proceeding:

4      Acer Inc.

5  **Defendant Sony Electronics Inc.:**

6      Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

7  associations of persons, firms, partnerships, corporations (including parent corporations) or other

8  entities (i) have a financial interest in the subject matter in controversy or in a party to the

9  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

10  substantially affected by the outcome of this proceeding:

11      Sony Corporation

12      Sony Corporation of America

13      Sony Computer Entertainment Inc.

14      Intel Corporation:  Defendants Sony Electronics Inc. and Sony Computer

15  Entertainment America Inc. are aware that Intel Corporation filed a motion to intervene in this

16  action in part due to indemnification agreements between Intel Corporation and other defendants

17  in this action.

18

19  **Defendant Sony Computer Entertainment America Inc.:**

20      Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

21  associations of persons, firms, partnerships, corporations (including parent corporations) or other

22  entities (i) have a financial interest in the subject matter in controversy or in a party to the

23  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

24  substantially affected by the outcome of this proceeding:

25      Sony Corporation

26      Sony Corporation of America

27      Sony Computer Entertainment Inc.

28      Intel Corporation:  Defendants Sony Electronics Inc. and Sony Computer

Entertainment America Inc. are aware that Intel Corporation filed a motion to intervene in this action in part due to indemnification agreements between Intel Corporation and other defendants in this action.

**<u>Defendant Belkin International, Inc.</u>:**

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant and Counterclaimant Belkin International, Inc. ("Belkin"), by its undersigned counsel, discloses that it does not have a parent corporation and no publicly held corporation owns ten percent or more of its stock.

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, association of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter in controversy or in a party that could be substantially affected by the outcome of the proceeding:

Intel Corporation:  Defendant and Counterclaimant Belkin International, Inc. is aware that Intel Corporation filed a motion to intervene in this action in part due to indemnification agreements between Intel Corporation and other defendants in this action.

**<u>Defendant NETGEAR, Inc.</u>:**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

•     Atheros Communications, Inc., which may be liable for all or part of any judgment against NETGEAR, Inc., pursuant to an indemnification agreement.

•     Cameo Communications Corporation, which may be liable for all or part of any judgment against NETGEAR, Inc., pursuant to an indemnification agreement.

•     Delta Networks, Inc., which may be liable for all or part of any judgment against

NETGEAR, Inc., pursuant to an indemnification agreement.

•       Gemtek Technology Company, Ltd., which may be liable for all or part of any judgment against NETGEAR, Inc., pursuant to an indemnification agreement.

•       Hon Hai Precision Industry Company, Ltd., which may be liable for all or part of any judgment against NETGEAR, Inc., pursuant to an indemnification agreement.

•       Ruckuss Wireless, Inc., which may be liable for all or part of any judgment against NETGEAR, Inc., pursuant to an indemnification agreement.

•       Sercomm Corporation, which may be liable for all or part of any judgment against NETGEAR, Inc., pursuant to an indemnification agreement.

•       Unihan Corporation, which may be liable for all or part of any judgment against NETGEAR, Inc., pursuant to an indemnification agreement.


**Intervenor Intel Corporation**:

Pursuant to Fed. R. Civ. P. 7.1, Intel Corporation states that it does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


**Defendant Buffalo Technology (USA), Inc.**:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Melco Holdings Inc., a Japanese Corporation, is the parent company of Buffalo Technology (USA), Inc.

Buffalo Inc., a Japanese Corporation, is an affiliate of Buffalo Technology (USA), Inc.

**Defendant Rosewill Inc.**:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Magnell Associate, Inc.
- Justec International Technology Inc.
- Senao Networks, Inc.
- Loopcomm Technology

**Defendant ViewSonic Corporation**:

Pursuant to Civil L.R. 3-16, the undersigned hereby certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Tatung Company, which may be liable for all or part of any judgment against ViewSonic Corp., pursuant to an indemnification agreement.
- Uniwell Electronic, Ltd., which may be liable for all or part of any judgment against ViewSonic Corp., pursuant to an indemnification agreement.
- Universal Scientific Industrial Co. Ltd., which may be liable for all or part of any judgment against ViewSonic Corp., pursuant to an indemnification agreement.
- AirVast Technology, Inc., which may be liable for all or part of any judgment against ViewSonic Corp., pursuant to an indemnification agreement.
- Gemtek Technology Company, Ltd., which may be liable for all or part of any judgment against ViewSonic Corp., pursuant to an indemnification agreement.
- Alpha Networks, Inc., which may be liable for all or part of any judgment against ViewSonic Corp., pursuant to an indemnification agreement.

**<u>Defendant US Robotics Corporation</u>**:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding or (ii) have a non-financial interest in that subject matter of in a party that could be substantially affected by the outcome of this proceeding:

1.  Rockstar Holding Corporation has a financial interest in defendant and counterclaimant U.S. Robotics Corporation.

2.  Ms. Eva Kalawski has a financial interest in defendant and counterclaimant U.S. Robotics Corporation.

3.  Platinum Equity LLC and its related wholly-controlled management entities have a financial interest in defendant and counterclaimant U.S. Robotics Corporation.

4.  There is no other financial or non-financial interest to report.

**Consent to Filing Pursuant to General Order 45(X)**

     I, Avin P. Sharma, hereby attest that written concurrence in the filing of the **Joint Case Management Statement** has been obtained from each of the parties listed in the signature block of the Joint Case Management Statement.


Dated:  May 22, 2009                    _____

                                    Avin P. Sharma

**CASE NO: 3:09-CV-00602-CRB**

1

## CERTIFICATE OF SERVICE

2

*NorthPeak Wireless, LLC v. 3Com Corp., et al.*

3

**U.S. District Court, Northern District of California, Case No. 3:09-CV-00602-CRB**

4

5

I hereby certify that on May 22, 2009, I electronically filed the foregoing with the Clerk of the

6

Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all

7

counsel who have entered an appearance in this action.

8

9

_____/s/ Avin P. Sharma_____

10

Avin P. Sharma

ND: 4844-9490-1763, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
**CASE NO: 3:09-CV-00602-CRB**