1   RICHARD DE BODO  (CA SBN 128199)
    rdebodo@hhlaw.com
2   CHRISTOPHER P. BRODERICK  (CA SBN 180254)
    cpbroderick@hhlaw.com
3   ANDREW V. DEVKAR  (CA SBN 228809)
    adevkar@hhlaw.com
4   HOGAN & HARTSON LLP
    1999 Avenue of the Stars
5   Suite 1400
    Los Angeles, CA 90067
6   Telephone : (310) 785-4600
    Fax : (310) 785-4601
7
8
    Attorneys for Defendant and Counterclaimant
9   EPSON AMERICA, INC.

10  (*Additional Counsel on Signature Page*)

11

12                  UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16  NORTHPEAK WIRELESS, LLC,          | Case No:   3:09-cv-00602-CRB

17              Plaintiff,            | **NOTICE OF MOTION AND MOTION
                                      | TO STAY THE CASE PENDING
18       v.                          | REEXAMINATION OF THE PATENTS-
                                      | IN-SUIT**
19  3COM CORPORATION, *et al.*,
                                      | Judge:  The Honorable Charles R. Breyer
20              Defendants.          |         Courtroom  8, 19th Floor
                                      | Hearing Date:  September 4, 2009
21                                    | Time:  10 a.m.

22

23

24

25

26

27

28
_____
**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I. SUMMARY OF ARGUMENT ......................................................................... 1

II. BACKGROUND ............................................................................................... 2

    A. The Patent Applications. ....................................................................... 2

    B. The 802.11b Standard. .......................................................................... 3

    C. NorthPeak. ............................................................................................ 3

    D. The Lawsuit. ......................................................................................... 4

    E. The Reexamination Requests. .............................................................. 4

III. ARGUMENT .................................................................................................... 5

    A. Because Reexamination Promotes the Specialized, Efficient Determination of Patent Validity, Stays Pending Reexamination Are Liberally Granted. ................................................................................... 5

    B. The Court Should Stay This Case Pending Reexamination. .................. 7

        1. A stay will likely simplify the issues, if not moot the case entirely. .......... 7

        2. This case is in its early stages. ................................................. 8

        3. A stay will not prejudice NorthPeak. ........................................ 9

IV. CONCLUSION ................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ASCII Corp. v. STD Entm't USA, Inc.*,
    844 F. Supp. 1378 (N.D. Cal. 1994) .......................................................................... 5, 6, 7, 8

*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
    388 F.3d 858 (Fed. Cir. 2004) ............................................................................................ 8

*Cross Atl. Capital Partners, Inc. v. Facebook, Inc.*,
    2008 WL 3889539 (E.D. Pa. Aug. 18, 2008) ..................................................................... 6

*CVI/Beta Ventures, Inc. v. Tura LP*,
    112 F.3d 1146 (Fed. Cir. 1997) ......................................................................................... 8

*Gould v. Control Laser Corp.*,
    705 F.2d 1340 (Fed. Cir. 1983) ......................................................................................... 8

*Hewlett-Packard Co. v. Acuson Corp.*,
    No. C-93-0808 MHP, 1993 WL 149994 (N.D. Cal. May 5, 1993) .................................... 6, 10

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*,
    No. C 08-00184 JLR, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) ................................ 9, 10

*In re Cygnus Telecomms. Tech., LLC*,
    385 F. Supp. 2d 1022 (N.D. Cal. 2005) ......................................................................... 7, 8, 9

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
    No. C-05-03116 JSW, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) .................................. 7, 8

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
    No. C-06-2252 SBA, 2007 WL 627920 (N.D. Cal. Feb. 26, 2007) ................................. passim

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985) ......................................................................................... 5, 6

*Photoflex Prods., Inc. v. Circa 3 LLC*,
    No. C 04-03715 JSW, 2006 WL 1440363 (N.D. Cal. May 24, 2006) .................................. 9

*Sorensen v. Black & Decker Corp.*,
    No. 06cv1572 BTM (CAB), 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007) .......................... 9

*SP Techs., LLC v. HTC Corp.*,
    No. 08-C-3760, 2009 WL 1285933 (N.D. Ill. May 6, 2009) ................................................ 6

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
    No. C-94-20775 RPA (EAI), 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) .............................. 7

*Tse v. Apple Inc.*,
    No. C-06-06573 SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) ........................... 6, 7, 8, 9

ii

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

**STATUTES**

35 U.S.C. § 303(a) ................................................................................................ 6

35 U.S.C. § 305 .................................................................................................... 10

35 U.S.C. § 314 .................................................................................................... 10

37 C.F.R. § 1.530(j) ............................................................................................... 8

**OTHER AUTHORITIES**

H.R. Rep. No. 96-1307 ..........................................................................................5

Manual of Patent Examining Procedure at §§ 2261-63 ......................................10

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

**NOTICE OF MOTION AND MOTION**

On Friday, September 4, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, the undersigned defendants and intervener (collectively, "Defendants") will and do move to stay the case pending resolution of requests for reexamination by the United States Patent and Trademark Office (the "PTO") of U.S. Patent Nos. 4,977,577 and 5,987,058 (together, the "patents-in-suit").

