**NIX, PATTERSON & ROACH, L.L.P.**
DEREK T. GILLILAND (*pro hac vice*)
dgilliland@nixlawfirm.com
EDWARD CHIN *(pro hac vice)*
edchin@me.com
ANDREW J. WRIGHT *(pro hac vice)*
andrewjwright@me.com
CHRISTIAN HURT *(pro hac vice)*
christianhurt@nixlawfirm.com
KIRK VOSS *(pro hac vice)*
kirkvoss@me.com
WINN CUTLER *(pro hac vice)*
winncutler@nixlawfirm.com
ROSS LEONOUDAKIS *(pro hac vice)*
rossl@nixlawfirm.com
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

– and –

**KESSLER TOPAZ MELTZER & CHECK, LLP**
ELI R. GREENSTEIN (State Bar No. 217945)
egreenstein@ktmc.com
One Sansome Street, Suite 1850
San Francisco, California 94104
Telephone: (415) 400-3004
Facsimile: (415) 400-3001

ATTORNEYS FOR PLAINTIFF NORTHPEAK
WIRELESS, LLC

(*Additional Counsel on Signature Page*)

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTHPEAK WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>3COM CORPORATION, *et al*,<br><br>Defendants. | Case No:    3:09-cv-00602-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  The Honorable Susan Illston<br>        Courtroom  10, 19th Floor |

Pursuant to the Court's Order setting a Further Case Management Conference (Dkt. No. 524) and Judge Illston's Standing Orders, Plaintiff NorthPeak Wireless, LLC ("NorthPeak"), Defendants[1], and Intervenor Intel Corporation ("Intel") hereby jointly submit this Joint Case Management Statement.

## I.   JURISDICTION AND SERVICE

This is a patent infringement action brought pursuant to 35 U.S.C. § 101, *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  On January 21, 2009, the U.S. District Court for the Northern District of Alabama granted Defendants' motion to transfer venue to the Northern District of California.  NorthPeak opposed the motion to transfer and contends that it is not subject to jurisdiction in California.  All parties have been served.

## II.   FACTS

NorthPeak initially alleged that Defendants and intervenor Intel had infringed two patents: U.S. Patent No. 4,977,577 ("the '577 Patent") and US Patent No. 5,987,058 ("the '058 Patent"), both of which expired on November 2, 2008.  The patents were subjected to reexamination after NorthPeak filed this action. The Patent Office issued reexamination certificates canceling the asserted claims of the '058 Patent and confirming the patentability of the asserted claims of the '577 Patent.

The '577 Patent is entitled "Wireless Alarm System."  NorthPeak asserts that the Patent

---

[1] "Defendants" refers to 3Com Corporation ("3Com"), ACER America Corporation ("Acer America"), ASUS Computer International ("ASUS"), Belkin International LLC ("Belkin"), Buffalo Americas, Inc. ("Buffalo"), Dell, Inc. ("Dell"), D-Link Systems, Inc. ("D-Link"), Epson America, Inc. ("Epson"), Fujitsu America, Inc. ("FAI"), Gateway, Inc. ("Gateway"), Hewlett-Packard Company ("HP"), NETGEAR, Inc. ("NETGEAR"), SMC Networks, Inc. ("SMC"), SonicWALL, Inc. ("SonicWALL"), Sony Electronics Inc. ("SEL"), Sony Computer Entertainment America LLC, a successor-in-interest to Sony Computer Entertainment America Inc. ("SCEA"), Toshiba America Information Systems, Inc. ("TAIS"), Trendnet Systems, Inc. ("Trendnet"), Trendware International, Inc. ("Trendware"), U.S. Robotics Corporation ("U.S. Robotics"), ViewSonic Corporation ("ViewSonic"), WatchGuard Technologies, Inc. ("WatchGuard"), Zonet USA Corporation ("Zonet"), Zyxel Communications, Inc. ("Zyxel").

generally claims certain types of spread spectrum wireless transmitters and methods and is infringed by WiFi-enabled devices sold by Defendants and Intel that comply with the 802.11b wireless standard. Defendants and Intel disagree and further contend that the '577 Patent is invalid and is unenforceable under the doctrines of inequitable conduct and/or unclean hands as a result of the conduct of the inventors and the prior assignee of the patents – Axonn Corporation. Defendants and Intel also contend that Plaintiff's ability to recover damages is limited because of Plaintiff's predecessor's failure to comply with the patent marking requirements of 35 U.S.C. § 287.

