**NIX, PATTERSON & ROACH, L.L.P.**
DEREK T. GILLILAND (*pro hac vice*)
dgilliland@nixlawfirm.com
EDWARD CHIN *(pro hac vice)*
edchin@me.com
ANDREW J. WRIGHT *(pro hac vice)*
andrewjwright@me.com
CHRISTIAN HURT *(pro hac vice)*
christianhurt@nixlawfirm.com
KIRK VOSS *(pro hac vice)*
kirkvoss@me.com
WINN CUTLER *(pro hac vice)*
winncutler@nixlawfirm.com
ROSS LEONOUDAKIS *(pro hac vice)*
rossl@nixlawfirm.com
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

– and –

**KESSLER TOPAZ MELTZER & CHECK, LLP**
ELI R. GREENSTEIN (State Bar No. 217945)
egreenstein@ktmc.com
One Sansome Street, Suite 1850
San Francisco, California 94104
Telephone: (415) 400-3004
Facsimile: (415) 400-3001

ATTORNEYS FOR PLAINTIFF NORTHPEAK
WIRELESS, LLC

(*Additional Counsel on Signature Page*)

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHPEAK WIRELESS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 3COM CORPORATION, *et al*, <br><br> Defendants. | Case No:   3:09-cv-00602-SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge:  The Honorable Susan Illston <br> Courtroom  10, 19th Floor |

Pursuant to the Court's Order setting a Further Case Management Conference (Dkt. No. 550) and Judge Illston's Standing Orders, Plaintiff NorthPeak Wireless, LLC ("NorthPeak"), Defendants[1], and Intervenor Intel Corporation ("Intel") hereby jointly submit this Joint Case Management Statement.

## I.   JURISDICTION AND SERVICE

This is a patent infringement action brought pursuant to 35 U.S.C. § 101, *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  On January 21, 2009, the U.S. District Court for the Northern District of Alabama granted Defendants' motion to transfer venue to the Northern District of California.  NorthPeak opposed the motion to transfer and contends that it is not subject to jurisdiction in California.  All parties have been served.

## II.   FACTS

NorthPeak initially alleged that Defendants and intervenor Intel had infringed two patents: U.S. Patent No. 4,977,577 ("the '577 Patent") and US Patent No. 5,987,058 ("the '058 Patent"), both of which expired on November 2, 2008.  The patents were subjected to reexamination after NorthPeak filed this action. The Patent Office issued reexamination certificates canceling the asserted claims of the '058 Patent and confirming the patentability of the asserted claims of the '577 Patent.

The '577 Patent is entitled "Wireless Alarm System."  NorthPeak asserts that the Patent generally claims certain types of spread spectrum wireless transmitters and methods and is infringed by WiFi-enabled devices sold by Defendants and Intel that comply with the 802.11b

---

[1] "Defendants" refers to 3Com Corporation ("3Com"), ACER America Corporation ("Acer America"), ASUS Computer International ("ASUS"), Belkin International Inc. ("Belkin"), Buffalo Americas, Inc. ("Buffalo"), Dell, Inc. ("Dell"), D-Link Systems, Inc. ("D-Link"), Epson America, Inc. ("Epson"), Fujitsu America, Inc. ("FAI"), Gateway, Inc. ("Gateway"), Hewlett-Packard Company ("HP"), NETGEAR, Inc. ("NETGEAR"), SMC Networks, Inc. ("SMC"), SonicWALL, Inc. ("SonicWALL"), Sony Electronics Inc. ("SEL"), Sony Computer Entertainment America LLC, a successor-in-interest to Sony Computer Entertainment America Inc. ("SCEA"), Toshiba America Information Systems, Inc. ("TAIS"), Trendnet Systems, Inc. ("Trendnet"), Trendware International, Inc. ("Trendware"), U.S. Robotics Corporation ("U.S. Robotics"), ViewSonic Corporation ("ViewSonic"), WatchGuard Technologies, Inc. ("WatchGuard"), Zonet USA Corporation ("Zonet"), Zyxel Communications, Inc. ("Zyxel").

wireless standard.  Defendants and Intel disagree and further contend that the '577 Patent is invalid and is unenforceable under the doctrines of inequitable conduct and/or unclean hands as a result of the conduct of the inventors and the prior assignee of the patents – Axonn Corporation. Defendants and Intel also contend that Plaintiff's ability to recover damages is limited because of Plaintiff's predecessor's failure to comply with the patent marking requirements of 35 U.S.C. § 287.