A stay pending reexamination of the patents-in-suit by the PTO is sought so as to preserve the Court's time and resources, to spare the parties considerable expense, to permit the validity of the patents to be considered by examiners knowledgeable in the technology, and to simplify or eliminate issues for trial.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     SUMMARY OF ARGUMENT**

The patents-in-suit are now the subject of requests for reexamination before the PTO. These reexaminations will likely cancel all of the patent claims, allowing this case to end without any further proceedings—no technology tutorials, claim construction, discovery, expert reports, summary judgment or trial. Staying this action pending reexamination is therefore appropriate.

The two patents-in-suit were developed by a company that sold fire alarms and are both directed to a "fire warning and detection system." NorthPeak, a technology licensing company that acquired the fire alarm patents, now alleges that they cover all products that comply with a wireless networking standard called "802.11b." NorthPeak's overly broad construction, however, is ultimately self-defeating because it encompasses 1970s-era technology, among other prior art, rendering the asserted claims invalid. NorthPeak's novel claim interpretation was not presented to the PTO in the original applications, nor did the PTO consider the prior art that forms the basis of the reexamination requests. Reexamination will permit specialized examiners knowledgeable in the technology to consider the validity of the patents in view of this new evidence. Only a small minority of patents emerge from reexamination unscathed, and it is

1

1  likely that the PTO will invalidate the claims asserted here—mooting this case entirely.  Even if

2  some claims survive, there will likely be fewer to litigate, and the additional prosecution history

3  will aid the Court in claim construction.

4  　　　A stay of this action would not prejudice NorthPeak.  The accused wireless networking

5  standard, 802.11b, was adopted a decade ago.  Yet the original patentee never suggested that its

6  fire alarm patents apply to 802.11b products, much less attempted to enforce them against

7  Defendants—many of whom started selling such products shortly after the 802.11b standard was

8  released.  The patents have now expired, and NorthPeak seeks only monetary relief.  If the

9  asserted claims survive reexamination, such relief remains available, and NorthPeak cannot

10  complain about any incremental delay caused by a stay.  In contrast, granting the stay will

11  conserve the resources of the Court and the parties by avoiding litigation over claims that are

12  unlikely to survive reexamination.

13  **II.　　BACKGROUND**

14  　　**A.　　The Patent Applications.**

15  　　　Our story begins in 1988, when Axonn Corporation filed the first of the patent

16  applications at issue.  The patents were narrowly drawn to a "wireless fire warning and detection

17  system."  [Devkar Decl. Exs. A ('577 patent at col. 1:7), B ('058 patent at col. 1:16)]  Axonn's

18  fire alarm was hardly groundbreaking, and even the named inventors vigorously disagreed with

19  each other about whether the claimed inventions were patentable.  Inventor James Arthur flat-out

20  declared in a letter to his co-inventors that the claims of the second application were invalid:

21

22  　　　　　[G]iven the prior art, what we invented, and the disclosure in the
　　　　　specification, I don't think any of the claims are appropriate. . . . I
　　　　　am very concerned about my liability with the Patent Office if I

23  　　　　　sign this without stating my beliefs regarding the claims.  ***I could
　　　　　not truthfully say that I think these claims describe valid***

24  　　　　　***inventions.***

25  [Devkar Decl. Ex. C (8/12/96 letter from J. Arthur to H. Sanderford) (emphasis supplied)]  The

26  patents subsequently issued with claims covering the fire alarm system disclosed in the

27  application.  The patents nowhere mention or disclose using spread spectrum technology for

28  　　　　　　　　　　　　　　　　　　　2

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1    anything other than a one-way transmission alarm system, aside from a passing phrase that

2    mentions a "local area network data link."  [Devkar Decl. Exs. A ('577 patent col. 4:66-67), B

3    ('058 patent at col. 5:3)]

4         Axonn aggressively enforced the patents against its competitors in the wireless alarm

5    space.  For example, here in the Northern District of California, Axonn fought a seven-year legal

6    battle against several of its alarm system competitors, accusing them of (among other things)

7    infringing one of the patents now in suit.  *Life Point Sys., Inc. v. Cargill, Inc.*, Case No: 93-20352

8    JW (N.D. Cal.).  However, Axonn never attempted to assert the patents against wireless

9    computer networks with multi-way communication.