## III.   LEGAL ISSUES

1. The construction of the asserted claims of the '577 Patent.

2. The alleged infringement of the '577 Patent by Defendants and Intel.

3. The alleged invalidity of the '577 Patent.

4. The defenses and counterclaims asserted by Defendants.

5. The alleged unenforceability of the '577 Patent.

6. NorthPeak's claim for damages.

## IV.   MOTIONS

### a.   Prior Motions

On December 5, 2008, Zonet, Trendnet, and Trendware filed motions to dismiss for lack of jurisdiction in the U.S. District Court for the Northern District of Alabama. [Dkt. 122, 123, 124] Also on that day, Zyxel filed a motion to dismiss for lack of jurisdiction and improper venue pursuant to Fed. R. Civ. P. Rule 12(b)(2) and (3). [Dkt. 149]

On December 16, 2008, several of the defendants jointly filed a motion to transfer venue to the Northern District of California. [Dkt. 169] On January 20, 2009, Intel filed a motion to intervene. [Dkt. 215]

On January 21, 2009, the U.S. District Court for the Northern District of Alabama issued an order that: (1) granted the motion to transfer; (2) held that Zonet, Trendnet, Trendware, and Zyxel's motion to dismiss was moot; and (3) ordered that the pending motion to intervene by Intel would be resolved in the Northern District of California. [Dkt. 224]

1    On March 6, 2009, Intel filed a new motion to intervene with this Court, which granted

2    the motion on March 27, 2009. [Dkt. 286]

3    On March 10, 2009, Defendants filed an Administrative Motion in *LifePoint v. Cargill*

4    (Case No. C-93-20352-JW) to Consider Whether Cases Should Be Related.  On March 13, 2009,

5    the Honorable James Ware denied the motion. [Dkt. 297]

6    After the Initial Case Management Conference, this Court set a limit of seven terms to be

7    construed.  [Dkt. 398]

8    On August 28, 2009, the Court entered the parties' stipulation to stay the action pending

9    reexamination of the patents-in-suit. [Dkt. 426]

10    **b.  Pending or Anticipated Motions**

11    The parties anticipate briefing under the Patent Local Rules.

12    The parties also anticipate that they may file motions seeking summary judgment on one

13    or more aspects of the claims, counterclaims, and defenses asserted in this litigation.  For

14    example, Plaintiff expects to file a motion for summary judgment of no invalidity and possibly

15    infringement, and Defendants anticipate filing one or more motion for summary judgment on

16    noninfringement and on one or more of their defenses, such as laches and/or or compliance with

17    35 U.S.C. § 287.[2]  The parties expect to file pre-trial motions, such as motions in limine, and

18    may file discovery motions if the need arises.

19    Intel and certain of the Defendants believe that the Court and the parties would benefit

20    from focused early summary judgment motions directed to the specific elements of the asserted

21    claims in the '577 Patent that were defined in the recently-concluded reexamination proceedings

22    at the PTO. Plaintiff believes that summary judgment motions are premature before the Court

23    has construed the terms in the '577 Patent and the Parties have completed fact and expert

24    discovery.

25

26

27    [2] To the extent that § 5 of Court's Standing Order limits Intel and Defendants to collectively filing a single motion for summary judgment, Intel and Defendants anticipate that they may request leave of Court to file their own party-specific motions for summary judgment. The

28    parties will meet and confer at the appropriate time.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

## V.    AMENDMENT OF PLEADINGS

The parties are unaware of any proposed amendments.  The parties propose that any amendments to pleadings or parties take place by March 13, 2015.

## VI.    EVIDENCE PRESERVATION

All parties have been advised by their counsel to preserve all relevant evidence, including electronically stored evidence, if any.

## VII.    DISCLOSURES

The parties timely served their initial disclosures prior to the entry of the stay.

## VIII.    DISCOVERY

### a.  Discovery To Date

Prior to the stay, the parties served and responded to initial document requests and interrogatories. The parties also served several third-party subpoenas. The parties have not taken any depositions or expert discovery in this case. Since the stay has lifted, the parties have served additional third-party subpoenas and discovery requests.