**III.   LEGAL ISSUES**

    1.   The construction of the asserted claims of the '577 Patent.

    2.   The alleged infringement of the '577 Patent by Defendants and Intel.

    3.   The alleged invalidity of the '577 Patent.

    4.   The defenses and counterclaims asserted by Defendants.

    5.   The alleged unenforceability of the '577 Patent.

    6.   NorthPeak's claim for damages.

**IV.   MOTIONS**

    **a.  Prior Motions**

On December 5, 2008, Zonet, Trendnet, and Trendware filed motions to dismiss for lack of jurisdiction in the U.S. District Court for the Northern District of Alabama.  [Dkt. 122, 123, 124] Also on that day, Zyxel filed a motion to dismiss for lack of jurisdiction and improper venue pursuant to Fed. R. Civ. P. Rule 12(b)(2) and (3).  [Dkt. 149]

On December 16, 2008, several of the defendants jointly filed a motion to transfer venue to the Northern District of California. [Dkt. 169] On January 20, 2009, Intel filed a motion to intervene.  [Dkt. 215]

On January 21, 2009, the U.S. District Court for the Northern District of Alabama issued an order that: (1) granted the motion to transfer; (2) held that Zonet, Trendnet, Trendware, and Zyxel's motion to dismiss was moot; and (3) ordered that the pending motion to intervene by Intel would be resolved in the Northern District of California. [Dkt. 224]

On March 6, 2009, Intel filed a new motion to intervene with this Court, which granted the motion on March 27, 2009. [Dkt. 286]

On March 10, 2009, Defendants filed an Administrative Motion in *LifePoint v. Cargill* (Case No. C-93-20352-JW) to Consider Whether Cases Should Be Related.  On March 13, 2009, the Honorable James Ware denied the motion. [Dkt. 297]

After the Initial Case Management Conference, this Court set a limit of seven terms to be construed.  [Dkt. 398]

On August 28, 2009, the Court entered the parties' stipulation to stay the action pending reexamination of the patents-in-suit. [Dkt. 426]

### b.  Pending or Anticipated Motions

The parties anticipate briefing under the Patent Local Rules.

The parties also anticipate that they may file motions seeking summary judgment on one or more aspects of the claims, counterclaims, and defenses asserted in this litigation.  For example, Plaintiff expects to file a motion for summary judgment of no invalidity and possibly infringement, and Defendants anticipate filing one or more motion for summary judgment on noninfringement and on one or more of their defenses, such as laches and/or or compliance with 35 U.S.C. § 287.[2]  The parties expect to file pre-trial motions, such as motions in limine, and may file discovery motions if the need arises.

Intel and certain of the Defendants believe that the Court and the parties would benefit from focused early summary judgment motions directed to the specific elements of the asserted claims in the '577 Patent that were defined in the recently-concluded reexamination proceedings at the PTO. Plaintiff believes that summary judgment motions are premature before the Court has construed the terms in the '577 Patent and the Parties have completed fact and expert discovery.

---

[2] To the extent that § 5 of Court's Standing Order limits Intel and Defendants to collectively filing a single motion for summary judgment, Intel and Defendants anticipate that they may request leave of Court to file their own party-specific motions for summary judgment. The parties will meet and confer at the appropriate time.

## V. AMENDMENT OF PLEADINGS

NETGEAR has amended its answer to add a standing defense which came to light during the recent deposition of one of the inventors, Mr. Rouquette. Intel and the other Defendants are considering similar amendments based on these new facts.

## VI. EVIDENCE PRESERVATION

All parties have been advised by their counsel to preserve all relevant evidence, including electronically stored evidence, if any.

## VII. DISCLOSURES

The parties timely served their initial disclosures prior to the entry of the stay.

## VIII. DISCOVERY

### a. Discovery To Date

Prior to the stay, the parties served and responded to initial document requests and interrogatories. The parties also served several third-party subpoenas. Since the stay has lifted, the parties have served additional third-party subpoenas and discovery requests. The parties have also exchanged additional interrogatories, and Plaintiff has requested 30(b)(6) deposition testimony from each Defendant. On February 27, 2015, Plaintiff served amended infringement contentions on Intel.Third-party inventor Robert Rouquette was deposed on April 21 and 22, 2015.