10        **B.      The 802.11b Standard.**

11        Beginning in the late 1980's, the Institute of Electrical and Electronics Engineers

12   (IEEE)—the world's leading professional organization for the advancement of computer

13   technology—began work on a new standard for wireless computer networks.  In 1999, IEEE

14   released a version of the networking standard called "802.11b."  Axonn was aware of 802.11b at

15   least as early as 2001, when it distinguished its own technology as a supposedly superior

16   alternative.  [Devkar Decl. Ex. D (10/4/01 "Reliable Wireless Connectivity for Sensing &

17   Control Applications," by H. Sanderford and G. Hill of Axonn)]  Yet even though Axonn

18   aggressively asserted its patents against alarm system competitors, it never asserted them

19   against—or even suggested that they covered—802.11b products.  Although 802.11b quickly

20   became very popular, it has long since been displaced by updated IEEE standards not accused of

21   infringement in this case.

22        **C.      NorthPeak.**

23        NorthPeak does not sell any products at all, much less any products that practice the

24   patents-in-suit.  [Devkar Decl. Ex. E (Response to Interrogatory No. 2)]  NorthPeak's only assets

25   are five patents—including the two patents-in-suit—that it acquired from Axonn, all of which are

26   entitled "Wireless Alarm System."  *See* http://www.northpeakwireless.com.

27

28

3

1

**D.     The Lawsuit.**

2       NorthPeak acquired the patents-in-suit less than a month before suing Defendants.

3   [Devkar Decl. Ex. F (Extract of Assignment)]  No one appears to have ever suggested before the

4   filing of this action that these fire alarm patents cover 802.11b wireless computer networking

5   products.  Neither Axonn nor NorthPeak ever gave Defendants notice of the patents or proposed

6   a license.  This lawsuit came out of the blue.  [Devkar Decl. Ex. E (Response to Interrogatory

7   No. 4)]

8       Rather than filing this case in this District, where the patents had previously been

9   litigated and where many of the parties are located, NorthPeak went forum-shopping.  It filed

10  suit in Alabama even though no party—including NorthPeak itself—or witness is located there.

11  The court in Alabama transferred the case to this District, finding that the relevant factors

12  weighed "considerably" in favor of transfer.  [Dkt. 224 at 15]

13      The case is still in its early stages.  No depositions have been scheduled.  The *Markman*

14  hearing is six months away, and no trial date has been set.

15      **E.     The Reexamination Requests.**

16      In its infringement contentions, NorthPeak contends that ***any*** product that complies with

17  802.11b infringes the asserted claims of the patent because the standard provides for data packets

18  to be transmitted using a packet format that includes preamble, address and data fields, and direct

19  sequence spread spectrum (DSSS) modulation.  [Devkar Decl. Ex. J (Preliminary Infringement

20  Contentions at 2)]  But the use of DSSS transmissions with that type of packet format was well

21  known long before the first patent application was filed in 1988.  Indeed, those basic features

22  were disclosed in 1974 in a report published by F.H. Dickson of the Collins Radio Company

23  about a wireless networking system sponsored by the U.S. government.   [Devkar Decl. Ex. G

24  ('577 Reexamination Petition at 8-12)]  Those same features were also subsequently disclosed as

25  background in a patent covering other aspects of a wireless local area network system developed

26  by Telesystems SLW.  [*Id.* at 13-17]  Neither the Dickson report nor the Telesystems patent was

27  before the PTO during prosecution of the patents-in-suit.

28

4

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1    If the asserted claims are inappropriately stretched to cover 802.11b, they necessarily

2    cannot be valid because they would also cover packet radio technology dating back to at least the

3    1970s.  Furthermore, the patents-in-suit are still invalid even given a proper, narrower

4    construction because the 1974 Dickson report and the Telesystems patent disclose or make

5    obvious the specific circuit structures recited in the claims of the patents-in-suit.  On July 28,

6    2009, Intel filed a petition relying on these prior art references asking the PTO to reexamine all

7    asserted claims of the '577 patent, and, by the time the Court considers this motion, it will have

8    filed a petition to reexamine the '058 patent based on the same prior art.  [Devkar Decl. Ex. G

9    ('577 Reexamination Petition)]

10   **III.    ARGUMENT**

11       **A.    Because Reexamination Promotes the Specialized, Efficient Determination of
12            Patent Validity, Stays Pending Reexamination Are Liberally Granted.**