Intel believes that Plaintiff's preliminary infringement contentions concerning its products are wholly inadequate. Intel made available the technical information about its accused products more than six years ago (and before Plaintiff served its preliminary infringement contentions). Nevertheless, Plaintiff's contentions suffer from numerous deficiencies. Among other things, they do not specify where the claim limitations can allegedly be found, they do not identify the corresponding structures for the means-plus-function limitations, and the allegations regarding indirect infringement and the doctrine of equivalents are mere boilerplate. Plaintiff disagrees that its infringement contentions are inadequate, as they contain the technical detail that was reasonably available to Plaintiff at the time. Defendants and Intel served hundreds of thousands of pages of documents on Plaintiff just three weeks before Plaintiff served roughly 30 sets of infringement contentions. Additionally, discovery in this case was stayed for nearly five years at the request of Intel and Defendants shortly after Plaintiff served its contentions. Nevertheless, Plaintiff's new counsel has been negotiating a compromise with counsel for Intel and expects to amend its infringement contentions as to Intel shortly. If the Parties are unable to

1   reach agreement Intel anticipates that it may need to file a motion.  If they reach an agreement,

2   Plaintiff expects to file an unopposed motion for leave to serve amended infringement

3   contentions as to Intel in the next few weeks.

4            **b.  Discovery Limitations**

5        The parties have agreed on the following discovery limitations, except where noted.  In

6   addition, for each of the following discovery limitations, the parties disagree on the treatment of

7   groups of defendants that are related, as follows:  [Defendants propose that any group of

8   defendants related as parent/subsidiary or that are under common ownership or control should be

9   considered to be a single "Defendant" and a single "party" for the purposes of the following

10   limitations.  Defendants believe this proposal would remove all ambiguity of how these

11   discovery limitations would apply to such related entities, e.g., HP/3Com.[3]] [Plaintiff opposes

12   such Defendant grouping and proposes that each defendant, regardless of any relationship to any

13   other defendant, should be considered to be a separate "Defendant" and a separate "party" for the

14   purposes of the following limitations. Plaintiff notes that the below discovery limits were

15   negotiated—and the pre-stay Case Management Statement filed—without reference to such

16   "Defendant groups." *See* Dkt. No. 389. Plaintiff served discovery requests before the stay was

17   entered with the understanding that each entity was a separate Defendant. Defendants responded

18   to such discovery requests individually—not as Defendant groups. Additionally, Plaintiff's

19   infringement contentions and accused instrumentalities are distinct as to each individual

20   Defendant.]

21           **i.  Interrogatories**

22        The Plaintiff may serve up to twenty five (25) interrogatories total on each Defendant and

23   Intel.  The Defendants may serve fifteen (15) common interrogatories on the Plaintiff and an

24   additional ten (10) individual interrogatories may be served by each Defendant on the Plaintiff.

25   Plaintiff asks that the Court impose the same limitations on Intel, which intervened after the

26   original parties' agreement.  Intel believes it is entitled to serve twenty-five (25) interrogatories

27

28   [3] HP completed its acquisition of 3Com in April 2010, after this case was stayed.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

on Plaintiff as provided in Fed. R. Civ. P. 33(a)(1).

### ii.   Request for Admissions

Each party may serve up to fifty (50) requests for admissions on any other party, except that any party may issue an unlimited number of Requests for Admissions seeking authentication of documents.

### iii.   Depositions for Parties and Third-Parties

The Plaintiff shall be entitled to take four hundred fifty (450) hours of deposition testimony total of parties and third-parties, exclusive of designated expert witnesses (but no more than 28 hours of depositions as to each Defendant and to Intel).

The Defendants and Intel shall be entitled to take a total of three hundred fifty (350) hours of deposition testimony total of parties and third-parties, exclusive of designated expert witnesses.

Absent agreement, no deposition of a fact witness under Fed. R. Civ. P. 30(b)(1) shall exceed 7 hours, except that an individual inventor may be deposed for up to [Plaintiff proposes 10 hours] [Defendants and Intel propose 14 hours].

### iv.   Expert Depositions

The parties agree that additional deposition time will be permitted for experts whose reports are directed to more than one defendant or who submit more than one report. The Parties will meet and confer in good faith to agree on specific time limitations on expert depositions after service of the Parties' respective expert reports.

### v.   Depositions Requiring Translators

[Plaintiff proposes that the time limit for any deposition requiring the use of a translator shall be doubled, but only half the hours used will count against the party's total deposition time in this action (such that, for example, a fact witness requiring a translator may be deposed for up to fourteen (14) total hours, which will count for up to seven (7) hours for purposes of calculating deposition hours used)]. [Defendants and Intel propose that the time limit for any deposition requiring the use of a translator shall be increased by fifty percent, but only the actual hours used will count against the party's total deposition time in this action (such that, for

example, a fact witness requiring a translator may be deposed for up to ten and one half hours, which will count for up to seven hours for purposes of calculating deposition hours used)].