### b. Discovery Limitations

The parties have agreed on the following discovery limitations, except where noted. Where the parties disagree on discovery issues, they have noted their positions below. In accordance with the Court's instructions (Dkt. 553 at 18), however, the parties will continue to work together to resolve those issues. Pursuant to guidance from the Court at the Case Management Conference held on February 13, 2015 (Dkt. 553 at 17-18), the Parties agree that any group of defendants related as parent/subsidiary or that are under common ownership or control should be considered to be a single "Defendant" and a single "party" for the purposes of the following limitations. To avoid any ambiguity, the defendant groups subject to this definition

are: (1) Hewlett-Packard Company and 3Com Corporation; (2) Sony Electronics Inc. and Sony Computer Entertainment America, Inc.; (3) Dell Inc. and SonicWALL, Inc.; (4) Trendnet Systems, Inc. and Trendware International, Inc.; and (5) Acer America Corporation and Gateway, Inc.

### i. Interrogatories

The Plaintiff may serve up to twenty five (25) interrogatories total on each Defendant and Intel. The Defendants may serve fifteen (15) common interrogatories on the Plaintiff and an additional ten (10) individual interrogatories may be served by each Defendant on the Plaintiff. Plaintiff seeks the same limitations on Intel, which intervened after the original parties' agreement. Intel believes it is entitled to serve twenty-five (25) interrogatories on Plaintiff as provided in Fed. R. Civ. P. 33(a)(1).

### ii. Request for Admissions

Each party may serve up to fifty (50) requests for admissions on any other party, except that any party may issue an unlimited number of Requests for Admissions seeking authentication of documents.

### iii. Depositions for Parties and Third-Parties

The Plaintiff shall be entitled to take four hundred fifty (450) hours of deposition testimony total of parties and third-parties, exclusive of designated expert witnesses (but no more than 28 hours of depositions as to each Defendant and to Intel).

The Defendants and Intel shall be entitled to take a total of three hundred fifty (350) hours of deposition testimony total of parties and third-parties, exclusive of designated expert witnesses.

Absent agreement, no deposition of a fact witness under Fed. R. Civ. P. 30(b)(1) shall exceed 7 hours, except that an individual inventor may be deposed for up to [Plaintiff proposes 10 hours] [Defendants and Intel propose 14 hours].

#### iv.   Expert Depositions

The parties agree that additional deposition time will be permitted for experts whose reports are directed to more than one defendant or who submit more than one report. The Parties will meet and confer in good faith to agree on specific time limitations on expert depositions after service of the Parties' respective expert reports.

#### v.   Depositions Requiring Translators

[Plaintiff proposes that the time limit for any deposition requiring the use of a translator shall be doubled, but only half the hours used will count against the party's total deposition time in this action (such that, for example, a fact witness requiring a translator may be deposed for up to fourteen (14) total hours, which will count for up to seven (7) hours for purposes of calculating deposition hours used)]. [Defendants and Intel propose that the time limit for any deposition requiring the use of a translator shall be increased by fifty percent, but only the actual hours used will count against the party's total deposition time in this action (such that, for example, a fact witness requiring a translator may be deposed for up to ten and one half hours, which will count for up to seven hours for purposes of calculating deposition hours used)].

#### vi.   Discoverability of Certain Expert Materials

The parties agree that testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases, be subject to discovery in this case.

The parties further agree that discovery of materials provided to a testifying expert and the expert's communications in connection with his or her role as a testifying expert in this litigation shall be limited to subject matter that is relevant to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.  Notwithstanding the foregoing, an expert who is also a fact witness may be subject to discovery concerning his or her relevant factual knowledge.

### vii.  Privilege Log

The parties agree that privileged and/or work product documents created by any party after the filing of the Complaint do not need to be logged.  Plaintiff proposes that privileged and/or work product documents that were created since January 1, 2008 as part of the pre-filing investigation of this infringement case also do not need to be logged.  Defendants and Intel oppose this proposal.

### viii.  Modification

The above limitations may be modified by agreement of the parties or further Order of the Court.

### c.  E-discovery

The parties agree to negotiate in good faith regarding the scope of electronic discovery and believe that they will be able to submit a proposed joint E-discovery order for the Court's consideration.

## IX.    CLASS ACTIONS.

This is not a class action.

## X.    RELATED CASES.

On March 10, 2009, Defendants filed an administrative motion in *LifePoint v. Cargill* (Case No. C-93-20352-JW) to consider whether this case should be related to that one.  On March 13, 2009, the Honorable James Ware denied the motion.  [Dkt. 297] The parties are not aware of any other cases that might be considered to be "related" to the present action.

## XI.    RELIEF

NorthPeak seeks damages in an amount to be proven at trial for patent infringement, interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable. Defendants and Intel seek declarations of non-infringement and invalidity, as well as attorneys' fees and costs.

## XII.    SETTLEMENT AND ADR

As required by ADR L.R. 3-5, counsel for the parties have discussed the available ADR

options.  The parties are willing to participate in some form of mediation.  The parties have agreed to discuss in good faith the format of mediation and will endeavor to conduct the mediation in a manner that is as efficient as possible.