13   The 1980 Patent Act created procedures that enable a party to ask the PTO to reexamine

14   the validity of an issued patent.  One of Congress's principal goals was to "allow courts to refer

15   patent validity questions to the expertise of the Patent Office."  *Patlex Corp. v. Mossinghoff*, 758

16   F.2d 594, 601-02 (Fed. Cir. 1985).  Congress specifically intended to promote the "efficient

17   resolution of questions about the validity of issued patents without recourse to expensive and

18   lengthy infringement litigation."  H.R. Rep. No. 96-1307 at 3-4.  Reexamination in the PTO

19   enables validity to be determined by "the most expert opinions and at a much reduced cost."  *Id.*;

20   *see also ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994)

21   (reexamination is intended "'to provide an inexpensive, expedient means of determining patent

22   validity which, if available and practical, should be deferred to by the courts'"); *Nanometrics,*

23   *Inc. v. Nova Measuring Instruments, Ltd.*, No. C-06-2252 SBA, 2007 WL 627920, at *1 (N.D.

24   Cal. Feb. 26, 2007) ("'Congress instituted the reexamination process to shift the burden [of]

25   reexamination of patent validity from the courts to the PTO.'").

26   When a petition for reexamination is filed, the PTO first determines whether the cited

27   prior art raises a substantial new question of patentability, and, if so, then reexamines the claims

28                                                     5

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1    in accordance with the procedures used for an initial examination.  35 U.S.C. § 303(a).

2    However, whereas an initial examination is conducted by a single examiner, a reexamination is

3    conducted by three (including a supervisory examiner), who "are selected from the ranks of the

4    PTO examiner corps and have an average of approximately 17 years of examining experience."

5    [Devkar Decl. Ex. H (R. Sterne, et al., "Reexamination Practice with Concurrent District Court

6    or USITC Patent Litigation" (2008) at 28-29)]

7         For *ex parte* petitions like the one that Intel has filed here, the PTO proceeds with a

8    reexamination 92% of the time.  [Devkar Decl. Ex. I (*Ex Parte* Reexamination Filing Data –

9    June 30, 2009)]  In 75% of the cases, the PTO goes on to either cancel or change the claims that

10   it has reexamined.  *Id.*  In other words, patents emerge unchanged from *ex parte* reexaminations

11   only a quarter of the time.

12        In light of the intent of Congress, the expertise of the PTO, and the efficiency of

13   reexamination, there is a "liberal policy" in favor of staying patent lawsuits pending

14   reexamination.  *ASCII Corp.*, 844 F. Supp. at 1381; *Nanometrics*, 2007 WL 627920, at *1 (the

15   legislative history "'evinces congressional approval of district courts liberally granting stays'").

16   Indeed, "[t]he stay of pending litigation to enable PTO review of contested patents was one of

17   the specified purposes of the reexamination legislation."  *Patlex Corp.*, 758 F.2d at 606;

18   *Nanometrics*, 2007 WL 627920, at *1 (a stay allows the court to take advantage of the "'PTO's

19   specialized expertise to reduce costly and timely litigation'").

20        There is an "impressive surfeit of case law favoring stays" early in patent cases.  *Tse v.

21   Apple Inc.,* No. C-06-06573 SBA, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007).  The policy

22   in favor of stays is so strong that courts regularly grant them even before the PTO has decided

23   that it will reexamine the patent.  *See, e.g., id.* at *5; *Hewlett-Packard Co. v. Acuson Corp.*, No.

24   C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993); *SP Techs., LLC v. HTC*

25   *Corp.*, No. 08-C-3760, 2009 WL 1285933, at *2 (N.D. Ill. May 6, 2009); *Cross Atl. Capital*

26   *Partners, Inc. v. Facebook, Inc.*, 2008 WL 3889539, at *3 (E.D. Pa. Aug. 18, 2008).  In at least

27   one instance, this Court has issued a stay **before** the defendant had even formally sought

28

6

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1    reexamination, based on the defendant's stated intention to file such a petition. *ASCII*, 844 F.

2    Supp. at 1381.

3         **B.    The Court Should Stay This Case Pending Reexamination.**

4         Courts consider three factors in determining whether to stay a patent case pending

5    reexamination:  (1) whether a stay will simplify the issues; (2) whether discovery is complete

6    and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear

7    tactical disadvantage to the non-moving party. *In re Cygnus Telecomms. Tech., LLC*, 385 F.