### vi.  Discoverability of Certain Expert Materials

The parties agree that testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases, be subject to discovery in this case.

The parties further agree that discovery of materials provided to a testifying expert and the expert's communications in connection with his or her role as a testifying expert in this litigation shall be limited to subject matter that is relevant to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  Notwithstanding the foregoing, an expert who is also a fact witness may be subject to discovery concerning his or her relevant factual knowledge.

### vii.  Privilege Log

The parties agree that privileged and/or work product documents created by any party after the filing of the Complaint do not need to be logged.  Plaintiff proposes that privileged and/or work product documents that were created since January 1, 2008 as part of the pre-filing investigation of this infringement case also do not need to be logged.  Defendants and Intel oppose this proposal.

### viii.  Modification

The above limitations may be modified by agreement of the parties or further Order of the Court.

### c.  E-discovery

The parties agree to negotiate in good faith regarding the scope of electronic discovery and believe that they will be able to submit a proposed joint E-discovery order for the Court's consideration.

## IX.    CLASS ACTIONS.

This is not a class action.

## X. RELATED CASES.

On March 10, 2009, Defendants filed an administrative motion in *LifePoint v. Cargill* (Case No. C-93-20352-JW) to consider whether this case should be related to that one. On March 13, 2009, the Honorable James Ware denied the motion. [Dkt. 297] The parties are not aware of any other cases that might be considered to be "related" to the present action.

## XI. RELIEF

NorthPeak seeks damages in an amount to be proven at trial for patent infringement, interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable. Defendants and Intel seek declarations of non-infringement and invalidity, as well as attorneys' fees and costs.

## XII. SETTLEMENT AND ADR

As required by ADR L.R. 3-5, counsel for the parties have discussed the available ADR options. The parties are willing to participate in some form of mediation. The parties have agreed to discuss in good faith the format of mediation and will endeavor to conduct the mediation in a manner that is as efficient as possible.

## XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES

Intel and the Defendants are willing to consent to the assignment of this case to a Magistrate Judge for all purposes under the following conditions: the case is and remains assigned to Magistrate Judge Paul S. Grewal and Judge Grewal has no impediment to presiding over the case. NorthPeak does not consent to the assignment of this case to a Magistrate Judge.

## XIV. OTHER REFERENCES

The parties do not believe that this suit is suitable for reference to binding arbitration or a special master.

## XV. NARROWING OF ISSUES

The parties expect that the patent claim construction decision of disputed claim terms (pursuant to the process set out in the Patent Local Civil Rules) may help to narrow the issues in dispute. Currently, Plaintiff is asserting 5 claims, and Defendants and Intel are asserting 154 prior art references. To streamline the issues for trial, Plaintiff proposes that the Court set

8

deadlines for the Parties to limit the number of asserted claims, prior art references, and obviousness combinations. Specifically, Plaintiff proposes that (1) Plaintiff be limited to 4 asserted claims; (2) Defendants and Intel, collectively, be limited to 8 unique prior art references; and (3) Defendants and Intel, collectively, be limited to a total of 4 unique bases of prior-art invalidity per asserted claim, where a basis is an anticipation reference or a specific obviousness combination of two or more of those 8 references that Defendants and Intel intend to assert. Plaintiff proposes that the deadlines for such limits be discussed and decided at the further case management conference following the Court's Claim Construction Order. Defendants and Intel are willing to meet and confer with Plaintiff on this issue after claims construction.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII. SCHEDULING ISSUES

The parties propose the following schedule that goes through the claim construction hearing, pursuant to Patent Local Rule 4-6. The proposed schedule follows the deadlines set in the Patent Local Rules. Given the number of parties in the case and that the claim construction ruling may substantially impact the posture of the case, the parties propose that, when the court issues its claim construction ruling, it set a further Case Management Conference to establish the remaining schedule for this case, up to and including trial.

| Event | Proposed Date |
|---|---|
| Case Management Conference | February 13, 2015 |
| Proposed Terms for Construction (Patent L. R. 4-1) due | March 6, 2015 |
| Preliminary Claim Constructions and Extrinsic Evidence (Patent L. R. 4-2) due | March 27, 2015 |
| Joint Claim Construction and Prehearing Statement (Patent L. R. 4-3) and claim construction expert reports due | April 21, 2015 |