**XIII.   CONSENT TO MAGISTRATE FOR ALL PURPOSES**

Intel and the Defendants are willing to consent to the assignment of this case to a Magistrate Judge for all purposes under the following conditions:  the case is and remains assigned to Magistrate Judge Paul S. Grewal and Judge Grewal has no impediment to presiding over the case.  NorthPeak does not consent to the assignment of this case to a Magistrate Judge.

**XIV.   OTHER REFERENCES**

The parties do not believe that this suit is suitable for reference to binding arbitration or a special master.

**XV.   NARROWING OF ISSUES**

The parties expect that the patent claim construction decision of disputed claim terms (pursuant to the process set out in the Patent Local Civil Rules) may help to narrow the issues in dispute. Currently, Plaintiff is asserting 5 claims, and Defendants and Intel are asserting 154 prior art references. To streamline the issues for trial, Plaintiff proposes that the Court set deadlines for the Parties to limit the number of asserted claims, prior art references, and obviousness combinations. Specifically, Plaintiff proposes that (1) Plaintiff be limited to 4 asserted claims; (2) Defendants and Intel, collectively, be limited to 8 unique prior art references; and (3) Defendants and Intel, collectively, be limited to a total of 4 unique bases of prior-art invalidity per asserted claim, where a basis is an anticipation reference or a specific obviousness combination of two or more of those 8 references that Defendants and Intel intend to assert. Plaintiff proposes that the deadlines for such limits be discussed and decided at the further case management conference following the Court's Claim Construction Order.  Defendants and Intel are willing to meet and confer with Plaintiff on this issue after claims construction.

**XVI.   EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this case can be handled under the Expedited Trial

8

Procedure of General Order No. 64 Attachment A.

## XVII.   SCHEDULING ISSUES

The Court has entered the following schedule, which extends through claim construction:

| Event | Proposed Date |
|---|---|
| Case Management Conference | February 13, 2015 |
| Proposed Terms for Construction (Patent L. R. 4-1) due | March 6, 2015 |
| Preliminary Claim Constructions and Extrinsic Evidence (Patent L. R. 4-2) due | March 27, 2015 |
| Joint Claim Construction and Prehearing Statement (Patent L. R. 4-3) and claim construction expert reports due | April 21, 2015 |
| Further Case Management Conference | May 1, 2015 |
| Last day for discovery relating to Claim Construction (Patent L. R. 4-4) | June 5, 2015 |
| Opening Claim Construction Brief (in compliance with Patent Local Rule 4-5(a)) due | June 19, 2015 |
| Opposing Claim Construction Brief(s) (in compliance with Patent Local Rule 4-5(b)) due | July 17, 2015 |
| Reply Claim Construction Brief(s) (in compliance with Patent Local Rule 4-5(c)) due | July 31, 2015 |
| Claim Construction Tutorial | August 19, 2015 |
| Claim Construction Hearing (in compliance with Patent Local Rule 4-6) due | August 26, 2015 |

At the further Case Management Conference following the claim construction ruling, Intel anticipates seeking to sever and sequence the case to simplify and streamline the

proceedings and resources needed to reach resolution for both the Court and the parties. Briefly, NorthPeak named more than 20 different manufacturers or suppliers of end products having WiFi chips in the original complaint.  Its infringement allegations take aim at the semiconductor chips involved in transmit functions in those devices. Collectively, the Defendants' accused devices used semiconductor chips supplied by a wide range of chip manufacturers.  Intel is the only chip manufacturer that intervened in the case. Seven of the defendants are accused of infringing the NorthPeak patents by selling computers that incorporate Intel's wireless semiconductor chips.

Intel's motion will seek to sever the claims against it from the remainder of the case. The motion will also propose that the remaining claims in the case be stayed while the case against Intel proceeds.  Resolving the case against Intel first will, as a practical matter, dispose of the claims against the Defendants that are based on the use of Intel's wireless semiconductor chips. Focusing first on the Intel case is also likely to simplify and shorten the process of adjudicating the rest of the case. At this point, Intel has already produced the technical information about its accused semiconductor chips and is in a position to move expeditiously to position the case for resolution by motion or trial. Plaintiff has had possession of that Intel discovery for six years, since before the stay was entered, and recently provided Intel with amended infringement contentions citing to the technical information relating to the accused Intel semiconductor chips. In contrast, the balance of the case will depend on information about wireless semiconductor chips from many other vendors—information that Defendants do not have and cannot provide to Plaintiff. For example, Plaintiff has yet to obtain discovery from relevant chip vendors other than Intel or provide amended infringement contentions to any Defendant based on substantive technical information. Thus, Intel believes that the discovery period required for the non-Intel portion of the present dispute will be much longer than the discovery period needed for the Intel portion.