8    Supp. 2d 1022, 1023 (N.D. Cal. 2005); *Nanometrics*, 2007 WL 627920, at *2; *Tse,* 2007 WL

9    2904279, at *2.  All three factors weigh in favor of a stay here.

10        **1.    A stay will likely simplify the issues, if not moot the case entirely.**

11        A stay is "particularly justified" where reexamination might eliminate the need for a trial

12   by cancelling the claims or might "assist the court in determining patent validity." *Cygnus,* 385

13   F. Supp. 2d at 1023; *KLA-Tencor Corp. v. Nanometrics, Inc.,* No. C-05-03116 JSW, 2006 WL

14   708661, at *4 (N.D. Cal. Mar. 16, 2006) (granting stay because it would "simplify the issues and

15   streamline the trial, thereby reducing the burden on, and preserving the resources of both the

16   parties and the Court.").  That is certainly the case here.

17        The weaknesses of the patents-in-suit are manifest in light of the expansive scope that

18   NorthPeak is attempting to give them.  By seeking to stretch these two fire alarm patents to cover

19   802.11b computer products, NorthPeak is applying them so broadly that they encompass radio

20   technology that was developed in the 1970s—and that therefore invalidates them.  If the PTO

21   agrees that the claims are invalid, this case will end.  No discovery.  No claim construction.  No

22   tutorial on direct sequence spread spectrum technology.  No expert reports.  No dispositive

23   motions.  No trial. *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA

24   (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) (absent a stay, "the court may waste time

25   examining the validity of claims which are modified or eliminated altogether during

26   reexamination").

27

28
                                               7
---
**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1    The likelihood that the claims will be cancelled here is even greater than usual because

2  the patents-in-suit have expired.  During reexamination, NorthPeak will not be able to "fix" the

3  claims to overcome the PTO's objections to patentability.  37 C.F.R. § 1.530(j) ("No amendment

4  may be proposed for entry in an expired patent.").

5    Even should some claims survive, reexamination will help clarify the scope of the

6  remaining claims and provide guidance in understanding the prior art.  *Gould v. Control Laser*

7  *Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (dismissing appeal of stay order and noting that one

8  purpose of the reexamination procedure is to provide "the district court with the expert view of

9  the PTO (when a claim survives the reexamination proceeding)"); *Cygnus,* 385 F. Supp. 2d at

10  1024 (reexamination can give the court "a richer prosecution history" for claim construction

11  determinations); *Nanometrics*, 2007 WL 627920, at *3 (reexamination can "facilitate the trial by

12  providing the Court with the opinion of the PTO and clarifying the scope of the claims").  For

13  example, the reexamination proceedings will create additional "intrinsic evidence" relevant for

14  claim construction.  *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997)

15  (during reexamination, a patentee may "commit to a particular meaning for a patent term, which

16  meaning is then binding in litigation"); *C.R. Bard, Inc. v. U.S. Surgical Corp.,* 388 F.3d 858,

17  867-69 (Fed. Cir. 2004) (citing statements made by patentee during reexamination to support the

18  district court's claim construction and judgment of non-infringement).

19              **2.      This case is in its early stages.**

20    The Initial Case Management Conference was only two months ago, and no trial date has

21  been set.  Claim construction briefing has not started, and the *Markman* hearing is six months

22  away.  No depositions have been taken or even scheduled.  No dispositive motions have been

23  filed.  These facts favor a stay.  *See, e.g., ASCII Corp.,* 844 F. Supp. at 1380 (citing with

24  approval a case in which the court had granted a stay 16 months after the suit had been filed);

25  *Tse,* 2007 WL 2904279, at *2 (a stay is "particularly appropriate" where there has been little

26  discovery); *KLA-Tencor,* 2006 WL 708661, at *2 (the fact that the parties had not yet conducted

27  "significant discovery" favored a stay).

28                                           8

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1    Nor can there be any suggestion of undue delay by Defendants.  Intel timely sought

2    reexamination after NorthPeak served its preliminary infringement contentions, which identified

3    for the first time which of the 100+ claims in the patents NorthPeak would be asserting and

4    exposed just how broadly NorthPeak is attempting to apply those claims.  The reexamination

5    petition was filed a month before the deadline for preliminary invalidity contentions.  *See*

6    *Cygnus,* 385 F. Supp. 2d at 1023-24 (no undue delay where case had been pending "over a year"

7    before a reexamination petition was filed); *Tse,* 2007 WL 2904279, at *4 (no undue delay where

8    reexamination was sought three months <u>after</u> service of preliminary invalidity contentions).