9

| | |
|---|---|
| Last day for discovery relating to Claim Construction (Patent L. R. 4-4) | June 5, 2015 |
| Opening Claim Construction Brief (in compliance with Patent Local Rule 4-5(a)) due | June 19, 2015 |
| Opposing Claim Construction Brief(s) (in compliance with Patent Local Rule 4-5(b)) due | July 17, 2015 |
| Reply Claim Construction Brief(s) (in compliance with Patent Local Rule 4-5(c)) due | July 31, 2015 |
| Claim Construction Hearing (in compliance with Patent Local Rule 4-6) due | On or after August 7, 2015 |

At the further Case Management Conference following the claim construction ruling, Intel anticipates seeking to sever and sequence the case to simplify and streamline the proceedings and resources needed to reach resolution for both the Court and the parties.  Briefly, NorthPeak named more than 20 different manufacturers or suppliers of end products having WiFi chips in the original complaint.  Its infringement allegations take aim at the semiconductor chips involved in transmit functions in those devices.  Collectively, the Defendants' accused devices used semiconductor chips supplied by a wide range of chip manufacturers.  Intel is the only chip manufacturer that intervened in the case.  Seven of the defendants are accused of infringing the NorthPeak patents by selling computers that incorporate Intel's wireless semiconductor chips.

Intel's motion will seek to sever the claims against it from the remainder of the case.  The motion will also propose that the remaining claims in the case be stayed while the case against Intel proceeds.  Resolving the case against Intel first will, as a practical matter, dispose of the claims against the Defendants that are based on the use of Intel's wireless semiconductor chips.  Focusing first on the Intel case is also likely to simplify and shorten the process of adjudicating the rest of the case.  At this point, Intel has already produced the technical information about its

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

1   accused semiconductor chips and is in a position to move expeditiously to position the case for

2   resolution by motion or trial.  Plaintiff has had possession of that Intel discovery for six years,

3   since before the stay was entered.  In contrast, the balance of the case will depend on information

4   about wireless semiconductor chips from many other vendors—information that Defendants do

5   not have and cannot provide to Plaintiff.  Thus, Intel believes that the discovery period required

6   for the non-Intel portion of the present dispute will be much longer than the discovery period

7   needed for the Intel portion.

8       As an alternative to staying the non-Intel portion of the case, Intel's motion will propose

9   that a different and shorter discovery and motion schedule be set for the severed Intel portion.

10  Intel will be prepared to address at the CMC hearing any questions the Court may have about

11  this severance sequencing proposal.

12      NETGEAR is of the view that joinder against the Defendants is improper and that

13  Plaintiff should be required to show cause for why joinder is proper.  NETGEAR believes that

14  severance of Plaintiff's claims against NETGEAR into a separate action is the proper remedy for

15  the misjoinder.[4]

16      Plaintiff does not believe that it would be appropriate to sever and stay any portion of this

17  case. Defendants and Intel have already stayed the case for nearly five years pending two

18  consecutive *ex parte* reexaminations. Intel and its customers represent less than a third of the

19  parties involved in this case, and the question of whether Intel products infringe the '577 Patent

20  will not necessarily resolve infringement issues related to other non-Intel products. Plaintiff is

21  willing to discuss potential ways to streamline the case with Defendants and Intel and will

22  continue such discussions in the coming months. If and when Intel and/or Defendants file the

23  motions they mention above, Plaintiff will respond accordingly.

24  **XVIII.   TRIAL**

25      Intel and Defendants reserve the right to seek separate jury trials based on the alignment

26

27

28

---

[4] If the claims against some or all the parties are severed, the various discovery limitations now in effect will need to be revisited.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

1   of parties and issues that remain for trial following dispositive motion practice.  Defendants and

2   Intel anticipate that a jury trial of all issues presently in the case would take approximately

3   fifteen (15) to twenty (20) days.  Plaintiff plans to try this case to a jury and anticipates that a

4   jury trial would take approximately five (5) to seven (7) days.

5      **XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

6          All parties have filed a Certification of Interested Entities or Persons.

7   **XX.    PROFESSIONAL CONDUCT**

8          All attorneys of record for the parties have reviewed the Guidelines for Professional

9   Conduct for the Northern District of California.

10  **XXI.    REQUIREMENTS PER N.D. CAL PATENT LOCAL RULES**

11         As required by the Patent Local Rules, the parties discussed each of the topics listed in

12  Patent Local Rule 2-1 during their meet and confer.  In regards to scheduling and the claim

13  construction hearing, the parties believe it is too early to propose a format for the hearing given

14  the number of potential claims at issue.  The parties propose submitting a proposed format for

15  the hearing as part of the Joint Claim Construction and Prehearing Statement that they submit

16  pursuant to Patent Local Rule 4-3.