As an alternative to staying the non-Intel portion of the case, Intel's motion will propose that a different and shorter discovery and motion schedule be set for the severed Intel portion.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

Intel will be prepared to address at the CMC hearing any questions the Court may have about this severance sequencing proposal.

NETGEAR is of the view that joinder against the Defendants is improper and that Plaintiff should be required to show cause for why joinder is proper.  NETGEAR believes that severance of Plaintiff's claims against NETGEAR into a separate action is the proper remedy for the misjoinder.[3]

Plaintiff does not believe that it would be appropriate to sever and stay any portion of this case. Defendants and Intel have already stayed the case for nearly five years pending two consecutive *ex parte* reexaminations. Intel and its customers represent less than a third of the parties involved in this case, and the question of whether Intel products infringe the '577 Patent will not necessarily resolve infringement issues related to other non-Intel products. Additionally, the Intel customers also use products manufactured by other entities; thus, resolving this case as to the Intel claims will only eliminate Intel as a party to the case. Plaintiff is seeking discovery from Defendants regarding all of their chip suppliers and the relative volumes associated with each, as this information will be necessary when considering potential ways to streamline the case and/or group parties for trial. Plaintiff is willing to discuss potential ways to streamline the case with Defendants and Intel and will continue such discussions in the coming months. Plaintiff disagrees with Netgear's argument that this case is improperly joined. If and when Intel and/or Defendants file the motions they mention above, Plaintiff will respond accordingly.

## XVIII.   TRIAL

Intel and Defendants reserve the right to seek separate jury trials based on the alignment of parties and issues that remain for trial following dispositive motion practice.  Defendants and Intel anticipate that a jury trial of all issues presently in the case would take approximately fifteen (15) to twenty (20) days.  Plaintiff plans to try this case to a jury and anticipates that a jury trial would take approximately five (5) to seven (7) days.

---

[3] If the claims against some or all the parties are severed, the various discovery limitations now in effect will need to be revisited.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

All parties have filed a Certification of Interested Entities or Persons.

**XX.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.    REQUIREMENTS PER N.D. CAL PATENT LOCAL RULES**

As required by the Patent Local Rules, the parties discussed each of the topics listed in Patent Local Rule 2-1 during their meet and confer.  At the Case Management Conference on February 13, 2015 (Dkt. 553 at 11-12), the Court expressed interest in discussing potential formats for the claim construction hearing with the Parties. The Parties are willing and prepared to discuss these issues with the Court.

In regard to educating the Court on the technology at issue, the Court has scheduled a technology tutorial, which will take place on August 19, 2015.

**XXII.    MISCELLANEOUS TOPICS**

The parties agree to electronic e-mail service of all discovery requests and responses to discovery requests pursuant to Fed. R. Civ. P. 5 and 6.

DATED:  April 24, 2015

Andrew J. Wright

**NIX, PATTERSON & ROACH, L.L.P.**
DEREK T. GILLILAND (*pro hac vice*)
dgilliland@nixlawfirm.com
EDWARD CHIN (*pro hac vice*)
edchin@me.com
ANDREW J. WRIGHT (*pro hac vice*)
andrewjwright@me.com
CHRISTIAN HURT (*pro hac vice*)
christianhurt@nixlawfirm.com
KIRK VOSS (*pro hac vice*)
kirkvoss@me.com
WINN CUTLER (*pro hac vice*)
winncutler@nixlawfirm.com
ROSS LEONOUDAKIS (*pro hac vice*)
rossl@nixlawfirm.com
5215 N. O'Connor Blvd., Suite 1900
Irving, TX  75039
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

– and –

**KESSLER TOPAZ MELTZER & CHECK, LLP**
ELI R. GREENSTEIN (State Bar No. 217945)
egreenstein@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone: (415) 400-3004
Facsimile: (415) 400-3001

ATTORNEYS FOR PLAINTIFF NORTHPEAK
WIRELESS, LLC

13

1

2      DATED:  April 24, 2015          **MORGAN LEWIS & BOCKIUS LLP**

3                                      By:  /s/ Andrew V. Devkar
                                            Richard de Bodo (SBN 128199)
4                                           Andrew V. Devkar (SBN 228809)
                                            The Water Garden
5                                           Suite 2050 North
                                            1601 Cloverfield Boulevard
6                                           Santa Monica, CA  90404-4082
                                            Tel: 310.907.1000
7                                           Fax: 310.907.2000
                                            rich.debodo@morganlewis.com
8                                           andrew.devkar@morganlewis.com