9    **3.    A stay will not prejudice NorthPeak.**

10    This case is solely about money.  NorthPeak does not make or sell any products or

11    services.  It is not at risk of suffering competitive injury.  Because the patents have expired, all of

12    NorthPeak's alleged damages occurred in the past, and it cannot seek an injunction.  In the event

13    that NorthPeak does prevail in this case, its remedy will be limited to money.  Courts have

14    "consistently" held that technology licensing companies like NorthPeak "cannot be prejudiced

15    by a stay because monetary damages provide adequate redress for infringement."  *Implicit*

16    *Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C 08-00184 JLR, 2009 WL 357902, at *3

17    (W.D. Wash. Feb. 9, 2009) (collecting cases).

18    Courts also have repeatedly rejected claims of prejudice that were based solely on the

19    ground that reexamination would delay final adjudication of the lawsuit.  *E.g., Sorensen v. Black*

20    *& Decker Corp.*, No. 06cv1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10,

21    2007) (granting stay where plaintiff's claims of prejudice "boil down to his inconvenience in

22    delaying final collection of any monetary award of royalties, assuming he ultimately wins");

23    *Photoflex Prods., Inc. v. Circa 3 LLC,* No C 04-03715 JSW, 2006 WL 1440363, at *2 (N.D.

24    Cal. May 24, 2006) ("The delay inherent to the reexamination process does not constitute, by

25    itself, undue prejudice."); *Nanometrics*, 2007 WL 627920, at *3 ("Mere delay, without more

26    though, does not demonstrate undue prejudice.").

27

28

9

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

Moreover, a stay would be relatively short.  The PTO is required to conduct reexaminations with "special dispatch."  35 U.S.C. §§ 305, 314.  The PTO gives the "highest priority" to reexamination of patents involved in litigation, such as those at issue here, and response deadlines are shortened.  Manual of Patent Examining Procedure at §§ 2261-63.  NorthPeak cannot complain about a relatively brief additional delay in having its claims adjudicated (assuming that the patents do in fact survive reexamination).  In fact, should the PTO invalidate all the asserted patent claims, NorthPeak would actually have benefited from a stay because it would have avoided the expense of engaging in concurrent, and ultimately fruitless, litigation.  *See, e.g., Implicit Networks,* 2009 WL 357902, at *2 ("Granting a stay 'allow[s] [for] the reexamination of patent validity in an impartial forum at almost 100 times less cost to the parties by people trained to understand the technologies described in the patents.'").

NorthPeak's claims of prejudice would ring especially hollow because the short delay inherent to the reexamination process pales in comparison to the decade that passed before the patents were first asserted against the 802.11b standard.  Even then, NorthPeak further slowed things down by forum-shopping and filing this case in a venue that had no connection to the claims or parties.   NorthPeak's own delay is fatal to any claim of supposed prejudice.  *See Acuson Corp.*, 1993 WL 149994, at *2 (plaintiff's "ten year delay in seeking to protect its patented interests weighs heavily against denying Acuson's motion for stay").

## IV.   CONCLUSION

The Court should stay this case pending reexamination because a stay will promote judicial economy, will simplify the issues (if not dispose of the case entirely), and will not prejudice NorthPeak.

10

**MOTION TO STAY PENDING REEXAMINATION
CASE NO: 3:09-CV-00602-CRB**

1

2    DATED:  July 31, 2009

3                                      By:____/s/ Andrew V. Devkar_____

4

5                                      Richard de Bodo  (CA SBN 128199)
                                       Christopher P. Broderick  (CA SBN 180254)
6                                      Andrew V. Devkar  (CA SBN 228809)
                                       HOGAN & HARTSON LLP
7                                      1999 Avenue of the Stars, Suite 1400
                                       Los Angeles, CA 90067
8
                                       *Attorneys for Epson America, Inc.*
9

10   DATED:  July 31, 2009

11

12                                     By: _____/s/_____

13

14                                     Richard C. Vasquez (CA SB 127228)
                                       Avin P. Sharma (CA SB 233328)
                                       VASQUEZ BENISEK & LINDGREN LLP
15                                     3685 Mt. Diablo Blvd., Suite 300
                                       Lafayette, CA 94549
16                                     Tel: (925)-627-4250
                                       Fax: (925)-403-0900
17
                                       *Attorneys for 3Com Corporation, and SMC*
18                                     *Networks, Inc.*

19   DATED:  July 31, 2009

20
                                       By:_____/s/_____
21
                                       Chad S. Campbell (#258723)
22                                     Timothy J. Franks (#197645)
                                       **PERKINS COIE BROWN & BAIN P.A.**
23                                     2901 North Central Avenue, Suite 2000
                                       Phoenix, Arizona  85012-2788
24