17         In regard to educating the court on the technology at issue, the parties propose a half-day

18  technology tutorial during the week of the Markman hearing.

19  **XXII.    MISCELLANEOUS TOPICS**

20         The parties agree to electronic e-mail service of all discovery requests and responses to

21  discovery requests pursuant to Fed. R. Civ. P. 5 and 6.

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

DATED:  February 6, 2015

_____
Andrew J. Wright


**NIX, PATTERSON & ROACH, L.L.P.**
DEREK T. GILLILAND (*pro hac vice*)
dgilliland@nixlawfirm.com
EDWARD CHIN (*pro hac vice*)
edchin@me.com
ANDREW J. WRIGHT (*pro hac vice*)
andrewjwright@me.com
CHRISTIAN HURT (*pro hac vice*)
christianhurt@nixlawfirm.com
KIRK VOSS (*pro hac vice*)
kirkvoss@me.com
WINN CUTLER (*pro hac vice*)
winncutler@nixlawfirm.com
ROSS LEONOUDAKIS (*pro hac vice*)
rossl@nixlawfirm.com
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

– and –

**KESSLER TOPAZ MELTZER & CHECK, LLP**
ELI R. GREENSTEIN (State Bar No. 217945)
egreenstein@ktmc.com
One Sansome Street, Suite 1850
San Francisco, California 94104
Telephone: (415) 400-3004
Facsimile: (415) 400-3001

ATTORNEYS FOR PLAINTIFF NORTHPEAK WIRELESS, LLC

13

DATED:  February 6, 2015

**MORGAN LEWIS & BOCKIUS LLP**

By:  /s/ Andrew V. Devkar
     Richard de Bodo (SBN 128199)
     rich.debodo@morganlewis.com
     Andrew V. Devkar (SBN 228809)
     andrew.devkar@morganlewis.com
     The Water Garden
     Suite 2050 North
     1601 Cloverfield Boulevard
     Santa Monica, California 90404-4082
     Tel: 310.907.1000
     Fax: 310.907.2000

Attorneys for Epson America, Inc.

DATED:  February 6, 2015

**VASQUEZ BENISEK & LINDGREN LLP**

By:  /s/ Stephen C. Steinberg
     Richard C. Vasquez (CA SB 127228)
     Jeffrey T. Lindgren (CA SB 176400)
     Eric W. Benisek (CA SB 209520)
     Robert S. McArthur (CA SB 204604)
     Stephen C. Steinberg (CA SB 230656)
     3685 Mt. Diablo Blvd., Suite 300
     Lafayette, CA 94549
     Tel: (925)-627-4250
     Fax: (925)-403-0900
     rvasquez@vbllaw.com
     jlindgren@vbllaw.com
     ebenisek@vbllaw.com
     mcarthur@vbllaw.com
     ssteinberg@vbllaw.com

Attorneys for SMC Networks, Inc.

DATED:  February 6, 2015

**PERKINS COIE LLP**

By:  /s/ Chad S. Campbell
     Chad S. Campbell, CA Bar No. 258723
     cscampbell@perkinscoie.com
     Timothy J. Franks, CA Bar No. 197645
     tfranks@perkinscoie.com
     2901 North Central Avenue, Suite 2000
     Phoenix, AZ  85012-2788
     Telephone:  602.351.8000
     Facsimile:  602.648.7000

Attorneys for Intel Corporation

14

1

2
DATED:  February 6, 2015                    **BECK, BISMONTE & FINLEY**, LLP

3
By: /s/ Jeremy M. Duggan

Justin T. Beck (SBN 53138)
4
Alfredo A. Bismonte (SBN 136154)
Jeremy M. Duggan (SBN 229854)
5
150 Almaden Blvd., 10th Floor
San Jose, CA 95113
6
Tel: (408) 938-7900
Fax: (408) 938-0790
7
jbeck@beckllp.com
abismonte@beckllp.com
8
jduggan@beckllp.com

9
Attorneys for ASUS Computer International

10
DATED:  February 6, 2015                    **O'MELVENY & MYERS** LLP

11
By:  /s/ Edgar Martinez

Ryan Yagura
12
ryagura@omm.com
Vision L. Winter
13
vwinter@omm.com
Nicholas J. Whilt
14
nwhilt@omm.com
400 South Hope Street
15
Kevin Murray
kmurray2@omm.com
16
Los Angeles, California 90071-2899
Tel: (213) 430-6000
17
Fax: (213) 430-6407