9                                      Attorneys for Epson America, Inc.

10     DATED:  April 24, 2015          **VASQUEZ BENISEK & LINDGREN** LLP

11                                     By:  /s/ Stephen C. Steinberg
                                            Richard C. Vasquez (CA SB 127228)
12                                          Jeffrey T. Lindgren (CA SB 176400)
                                            Eric W. Benisek (CA SB 209520)
13                                          Robert S. McArthur (CA SB 204604)
                                            Stephen C. Steinberg (CA SB 230656)
14                                          3685 Mt. Diablo Blvd., Suite 300
                                            Lafayette, CA  94549
15                                          Tel: (925)-627-4250
                                            Fax: (925)-403-0900
16                                          rvasquez@vbllaw.com
                                            jlindgren@vbllaw.com
17                                          ebenisek@vbllaw.com
                                            mcarthur@vbllaw.com
18                                          ssteinberg@vbllaw.com

19                                     Attorneys for SMC Networks, Inc.

20

21

22

23

24

25

26

27

28

                                                                        14

1

2    DATED:  April 24, 2015                    **PERKINS COIE** LLP

3                                              By:  /s/ Chad S. Campbell

4                                                   Chad S. Campbell (#258723)
                                                    Timothy J. Franks (#197645)
                                                    Aaron  H. Matz (*pro hac vice*)
5                                                   Tyler R. Bowen (*pro hac vice*)
                                                    2901 North Central Avenue, Suite 2000
6                                                   Phoenix, AZ  85012-2788
                                                    Telephone:  602.351.8000
7                                                   Facsimile:  602.648.7000
                                                    cscampbell@perkinscoie.com
8                                                   tfranks@perkinscoie.com
                                                    amatz@perkinscoie.com
9                                                   tbowen@perkinscoie.com

10                                                  Nancy Cheng (#280682)
                                                    PERKINS COIE LLP
11                                                  3150 Porter Drive
                                                    Palo Alto, CA  94304-1212
12                                                  NCheng@perkinscoie.com

13                                             Attorneys for Intel Corporation

14   DATED:  April 24, 2015                    **BECK, BISMONTE & FINLEY**, LLP

15                                             By:  /s/ Jeremy M. Duggan

16                                                  Justin T. Beck (SBN 53138)
                                                    Alfredo A. Bismonte (SBN 136154)
17                                                  Jeremy M. Duggan (SBN 229854)
                                                    150 Almaden Blvd., 10th Floor
18                                                  San Jose, CA  95113
                                                    Tel: (408) 938-7900
19                                                  Fax: (408) 938-0790
                                                    jbeck@beckllp.com
20                                                  abismonte@beckllp.com
                                                    jduggan@beckllp.com

21                                             Attorneys for ASUS Computer International

22

23

24

25

26

27

28

                                                                                          15

DATED:  April 24, 2015

**O'MELVENY & MYERS** LLP

By: /s/ Kevin Murray
     Ryan Yagura
     Vision L. Winter
     Nicholas J. Whilt
     Kevin Murray
     400 South Hope Street
     kmurray2@omm.com
     Los Angeles, CA  90071-2899
     Tel: (213) 430-6000
     Fax: (213) 430-6407
     ryagura@omm.com
     vwinter@omm.com
     nwhilt@omm.com
     kmurray@omm.com

     Edgar Martinez
     610 Newport Center Drive
     Newport Beach, CA  92660-6429
     Tel: (949) 760-9600
     Fax: (949) 823-6994
     emartinez@omm.com

Attorneys for Belkin International, Inc.

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

1

DATED:  April 24, 2015

2

**MORGAN, LEWIS & BOCKIUS** LLP

By:  /s/ Thomas R. Davis

3

David J. Levy (admitted pro hac vice)
Rick L. Rambo (admitted pro hac vice)

4

C. Erik Hawes (admitted pro hac vice)
I. Clay Rogers (admitted pro hac vice)

5

Thomas R. Davis (admitted pro hac vice)
Michael L. Raspino (SBN 262037)