25                                     *Attorneys for Intel Corporation*

26

27

28                                     11
     _____
     **MOTION TO STAY PENDING REEXAMINATION**
     **CASE NO: 3:09-CV-00602-CRB**

1   DATED:  July 31, 2009

2                                      By:                    /s/

3                                      Justin T. Beck (Cal. Bar No. 53138)

4                                      Alfredo A. Bismonte (Cal. Bar. No. 136154)
                                       Jeremy M. Duggan (Cal. Bar. No. 229854)
5                                      Beck, Ross, Bismonte & Finley, LLP
                                       50 West San Fernando Street, Suite 1300
6                                      San Jose, CA 95113
                                       Tel: (408) 938-7900
7                                      Fax: (408) 938-0790

8
                                       *Attorneys for ASUS Computer International*
9
    DATED:  July 31, 2009
10

11                                     By:                    /s/

12                                     David Enzminger
                                       Ryan Yagura
13                                     Nicholas J. Whilt
                                       O'Melveny & Myers LLP
14                                     400 South Hope Street
                                       Los Angeles, California 90071-2899
15                                     Tel: (213) 430-6000
                                       Fax: (213) 430-6407
16

17                                     Kristopher M. Dawes
                                       O'Melveny & Myers LLP
18                                     610 Newport Center Drive
                                       Newport Beach, California 92660-6429
19                                     Tel: (949) 760-9600
                                       Fax: (949) 823-6994
20

21                                     *Attorneys for Belkin International, Inc.*

22

23

24

25

26

27

28
    _____
                                       12
    **MOTION TO STAY PENDING REEXAMINATION**
    **CASE NO: 3:09-CV-00602-CRB**

1    DATED:  July 31, 2009

2                                         By:                    /s/

3                                         Michael A. Jacobs

4                                         MORRISON & FOERSTER LLP
                                          425 Market Street
5                                         San Francisco, CA 94105

6                                         Karl J. Kramer

7                                         MORRISON & FOERSTER LLP
                                          755 Page Mill Road
8                                         Palo Alto, CA 94304

9                                         *Attorneys for SonicWALL, Inc.*

10   DATED:  July 31, 2009

11                                        By:                    /s/

12                                        Karl J. Kramer

13                                        Christopher F. Jeu
                                          MORRISON & FOERSTER LLP
14                                        755 Page Mill Road
                                          Palo Alto, CA 94304
15

16                                        *Attorneys for Fujitsu America, Inc.*

17   DATED:  July 31, 2009

18                                        By:                    /s/

19                                        David J. Levy

20                                        Rich Rambo
                                          C. Erik Hawes
21                                        I. Clay Roger
                                          Lindsey Cowart
22                                        MORGAN, LEWIS & BOCKIUS LLP
                                          1000 Louisiana St., Suite 4200
23                                        Houston, TX  77002

24
                                          *Attorneys for Hewlett-Packard Company*
25

26

27

28                                        13
     MOTION TO STAY PENDING REEXAMINATION
     CASE NO: 3:09-CV-00602-CRB

DATED:  July 31, 2009

By:                  /s/

John N. Zarian
Dana M. Herberholz
ZARIAN MIDGLEY & JOHNSON PLLC
960 Broadway Ave., Suite 250
Boise, Idaho 83706

*Attorneys for ViewSonic Corporation*

DATED:  July 31, 2009

By:                  /s/

Christine Yang
Duncan Palmatier
LAW OFFICES OF S. J. CHRISTINE YANG
17220 Newhope Street, Suite 101-102
Fountain Valley, CA 92708

*Attorneys for D-Link Systems, Inc. and Zyxel
Communications, Inc.*

DATED:  July 31, 2009

By:                  /s/

James A. DiBoise
Roger J. Chin
Jennifer Ochs
Ryan R. Smith
Matthew A. Argenti
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105

*Attorneys for NETGEAR, Inc.*

14

1    DATED:  July 31, 2009

2                                              By:_____/s/_____

3                                              William B. Dyer III

4                                              Anita Bhushan
                                               Roger Dale Taylor

5                                              FINNEGAN, HENDERSON, FARABOW,
                                               GARRETT & DUNNER, LLP

6                                              303 Peachtree Street, NE, Suite 3500

7                                              Atlanta, GA 30308

8                                              *Attorneys for Sony Electronics Inc., and Sony
                                               Computer Entertainment America Inc.*

9

10   DATED:  July 31, 2009

11                                             By:_____/s/_____

12                                             Kai Tseng
                                               Thomas H. Zellerbach

13                                             Michael C. Ting
                                               James H. Lin

14                                             ORRICK, HERRINGTON & SUTCLIFFE LLP

15                                             1000 Marsh Road
                                               Menlo Park, California 94025

16                                             (650) 614-7400
                                               (650) 614-7401 (fax)

17

18                                             *Attorneys for Acer America Corp., Gateway, Inc.,
                                               and WatchGuard Technologies, Inc.*

19   DATED:  July 31, 2009

20                                             By:_____/s/_____

21                                             David H.S. Commins (SBN 124205)

22                                             Kit L. Knudsen (SBN 154714)
                                               COMMINS & KNUDSEN, P.C.