18
Edgar Martinez
19
emartinez@omm.com
610 Newport Center Drive
20
Newport Beach, California 92660-6429
Tel: (949) 760-9600
21
Fax: (949) 823-6994

22
Attorneys for Belkin International, Inc.

23

24

25

26

27

28

15

DATED:  February 6, 2015                     **MORGAN, LEWIS & BOCKIUS** LLP

By:  /s/ Michael L. Raspino
    David J. Levy (admitted pro hac vice)
    dlevy@morganlewis.com
    Rick L. Rambo (admitted pro hac vice)
    rrambo@morganlewis.com
    C. Erik Hawes (admitted pro hac vice)
    ehawes@morganlewis.com
    I. Clay Rogers (admitted pro hac vice)
    crogers@morganlewis.com
    Thomas R. Davis (admitted pro hac vice)
    tdavis@morganlewis.com
    Michael L. Raspino (SBN 262037)
    1000 Louisiana St., Suite 4000
    Houston, TX 77002
    Tel: (713) 890-5000
    Fax: (713) 890-5001

    Michael J. Lyons (SBN 202284)
    mlyons@morganlewis.com
    Ahren Christian Hsu-Hoffman (SBN 250469)
    ahoffman@morganlewis.com
    2 Palo Alto Square
    3000 El Camino Real, Suite 700
    Palo Alto, CA 94306
    Tel: (650) 843-4000
    Fax: (650) 843-4001

Attorneys for Hewlett-Packard Company and 3Com Corporation


DATED:  February 6, 2015                     **PARSONS BEHLE & LATIMER**

By:  /s/ Dana M. Herberholz
    Dana M. Herberholz (Pro Hac Vice Pending)
    John N. Zarian
    800 W. Main Street, Suite 1300
    Boise, Idaho 83702
    Telephone: (208) 562-4900
    Facsimile: (208) 562-4901
    dherberholz@parsonsbehle.com
    jzarian@parsonsbehle.com

Attorneys for ViewSonic Corporation

16

DATED:  February 6, 2015

**LAW OFFICES OF S. J. CHRISTINE YANG**

By:  /s/ Victoria Hao
Christine Yang
Duncan Palmatier
17220 Newhope Street, Suite 101-102
Fountain Valley, CA 92708
Telephone: (714) 641-4022
Facsimile: (714) 641-2082
cyang@sjclawpc.com
dpalm@dpalmlaw.com

Attorneys for D-Link Systems, Inc. and Zyxel Communications, Inc.

DATED:  February 6, 2015

**WILSON SONSINI GOODRICH & ROSATI**

By:  /s/ Ryan R. Smith
Ryan R. Smith
Matthew A. Argenti
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
rmsith@wsgr.com
margenti@wsgr.com

Attorneys for NETGEAR, Inc.

DATED:  February 6, 2015

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

By:  /s/ William B. Dyer III
William B. Dyer III
Anita Bhushan
Roger Dale Taylor
303 Peachtree Street, NE, Suite 3500
Atlanta, GA 30308
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
bill.dyer@finnegan.com
anita.bhushan@finnegan.com

Attorneys for Sony Electronics Inc., and Sony Computer Entertainment America LLC

17

1

DATED:  February 6, 2015

2

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

3

By: /s/ Thomas H. Zellerbach

4

Thomas H. Zellerbach (SBN 154557)
1000 Marsh Road

5

Menlo Park, California 94025
(650) 614-7400

6

(650) 614-7401 (fax)
tzerllerbach@orrick.com

7

Attorneys for WatchGuard Technologies, Inc.

8

DATED:  February 6, 2015

9

**TECHKNOWLEDGE LAW GROUP LLP**

10

By: /s/ Michael C. Ting

Kaiwen Tseng (SBN 193756)

11

ktseng@tklg-llp.com
Hsiang "James" H. Lin (SBN 241472)

12

jlin@tklg-llp.com
Michael C. Ting (SBN 247610)

13

mting@tklg-llp.com
100 Marine Parkway, Suite 200

14

Redwood Shores, CA 94306
Telephone: (650) 517-5200

15

Facsimile: (650) 226-3133

16

Attorneys for Acer America Corp. and
Gateway, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

18

DATED:  February 6, 2015

**COMMINS & KNUDSEN, P.C.**

By: /s/ Russell W. Faegenburg

David H.S. Commins (SBN 124205)
Kit L. Knudsen (SBN 154714)
400 Montgomery Street, Suite 200
San Francisco, CA 94104
Tel: (415) 391-6490
Fax: (415) 391-6493
david@commins.com
kit@commins.com

Russell W. Faegenburg
Andrew T. Zidel
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
Tel: (908) 654-5000
Fax: (908) 654-7866
RFaegenburg@ldlkm.com
AZidel@ldlkm.com

Attorneys for Buffalo Americas, Inc.