6

1000 Louisiana St., Suite 4000
Houston, TX  77002

7

Tel: (713) 890-5000
Fax: (713) 890-5001

8

dlevy@morganlewis.com
rrambo@morganlewis.com

9

ehawes@morganlewis.com
crogers@morganlewis.com

10

tdavis@morganlewis.com
mraspino@morganlewis.com

11

12

Michael J. Lyons (SBN 202284)
Ahren Christian Hsu-Hoffman (SBN

13

250469)
2 Palo Alto Square

14

3000 El Camino Real, Suite 700
Palo Alto, CA  94306

15

Tel: (650) 843-4000
Fax: (650) 843-4001

16

mlyons@morganlewis.com
ahoffman@morganlewis.com

17

Attorneys for Hewlett-Packard Company and
3Com Corporation

18

19

DATED:  April 24, 2015

**PARSONS BEHLE & LATIMER**

20

By:  /s/ Dana M. Herberholz

21

Dana M. Herberholz (Pro Hac Vice Pending)
John N. Zarian

22

800 W. Main Street, Suite 1300
Boise, ID  83702

23

Telephone: (208) 562-4900
Facsimile: (208) 562-4901

24

dherberholz@parsonsbehle.com
jzarian@parsonsbehle.com

25

Attorneys for ViewSonic Corporation

26

27

28

17

1

2

DATED:  April 24, 2015

**LAW OFFICES OF S. J. CHRISTINE YANG**

3

By: /s/ Victoria Hao

Christine Yang (SBN 102048)
Duncan Palmatier (SBN 116692)
Victoria Hao (admitted pro hac vice)
17220 Newhope Street, Suite 101-102
Fountain Valley, CA  92708
Telephone: (714) 641-4022
Facsimile: (714) 641-2082
cyang@sjclawpc.com
dpalm@dpalmlaw.com
vhao@sjclawpc.com

4

5

6

7

8

9

Attorneys for D-Link Systems, Inc. and ZyXEL
Communications, Inc.

10

11

DATED:  April 24, 2015

**WILSON SONSINI GOODRICH & ROSATI**

12

By: /s/ Ryan R. Smith

Ryan R. Smith
Robert Cleary
650 Page Mill Road
Palo Alto, CA  94304
Telephone: 650.849.3345
Facsimile: 650.493.6811
rmsith@wsgr.com
rcleary@wsgr.com

13

14

15

16

17

Attorneys for NETGEAR, Inc.

18

DATED:  April 24, 2015

**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**

19

20

By: /s/ William B. Dyer III

William B. Dyer III
Anita Bhushan
Roger Dale Taylor
303 Peachtree Street, NE, Suite 3500
Atlanta, GA  30308
Telephone: (404) 653-6400
Facsimile: (404) 653-6444
bill.dyer@finnegan.com
anita.bhushan@finnegan.com

21

22

23

24

25

Attorneys for Sony Electronics Inc., and Sony
Computer Entertainment America LLC

26

27

28

18

1

2    DATED:  April 24, 2015                    **ORRICK, HERRINGTON & SUTCLIFFE LLP AND LAW OFFICE OF DAVID BIRNEY**

3

4                                             By:  /s/ Thomas H. Zellerbach
                                                  Thomas H. Zellerbach (SBN 154557)
5                                                 Bas de Blank (SBN 191487)
                                                  Jesse Cheng (SBN 259909)
6                                                 1000 Marsh Road
                                                  Menlo Park, CA  94025
7                                                 Tel: 650.614.7400
                                                  Fax: 650.614.7401
8                                                 tzerllerbach@orrick.com
                                                  basdeblank@orrick.com
9                                                 jcheng@orrick.com

10                                                David H. Binney (SBN 209269)
                                                  1522 4th Avenue North
11                                                Seattle, WA  98109
                                                  Tel: 206.354.3871
12                                                david@dhbinney.com

13                                            Attorneys for WatchGuard Technologies, Inc.

14   DATED:  April 24, 2015                    **TECHKNOWLEDGE LAW GROUP LLP**

15                                            By:  /s/ Michael C. Ting
                                                  Kaiwen Tseng (SBN 193756)
16                                                Hsiang "James" H. Lin (SBN 241472)
                                                  Michael C. Ting (SBN 247610)
17                                                100 Marine Parkway, Suite 200
                                                  Redwood Shores, CA  94306
18                                                Telephone: (650) 517-5200
                                                  Facsimile: (650) 226-3133
19                                                ktseng@tklg-llp.com
                                                  jlin@tklg-llp.com
20                                                mting@tklg-llp.com

21                                            Attorneys for Acer America Corp. and Gateway, Inc.

22

23

24

25

26

27

28

                                                                                            19
**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO: 3:09-CV-00602-SI**

1

2    DATED:  April 24, 2015                    **COMMINS & KNUDSEN, P.C.**

3                                               By:  /s/ Russell W. Faegenburg
                                                     David H.S. Commins (SBN 124205)
4                                                    Kit L. Knudsen (SBN 154714)
                                                     400 Montgomery Street, Suite 200
5                                                    San Francisco, CA  94104
                                                     Tel: (415) 391-6490
6                                                    Fax: (415) 391-6493
                                                     david@commins.com
7                                                    kit@commins.com