23                                             400 Montgomery Street, Suite 200
                                               San Francisco, CA 94104

24                                             Tel: (415) 391-6490
                                               Fax: (415) 391-6493

25

26                                             *Attorneys for Buffalo Technology (USA), Inc.*

27

28                                             15

MOTION TO STAY PENDING REEXAMINATION
CASE NO: 3:09-CV-00602-CRB

1 | DATED:  July 31, 2009

2 |                                          By:                    /s/

3 |

4 |                                          David S. Bloch
                                             WINSTON & STRAWN LLP

5 |                                          101 California Street
                                             San Francisco, CA 94111-5894

6 |                                          *Attorneys for U.S. Robotics Corporation*

7 |

8 | DATED:  July 31, 2009

9 |

10 |                                         By:                    /s/

11 |                                         John J. Feldhaus
                                            Pavan Agarwal

12 |                                         FOLEY & LARDNER LLP
                                            3000 K Street, N.W., Suite 500

13 |                                         Washington, D.C. 20007

14 |                                         *Attorneys for Toshiba America Information*

15 |                                         *Systems, Inc.*

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

16

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1   DATED:  July 31, 2009

2                                          By: _____ /s/ _____

3                                          Sean P. DeBruine (SBN 168071)
4                                          ALSTON + BIRD LLP
                                           Two Palo Alto Square
5                                          3000 El Camino Real, Suite 400
                                           Palo Alto, California  94306
6                                          Telephone:     650-838-2000
                                           Facsimile:     650-838-2001
7                                          sean.debruine@alston.com

8
                                           Patrick J. Flinn (SBN 104423)
9                                          John D. Haynes (pro hac vice)
                                           Byron R. Holz (pro hac vice)
10                                         ALSTON + BIRD, LLP
                                           One Atlantic Center
11                                         1201 W Peachtree St
                                           Atlanta, GA 30309
12                                         Telephone :    (404) 881-7000
                                           Fax :          (404) 881-7777
13                                         patrick.flinn@alston.com
                                           john.haynes@alston.com
14                                         byron.holz@alston.com
15
                                           Stacey G. White (pro hac vice)
16                                         ALSTON + BIRD, LLP
                                           Chase Tower, Suite 3601
17                                         2200 Ross Ave
                                           Dallas, TX 75201
18                                         Telephone :    (214) 922-3400
                                           Fax :          (214) 922-3899
19                                         stacey.white@alston.com
20
                                           **Attorneys for Dell, Inc.**
21

22

23

24

25

26

27

28

                                           17

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

1   DATED:  July 31, 2009

2                                                  By:_____/s/_____

3
                                                   Jen-Feng Lee
4                                                  WORLDESQUIRE LAW FIRM LLP
                                                   80 South Lake Avenue, Suite 708
5                                                  Pasadena, CA 91101
                                                   Phone: 626-795-5555
6                                                  Fax: 626-795-5533

7
                                                   *Attorneys for Trendnet Systems, Inc., Trendware*
8                                                  *International, Inc., and Zonet USA Corporation*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                   18
     **MOTION TO STAY PENDING REEXAMINATION**
     **CASE NO: 3:09-CV-00602-CRB**

1

## __Consent to Filing Pursuant to General Order 45(X)__

2

3        I, Andrew V. Devkar, hereby attest that written concurrence to the filing of this Motion

4   has been obtained from each of the parties listed in the foregoing signature block.

5

6

7   Dated: July 31, 2009                          /s/ Andrew V. Devkar_____

8                                                    Andrew V. Devkar

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**

## <u>CERTIFICATE OF SERVICE</u>

### *NorthPeak Wireless, LLC v. 3COM Corp., et al.*

**U.S. District Court, Northern District of California, Case No. 3:09-CV-00602-CRB**

I hereby certify that on July 31, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel who have entered an appearance in this action.

/s/    Andrew V. Devkar

Andrew V. Devkar

20

**MOTION TO STAY PENDING REEXAMINATION**
**CASE NO: 3:09-CV-00602-CRB**