DATED:  February 6, 2015

**WINSTON & STRAWN LLP**

By: /s/ David S. Bloch

David S. Bloch
David Enzminger
Thomas J. Kearney
101 California Street
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
DBloch@winston.com
DEnzminger@winston.com
tkearney@winston.com

Attorneys for U.S. Robotics Corporation

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

DATED:  February 6, 2015

**FOLEY & LARDNER** LLP

By:  /s/ Pavan Agarwal

    Adrienne H. Miller (SBN 274660)
    975 Page Mill Road
    Palo Alto, CA 94304-1013
    Telephone: (650) 856-3700
    Facsimile: (650) 856-3710
    amiller@foley.com

    John J. Feldhaus (pro hac vice)
    Pavan Agarwal (pro hace vice)
    3000 K Street, N.W., Suite 500
    Washington, D.C. 20007
    Telephone: 202-672-5300
    Facsimile: 202-672-5399
    jfeldhaus@foley.com
    pagarwal@foley.com

Attorneys for Toshiba America Information
Systems, Inc.

DATED:  February 6, 2015

**ALSTON & BIRD** LLP

By:  /s/ Byron R. Holz
    Steven D. Hemminger (SBN 110665)
    Ryan W. Koppelman (SBN 290704)
    1950 University Avenue, 5th Floor
    East Palo Alto, CA 94303-2282
    Telephone: 650-838-2000
    Facsimile: 650-838-2001
    ryan.koppelman@alston.com
    steve.hemminger@alston.com

    Patrick J. Flinn (SBN 104423)
    John D. Haynes (pro hac vice)
    Byron R. Holz (pro hac vice)
    One Atlantic Center
    1201 W Peachtree St
    Atlanta, GA 30309
    Telephone : (404) 881-7000
    Fax : (404) 881-7777
    patrick.flinn@alston.com
    john.haynes@alston.com
    byron.holz@alston.com

Attorneys for Dell, Inc. and SonicWALL

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

DATED:  February 6, 2015              **LT PACIFIC LAW GROUP**

                                      By: /s/ Jen-Feng Lee
                                           Jen-Feng Lee
                                           17800 Castleton Street, #560
                                           City of Industry, California 91748
                                           Phone: (626) 810-7200
                                           Fax: (626) 810-7300
                                           jflee@ltpacificlaw.com

                                      Attorneys for Trendnet Systems, Inc.,
                                      Trendware International, Inc., and Zonet USA
                                      Corporation


DATED:  February 6, 2015              **MORRISON & FOERSTER LLP**

                                      By: /s/ Karl J. Kramer
                                           Karl J. Kramer (SBN 136433)
                                           Daniel C. Hubin (SBN 278987)
                                           755 Page Mill Road
                                           Palo Alto, California 94304-1018
                                           Telephone: 650.813.5600
                                           Facsimile: 650.494.0792
                                           KKramer@mofo.com
                                           DHubin@mofo.com

                                      Attorneys for Fujitsu America, Inc.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

1

## CONSENT TO FILING PURSUANT TO GENERAL ORDER 45(X)

2

3        The undersigned hereby attests that written concurrence in the filing of the **Joint Case**

4  **Management Statement** has been obtained from each of the parties listed in the signature block

    above.

5        Dated: February 6, 2015

6

7

8                                                    

9                                                    _____

10                                                   **Andrew J. Wright**

11

12                                                   **NIX, PATTERSON & ROACH, L.L.P.**

13

14                                    ## CERTIFICATE OF SERVICE

15        The undersigned hereby certifies that the foregoing document was electronically filed in

16  compliance with Local Rule CV-5 and served via the Court's electronic filing system on all

17  counsel who have consented to electronic service on February 6, 2015.

18

19

20                                                   

21                                                   _____

    **Andrew J. Wright**

22

23                                                   **NIX, PATTERSON & ROACH, L.L.P.**

24

25

26

27

28

                                                                                          22