8                                                    Russell W. Faegenburg (*pro hac vice*)
                                                     Andrew T. Zidel (*pro hac vice*)
9                                                    LERNER, DAVID, LITTENBERG,
                                                     KRUMHOLZ & MENTLIK, LLP
10                                                   600 South Avenue West
                                                     Westfield, NJ  07090
11                                                   Tel: (908) 654-5000
                                                     Fax: (908) 654-7866
12                                                   rfaegenburg@ldlkm.com
                                                     azidel@ldlkm.com

13                                                   Attorneys for Buffalo Americas, Inc.

14

15   DATED:  April 24, 2015                    **WINSTON & STRAWN LLP**

16                                               By:  /s/ David S. Bloch
                                                     David S. Bloch
17                                                   David Enzminger
                                                     Thomas J. Kearney
18                                                   101 California Street
                                                     San Francisco, CA  94111-5894
19                                                   Telephone: (415) 591-1000
                                                     Facsimile: (415) 591-1400
20                                                   dbloch@winston.com
                                                     denzminger@winston.com
21                                                   tkearney@winston.com

22                                                   Attorneys for U.S. Robotics Corporation

23

24

25

26

27

28

                                                                                          20

1
2

DATED:  April 24, 2015

**FOLEY & LARDNER** LLP

By:  /s/ Pavan Agarwal

3

Adrienne H. Miller (SBN 274660)
975 Page Mill Road

4

Palo Alto, CA  94304-1013
Telephone: (650) 856-3700

5

Facsimile: (650) 856-3710
amiller@foley.com

6
7

John J. Feldhaus (pro hac vice)
Pavan Agarwal (pro hace vice)

8

3000 K Street, N.W., Suite 500
Washington, D.C.  20007

9

Telephone: 202-672-5300
Facsimile: 202-672-5399

10

jfeldhaus@foley.com
pagarwal@foley.com

11

Attorneys for Toshiba America Information
Systems, Inc.

12
13

DATED:  April 24, 2015

**ALSTON & BIRD** LLP

14

By:  /s/ Ryan W. Koppelman

15

Steven D. Hemminger (SBN 110665)
Ryan W. Koppelman (SBN 290704)

16

1950 University Avenue, 5th Floor
East Palo Alto, CA  94303-2282

17

Telephone: 650-838-2000
Facsimile: 650-838-2001

18

steve.hemminger@alston.com
ryan.koppelman@alston.com

19
20

Patrick J. Flinn (SBN 104423)
John D. Haynes (pro hac vice)

21

One Atlantic Center
1201 W Peachtree St

22

Atlanta, GA  30309
Telephone : (404) 881-7000

23

Fax : (404) 881-7777
patrick.flinn@alston.com

24

john.haynes@alston.com

Attorneys for Dell, Inc. and SonicWALL

25
26
27
28

21

DATED:  April 24, 2015

**LT PACIFIC LAW GROUP**

By:  /s/ Jen-Feng Lee

      Jen-Feng Lee
      17800 Castleton Street, #560
      City of Industry, CA  91748
      Phone: (626) 810-7200
      Fax: (626) 810-7300
      jflee@ltpacificlaw.com

Attorneys for Trendnet Systems, Inc., Trendware
International, Inc., and Zonet USA Corporation

DATED:  April 24, 2015

**MORRISON & FOERSTER LLP**

By:  /s/ Karl J. Kramer

      Karl J. Kramer (SBN 136433)
      Daniel C. Hubin (SBN 278987)
      755 Page Mill Road
      Palo Alto, CA  94304-1018
      Telephone: 650.813.5600
      Facsimile: 650.494.0792
      KKramer@mofo.com
      DHubin@mofo.com

Attorneys for Fujitsu America, Inc.

22

## CONSENT TO FILING PURSUANT TO GENERAL ORDER 45(X)

The undersigned hereby attests that written concurrence in the filing of the **Joint Case Management Statement** has been obtained from each of the parties listed in the signature block above.

Dated: April 24, 2015

Andrew J. Wright

**NIX, PATTERSON & ROACH, L.L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed in compliance with Local Rule CV-5 and served via the Court's electronic filing system on all counsel who have consented to electronic service on April 24, 2015.

Andrew J. Wright

**NIX, PATTERSON & ROACH, L.L.P.**

20336-1253/LEGAL125793940.1